UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CHRISTOPHER D. WYMAN,

        Debtor,                                           Case Number 23-10171
_____/     Honorable David M. Lawson

MICHAEL E. TINDALL,

        Appellant,

v.

SAMUEL D. SWEET,

        Appellee.
_____/

**ORDER DENYING *EX-PARTE* MOTION TO COMPEL BANKRUPTCY
CLERK TO TRANSMIT AMENDED RECORD**

This matter is before the Court on appellant Michael E. Tindall's motion to compel the clerk of the bankruptcy court to transmit his amended designation of the appellate record to this Court. Because the applicable rules of procedure do not support the appellant's request, the Court will deny the motion.

The appellant filed a notice of appeal in the bankruptcy court on January 20, 2023, and an amended notice of appeal four days later. On February 3, 2023, the appellant filed with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented under Rule 8009(a)(1)(A) of the Federal Rules of Bankruptcy Procedure. On February 21, 2023, the bankruptcy clerk transmitted the designated record to the Clerk of this Court. Pursuant to Rule 8010(b), the clerk entered the notice of the transmittal of the complete record regarding the appellant's notice of appeal on the Court's docket on February 22, 2023.

On March 20, 2023, the appellant filed an amended designation of the record on appeal in the bankruptcy court.  The bankruptcy clerk docketed the filing as "PLEASE DISREGARD, ENTERED IN THIS CASE IN ERROR" and explained to the appellant that the amended designation should have been made in the district court because the appellant record already had been transmitted.  *See* E.D. Mich. L.R. 85(d)(3) ("With the exception of papers required under Fed. R. Bankr. P. 8009, after the district clerk gives notice of the date on which the appeal was docketed, all papers must bear a civil case number in addition to the bankruptcy case number(s) and must be filed with the district clerk.").  The appellant disagrees, arguing in his motion to compel that the filing properly was made in the bankruptcy court and suggesting that the amended designation would "not be properly allowed/included as part of the official record" if filed in the district court.  Based on his own interpretation of the applicable rules, the appellant asks the Court to compel the bankruptcy clerk to transmit the amended designation to this Court.  He also asks the Court to preclude the bankruptcy court from requiring him to file a quarterly report stating whether a final appellate opinion has been issued in his appeal.

Federal Rule of Bankruptcy Procedure 8009 allows an appellant 14 days from the filing of the notice of appeal in which to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A).  The record on appeal must include the

> docket entries kept by the bankruptcy clerk; items designated by the parties; the notice of appeal; the judgment, order, or decree being appealed; any order granting leave to appeal; any certification required for a direct appeal to the court of appeals; any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings; any transcript ordered under subdivision (b); any statement required by subdivision (c); and *any additional items from the record that the court where the appeal is pending orders*.

Fed. R. Bankr. P. 8009(a)(4) (emphasis added). Rule 8009(e) also provides for the correction or modification of the record on appeal. Where material is "omitted from or misstated in the record by error or accident," Rule 8009(e)(2) states that "the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted . . . by the court where the appeal is pending." Fed. R. Bankr. P. 8009(e). The rule only requires the bankruptcy court to decide questions regarding "whether the record accurately discloses what occurred in the bankruptcy court." Fed. R. Bankr. P. 8009(e)(1). "All other questions as to the form and content of the record must be presented to the court where the appeal is pending." Fed. R. Bankr. P. 8009(e)(3).

The appellant here seeks to supplement the record with material he omitted from his original designation of the appellate record. That request must be made to this Court as the court where the appellant's appeal is now pending. Rule 8009(e) plainly "allows the court where the appeal is pending to correct any 'omission or misstatement' in the appellate record, and . . . requires the court where the appeal is pending to resolve '[a]ll other questions as to the form and content of the record.'" *In re Bloom*, 634 B.R. 559, 579 (B.A.P. 10th Cir. 2021), *aff'd*, No. 22-1005, 2022 WL 2679049 (10th Cir. July 12, 2022). "[B]ankruptcy courts may have authority to decide certain motions also — when they allege that an item has been 'improperly designated' — but that does not limit [a district court's] authority to decide" motions to supplement or correct the appellate record. *Ibid.* (quoting Fed. R. Bankr. P. 8009(e)(1)); *see also In re Musilli*, 398 B.R. 447, 453 (E.D. Mich. 2008) ("A district court is authorized to supplement the record in a bankruptcy appeal, and to take judicial notice of appropriate evidence." (quoting *In re Hamady Brothers Food Markets*, 110 B.R. 815, 817 (E.D. Mich. 1990)), *aff'd on other grounds*, 379 F. App'x 494 (6th Cir. 2010); *In re Blasingame*, 559 B.R. 692, 700-01 (B.A.P. 6th Cir. 2016) (discussing supplementation of the record). The appellant properly may move the Court to certify and transmit

the amended designation of the record on appeal under Rule 8009(e).  But he must follow proper motion procedures, which includes giving proper notice to the parties in the case.  *See* Fed. R. Civ. P. 7(b); E.D. Mich. LR 7.1.  His request for an *ex parte* order compelling the Bankruptcy Court Clerk to re-transmit more of the record to this Court finds no support in the rules.

The appellant also objects to the bankruptcy court's order requiring him to submit quarterly reports stating whether a final appellate opinion has been issued in this case.  He contends that his appeal divests the bankruptcy court of "its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  The bankruptcy court, however, is not seeking to exert control over any issue or matter that is on appeal, and the appeal did not divest the bankruptcy court of the jurisdiction to enforce the order being appealed or to decide issues and conduct proceedings different from those involved in the appeal.  *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) (collecting cases); *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (holding that the pendency of an appeal does not deprive a lower court of the jurisdiction to supervise or enforce its judgment).  The bankruptcy court ordered the appellant to file status reports in the interest of enforcing its orders in this matter.  The appellant's request that the Court bar the bankruptcy court from requiring such status reports will be denied.

Accordingly, it is **ORDERED** that the appellant's motion to compel the bankruptcy clerk to transmit the amended record (ECF No. 8) is **DENIED**.

It is further **ORDERED** that, if the appellant wishes to enlarge the record on appeal, he shall file an amended designation, any supplementary materials, and a motion for certification by **May 5, 2023**.

It is further **ORDERED** that the filing dates set under the scheduling order entered on February 22, 2023 are **AMENDED** as follows:

| | |
|---|---|
| Appellant's Brief Due | May 26, 2023 |
| Appellee's Response Brief Due | June 23, 2023 |
| Appellant's Optional Reply Brief Due | July 7, 2023 |

All other provisions in the scheduling order shall remain in full force and effect.

                                                          s/David M. Lawson
                                                          DAVID M. LAWSON
                                                          United States District Judge

Dated:  April 24, 2023