UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE CHRISTOPHER D. WYMAN,

        Debtor,
_____/

        Case Number 23-10171
        Honorable David M. Lawson

MICHAEL E. TINDALL,

        Appellant,

v.

SAMUEL D. SWEET,

        Appellee.
_____/

**<u>ORDER DENYING *EX PARTE* MOTION TO ENLARGE BRIEFING LIMITATION</u>**

        This matter is before the Court on appellant Michael E. Tindall's *ex parte* motion to enlarge the type-volume limitation for his brief in his bankruptcy appeal.  On June 29, 2023, the appellant filed a 13,875-word brief in support of his appeal of orders entered by the United States Bankruptcy Court for the Eastern District of Michigan.  The appellant's brief exceeds the type-volume limitation established by the Federal Rules of Bankruptcy Procedure, and the appellant does not offer valid grounds for expanding that limitation.  The appellant's motion to enlarge the briefing limitation therefore will be denied.

        Rule 8015 of the Federal Rules of Bankruptcy Procedure establishes limitations for the "form and length of briefs" in bankruptcy appeals to district courts.  The rule sets a page limitation for principal briefs of 30 pages or, alternatively, a type-volume limitation of 13,000 words.  Fed. R. Bank. P. 8015(a)(7).  However, in order a party to take advantage of the longer type-volume limitation, they must submit a brief that meets two criteria.  Fed. R. Bank. P. 8015(a)(7)(B).  First, the brief must "contain[] a certificate under Rule 8015(h)." *Ibid.*  A Rule 8015(h) certificate is "a

certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation." Fed. R. Bank. P. 8015(h). Second, the brief must "contain[]s no more than 13,000 words" or use "a monospaced face and contains no more than 1,300 lines of text." Fed. R. Bank. P. 8015(a)(7)(B).

The brief filed by the appellant does not comply with either of the Rule 8015(a)(7)(B) criteria. The brief contains more than 13,000 words. And although it contains a certificate listing the number of words, that certificate does not comply with Rule 8015(h), because the document itself does not comply with the type-volume limitation. The filed brief therefore does not comply with the briefing limitations enumerated in the Federal Rules of Bankruptcy Procedure. *See, e.g.*, *State Bank of S. Utah v. Beal*, No. 20-00298, 2021 WL 1169659, at *1 (D. Utah Mar. 26, 2021) (finding brief insufficient because it did not include a Rule 8015(h) certificate, among other reasons); *Cowan v. Vara*, No. 19-20578, 2020 WL 2840069, at *1 n.2 (D.N.J. June 1, 2020) (denying motion to strike brief because it included a valid Rule 8015(h) certificate and contained 11,787 words); *Mitsubishi Motor Sales of Caribbean, Inc. v. Seda Ortiz*, No. 07-1643, 2008 WL 11503511 (D.P.R. Mar. 24, 2008) (dismissing appeal for failure to comply with the federal rules of appellate procedure including the respective type-volume limitation).

The appellant argues that the Court may enlarge his briefing limitation under the local rules of this district. Local Rule 7.1 establishes a briefing limitation of 25 pages for briefs supporting a motion or response and permits parties seeking to file a longer brief to apply to the Court *ex parte* in writing setting forth their reasons for seeing to enlarge the briefing limitation. *See* E.D. Mich. LR 7.1(d)(3). The brief the appellant filed is 70 pages, nearly three times the limitation established by the local rules. Even if the appellant filed a compliant 13,000-word brief, it would significantly exceed the applicable 25- or 30-page limit. The appellant does not adequately explain in his

motion why he requires further excess briefing. The Court finds that the appellant can present the necessary arguments in a brief that conforms with the already-expanded type-volume briefing limitation permitted under Bankruptcy Rule 8015(a)(7)(B). *See* Fed. R. Bank. P. 8015 advisory committee's note ("Basing the calculation of brief length on either of the type-volume methods specified in subdivision (a)(7)(B) will result in briefs that may exceed the designated page limits in (a)(7)(A) and that may be approximately as long as allowed by the prior page limits.").

Accordingly, it is **ORDERED** that the appellant's motion to enlarge the type-volume briefing limitation (ECF No. 23) is **DENIED**.

It is further **ORDERED** that the Clerk shall **STRIKE** the non-conforming brief of appellant Michael E. Tindall (ECF No. 22).

It is further **ORDERED** that the appellant may file a brief that conforms with Rule 8015 of the Federal Rules of Bankruptcy Procedure **on or before July 7, 2023**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   June 30, 2023