# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:

CHRISTOPHER WYMAN

*Debtor(s),*

DIS. CT. NO. 23-10171

HON: DAVID A. LAWSON

BANK. NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

\

MICHAEL E. TINDALL, Individually and
As Assignee of 100% of the interest of
BARBRA A. DUGGAN,

**APPELLANT**

SAMUEL A. SWEET, TRUSTEE,

**APPELLEE**

\

MICHAEL E. TINDALL, Pro Se
18530 Mack Ave., Ste. 430
**Detroit, MI 48236**
**(248) 250-8819**
Direct Email: met@comcast.net

\

## APPELLANTS' BRIEF ON APPEAL
*Revised per DE 26*

i

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................iv

**STATEMENT OF JURISDICTION** ...................................................1

**STATEMENT OF ISSUES PRESENTED** ..........................................3

**STANDARD OF REVIEW** ................................................................6

**STATEMENT OF UNDISPUTED RECORD FACTS** ..........................7

**ARGUMENT** ................................................................................24

1. Ed Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a), 9021, and 9029 by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order[ISSUE 1].... 24

2. A written and entered order expressly retaining "special counsel' for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of "special counsel", as a matter of law. Such an order is NOT, as a matter of law, subject to further discretion of the bankruptcy court, under 11 USC 330, post entry. Further modification of a Section 328 order requires, as a matter of law, that the person objecting/seeking modification [post approval] prove, by preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, in accordance with 11 USC 328(a). [ISSUE 2] ..........................................................................31

3. Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code, as a matter of law, before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3] ..........................................................................43

4. Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6] ...........................................46

5. A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three (3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11] ...............................................................................52

6. The Bankruptcy Court lacked Article III power, as a matter of law, to grant Summary Judgment in Case Nos 19-03018 and 20-03012 [ISSUE 10] ...........................................................................59

**CONCLUSION AND RELIEF REQUESTED – UNDER ARGUMENTS**

## INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| 1A | MICHIGAN BAR NOTICE | 14 |
| 1B | MICHIGAN BAR ORDER | 14 |
| 2A | ASSIGNMENTS, W/ EXHIBITS | 19,43 |
| 2B | BEJJANI AFFIDAVIT W/ EXHIBITS | 19,43 |

# TABLE OF AUTHORITIES

## FEDERAL STATUTES:

11 USC 327 ..................................................................24, 25, 27, 31 37,39

11 USC 328 ...................................1,3,6,8, 20,24, 31, 32, 33, 36, 37, 39, 40,41,42,45

11 USC 330 ..........................................................................3,6, 31, 33, 39, 40

11 USC 544(a) .................................................................................... 38

11 U.S.C. § 544(b) ............................................................................. 11

11 USC 704 .....................................................................7, 36, 37,60, 61

28 USC 157 ...................................................................1,12, 60,61, 62

28 U.S.C. 959(b).................................................................................. 59

28 USC 2075 ...................................................................................... 27

28 USC 2071 ...................................................................................... 27

## FEDERAL COURT RULES

FRCP 8(c)...........................................................................5,53, 55

FRCP 12(b)..............................................................................55

FRCP 15(a)(2) ...............................................................5, 22, 52,58

FRCP 7(b)(1) ....................................................................... 22

FRBP 2014................................................................. 24, 25, 26, 29, 31

FRBP 2016 .............................................................................. 40

FRBP 9021 .................................................3,24, 25, 26, 27, 28, 29, 30, 57

FRBP 9029 ....................................................3, 24, 27, 28, 29, 30, 34

FRBP 5003(a)..............................................................3, 24, 25, 26, 28, 29

ED MI LR 83.22(g) ..................................................................15

ED MI LBR 2014-1(c) ......................................................3, 24, 25, 28, 29, 30, 31

ED MI LR 9029-1 .....................................................................28, 29

## FEDERAL CASES:

*ACLU of Ohio Foundation, Inc. v. Ashbrook,* 375 F. 3d 484(6th Cir 2004).............. 26

*Alexander v. Alexander,* 706 F.2d 751 (6th Cir.1983) ........................................ 53

*Antoine v. Atlas Turner, Inc.,* 66 F.3d 105 (6th Cir.1995)................................ 7, 50

*Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006).................................................. 49

*Arizona v. Cal.,* 530 US 392; 120 S. Ct. 2304; 147 L. Ed. 2d 374 (2000)................. 55

*Atlantic Richfield Co. v. Monarch Leasing Co.,* 84 F. 3d 204 (6th Cir 1996)............ 26

*Baker Botts LLP v. ASARCO LLC,* 576 U.S. 121; 135 S. Ct. 2158;

192 L.Ed.2d 208 (2015)....................................................................40

*Balderaz v. Porter,* 578 F.Supp. 1491 (S.D.Ohio 1983)...................................... 55

*Bank of Nova Scotia v. United States,* 487 U.S. 250;108 S. Ct. 2369;

101 L. Ed. 2d 228 (1988))................................................................. 53

*Bates v. Green Farms Cond. Ass.,* 958 F. 3d 470 (6th Cir 2020)...........................56

*Bell v. Thompson, 545 U.S. 794* 125 S. Ct. 2825, 162 L. Ed. 2d 693 *(2005)*..............26

*Burns v. Reed,* 500 U.S. 478; 111 S.Ct. 1934; 114 L.Ed.2d 547 (1991)...................... 53

*Butner v. United States, 440 U.S. 48; 99 S. Ct. 914, 918 (1979)*................................34

*Chambers v. NASCO, Inc.,* 501 U.S. 32;66;11 S. Ct. 2123;115 L. Ed. 2d 27 (1991)....... 53

*Chao v. Russell P. Le Frois Builder, Inc.,* 291 F. 3d 219 (2nd Cir 2002)..................... 30

*Cloyd v. Richardson,* 510 F.2d 485 (6th Cir.1975).............................................. 26

*Collyer v. Darling,* 98 F.3d 211 (6th Cir. 1996)................................................55

*Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343;105 S. Ct. 1986;
85 L. Ed. 2d 372 (1985) ........................................................................ .41, 61

*Cowley v. Prudential Sec., Inc.,* No. 21-1635, 2022 WL 2160671 (6th Cir. June 15, 2022). 50

*Crawford-El v. Britton,* 523 U.S. 574; 118 S.Ct. 1584; 140 L.Ed.2d 759 (1998) ...53,54,56

*Czyzewski v. Jevic Holding Corp.,* 580 US 451;137 S. Ct. 973, 979;
197 L. Ed. 2d 398, (2017)...................................................................... 43

*Days Inn Worldwide, Inc. v. Patel,* 445 F.3d 899 (6ᵗʰ Cir 2006)............................ 50

*Deutsche Bank Nat. Trust Co. v. Tucker,* 621 F.3d 460 (6th Cir. 2010)...................... 4

*English v. Dyke,* 23 F.3d 1086 (6th Cir. 1994)..................................................54

*Exec. Ben. Ins. Agency v. Arkison,* 573 US 25; 134 S. Ct.; 2165 189 L. Ed. 2d 83 (2014). 12

*Fann Cont. Inc. v. Garman Turner Gordon LLP,* 593 B.R. 625 (D. Nev. 2018) ............ 40

*Farinash v. Vergos (In re Aultman Enters.),* 264 B.R. 485 (E.D.Tenn.2001)................ 30

*Goad v. Mitchell,* 297 F.3d 497(6th Cir.2002)...................................................55

*Glazer v. Chase Home Fin. LLC,* 704 F.3d 453 (6th Cir. 2013) .............................. 56

*Goldman v. Comm'r,* 388 F.2d 476 (6th Cir. 1967)............................................ 26

*Gomez v. Toledo,* 446 U.S. 635;100 S. Ct. 1920; 64 L.Ed.2d 572 (1980) ....................53

*Harlow v. Fitzgerald,* 457 U.S. 800; 102 S.Ct. 2727; 73 L.Ed.2d 396 (1982)................53

*Haskell v. Washington Township,* 864 F.2d 1266 (6th Cir. 1988)............................. 55

*Henderson ex rel. Henderson v. Shinseki,* 562 US 428; 131 S. Ct. 1197;
179 L. Ed. 2d 159 (2011)........................................................................ 55

*Henslee, Monek & Henslee* 70 F. Supp. 764 (ED MI 1994)................................... 35

*Hughes v. Cabanas del Caribe Hotel,* 744 F. Supp. 788 (ED Mi 1990).................. 49,50

*Husky Int. Elec. Inc. v. Ritz,* 578 US 356; 136 S. Ct. 1581;194 L. Ed. 2d 655 (2016)....... 16

*In re Airspect Air, Inc.,* 385 F. 3d 915 (6th Cir 2004)........................................ 6, 40

*In re ASARCO,* 702 F.2d 250 (5th Cir. 2012)....................................................40

*In re Baker,* 791 F. 3d 677 (6th Cir 2015)....................................................... 48

*In re Bagsby,* 40 F. 4th 740 (6th Cir 2022)....................................................... 7

*In re Barron,* 325 F.3d 690 (5th Cir. 2003) .....................................................41

*In re Bersher Invs.,* 95 B.R. 126 (9th Cir. BAP 1988).......................................... 29

*In re Big Rivers Elec. Corp.,* 355 F. 3d 415 (6th Cir 2004) .................................... 61

*In re BBQ Resources, Inc.,* 237 BR 639 (BC ED Ken 1999).................................... 25

*In re Behlke,* 358 F.3d 429 (6th Cir. 2004)....................................................... 7

*In re Brown,* 851 F. 3d 619 (6th Cir 2017) ................................................... 49,60

*In re B.U.M. Int'l, Inc.,* 229 F.3d 824 (9th Cir. 2000)........................................ 41

*In re Cannon,* 277 F.3d 838 (6th Cir. 2002) .................................................... 60

*In re Coho Energy Inc.,* 395 F.3d 198 (5th Cir. 2004) ........................................ 41

*In re Cook,* 457 F.3d 561 (6th Cir.2006).. ......................................................34

*In re Cook,* 551 F.3d 542 (6ᵗʰ Cir 2009) ....................................................... 15

*In re Crutcher Transfer Line, Inc.,*20 BR 705 (BC WD Ken 1982)............................36

*In re Eagle-Picher Industries, Inc.,* 999 F.2d 969 (6th Cir.1993) ............................. 25

*In re Fashion Shop of Kentucky, Inc.,* 350 F. App'x 24 (6th Cir. 2009)........................... 6

*In re Federated Department Stores, Inc.,* 44 F.3d 1310 (6th Cir.1995)................... 25, 62

*In re Ferncrest Court Partners,* 66 F.3d 778 (6th Cir.1995) .....................................44

*In re Foremost Mfg. Co.,* 137 F.3d 919, 923-4 (6th Cir 1998) ....................................44

*In re G.A.D., Inc.,* 340 F.3d 331 (6th Cir.2003)..................................................50

*In re Garcia,* 335 B.R. 717 (9th Cir. B.A.P. 2005) ............................................ 37

*In re Healthcentral.com,* 504 F.3d 775 (9th Cir.2007)........................................... 29

*In re Henry Bros. P'ship; United States,* 214 B.R. 192 (8th Cir. BAP (Mo.1997)........... 26

*In re Hutchinson,* 5 F. 3d 750 (4th Cir 1993) ...................................................... 61

*In re Integrity Supply, Inc.,* 417 BR 514 (BC SD Ohio 2009)................................. 27

*In re Interstate Agency,* 760 F.2d 121 (6th Cir 1985) .........................................59, 64

*In re J.W. Knapp Co.,* 930 F.2d 386 (4th Cir. 1991) ............................................37

*In re King,* 546 B.R. 682 (B.C. S.D. Tex. 2016) ................................................ 37

*In re Laurain,* 113 F.3d 595 (6th Cir.1997).......................................................6

*In re Lewis,* 398 F.3d 735 (6th Cir.2005) ...................................................... 48

*In re Lowery,* 215 B.R. 140 (B.C. N.D. Ohio 1997).........................................36,37

*In re McKenzie,* 449 BR 306 (BC, ED Tenn 2011) .........................................30,59

*In re McKenzie,* 716 F.3d 404 (6th Cir 2013) .......................................................54

*In re McDaniels,* 86 B.R.128 (Bankr.S.D.Ohio 1988) ... ........................................30

*In re McIrney,* 528 BR 684 (2014)................................................................. 33

*In re Middleton Arms Ltd. Partnership,* 934 F.2d 723 (6th Cir.1991)........................... 25

*In re Mktg. & Creative Solutions, Inc.,* 338 B.R. 300 (B.A.P. 6th Cir. 2006)................. 6

*In re Miller,* 228 B.R. 399 (6th Cir. BAP 1999)................................................ 6

*In re Morgeson,* 371 B.R. 798 (B.A.P. 6th Cir. 2007) ........................................ 6

*In re Omegas Group, Inc.,* 16 F.3d 1443 (6th Cir.1994)........................................ 34

*In re National Gypsum Co.,* 123 F.3d 861 (5th Cir. 1997) ...................................... 41

*In re Ruehle,* 412 F. 3d 679 (6th Cir 2005).................................................7, 49, 50

*In re Ruffalo,* 390 US 544;88 S. Ct. 1222; 20 L. Ed. 2d 117 (1968) .......................... 15

*In re Squire,* 617 F.3d 461 (6th Cir 2010)...................................................... 15

*In re Smart World Techs., LLC,* 552 F.3d 228 (2d Cir. 2009). ............................ 40, 41

*In re Tex. Secs., Inc.,* 218 F.3d 443 (5th Cir. 2000)..............................................6

*In re Two Gales, Inc.,* 454 BR 427(BAP 6th Cir 2011)..........................................44

*IN RE UNIVERSITY OF MICHIGAN,* 936 F. 3d 460 (6th Cir 2019) ........................... 48

*In re Wall Tube & Metal Products,* 831 F.2d 118 (6th Cir. 1987) ............................... 60

*In re Williams,* 357 BR 434 (BAP 6th Cir 2007). ............................................... 25

*In re Yovtcheva,* 590 BR 307 (B.C. ED Penn 2018)............................................. 37

*In re Yablon,* 136 B.R. 88 (Bankr. S.D.N.Y. 1992). .............................................. 41

*Jones v. Bock,* 549 U.S. 199; 27 S. Ct. 910; 166 L. Ed. 2d 798 (2007)......................... 53

*Jones v. Hill (In re Hill),* 811 F.2d 484 (9th Cir.1987).........................................., 48

*Jordon v. Gilligan,* 500 F. 2d 701 (6th Cir 1974), *cert. denied,* 421 U.S. 991 (1975)...... 7, 54

*Kennedy v. City of Cleveland,* 797 F.2d 297 (6th Cir.1986).......................................55

*King v. McCree,* 573 F. App'x 430 (6th Cir. 2014) ........................................... 53, 54

*Knoll v. Am. Tel & Tel Co.,* 176 F.3d 359 (6th Cir 1999)........................................ 48

*Kuyat v. BioMimetic Therapeutics, Inc.,* 747 F.3d 435 (6th Cir. 2014)........................... 56

*Lamie v. United States Trustee,* 540 U.S. 526;124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)..... 25

*Law v. Siegel,* 571 US U.S. 415;134 S.Ct. 1188; 188 L.Ed.2d 146 (2014) ......................48

*Lundstead v. JRV Holdings LLC*, 225 F.Supp 3d 622, (ED MI 2016) ...............................8
*Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606 (6th Cir.1992). ...................................6
*Massaro v. United States*, 538 US 500; 123 S. Ct. 1690; 155 L. Ed. 2d 714 (2003)............55
*MATTER OF SYLVESTER*, 23 F. 4th 543 (5th Cir 2022).........................................36
*McGraw v. Matthaei*, 388 F. Supp. 84 DC ED MI 1972)......................................... 55
*M.J. Waterman & Assocs.*, 227 F.3d 604 (6th Cir. 2000)............................................6
*Mireles v. Waco*, 502 U.S. 9; 112 S. Ct. 286; 116 L. Ed. 2d 9 (1991)............................. 53
*Mosser v. Darrow*, 341 US 267; 71 S.Ct. 680; 95 L. Ed. 927 (1951)......................... 54. 61
*Mullane v. Cen. Han. Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)... 49
*Narducci v. Moore*, 572 F.3d 313 (7th Cir.2009) ..................................................... 56
*Pradier v. Elespuru*, 641 F.2d 808 (9th Cir.1981).................................................... 29
*Reid v. White Motor Corp.*, 886 F. 2d 1462 (6th Cir 1989) ...................................... 26,27
*Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315 (6th Cir. 2017).................... 56
*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F. 4th 270 (6th Cir 2023). ......................47,48
*Stern v. Marshall*, 564 US 462;131 S. Ct. 2594;180 L. Ed. 2d 475 (2011) .........12, 61, 62, 63
*Summe v. Kenton Cty. Clerk's Office*, 604 F.3d 257 (6th Cir. 2010)............................54, 55
*Sweeton v. Brown*, 27 F.3d 1162 (6th Cir.1994).................................................... 49
*Theard v. US*, 354 US 278; 77 S. Ct. 1274; 1 L. Ed. 2d 1342 (1957) ..............................15
*UAW v. General Motors Corp.*, 497 F. 3d 615 (6th Cir 2007).......................................49
*United States v. Woods*, 885 F.2d 352 (6th Cir.1989)................................................ 26
*U.S. Aid Funds, Inc. v. Espinosa*, 559 US 260; 130 S.Ct. 1367; 176 L.Ed. 2d 158 (2010)......49
*U.S. Fire Ins. Co. v. City of Warren*, 87 Fed.Appx. 485 (6th Cir.2003)............................54
*US v. Ron Pair Ent.*, 489 U.S. 235; 109 S.Ct. 1026; 103 L.Ed.2d 290 (1989)................... 44
*United States v. Coccia*, 598 F.3d 293 (6th Cir. 2010)...............................................26
*Waldman v. Stone*, 698 F.3d 910 (6th Cir 2012) ...............................................61, 62, 63
*Waskul v. Washtenaw County Community Mental Health*, 979 F. 3d 426 (6th Cir 2020)........61
*Weintraub v. Chicago Title Co. Priority Pub. and Pos.*, 9 Fed. Appx. 643 (9th Cir. 2001) .... 41
*Wood v. Milyard*, 566 US 463; 132 S. Ct 1826; 182 L. Ed. 2d 733 (2012)..........................55
*Wu v. TW Wang, Inc.*, 420 F.3d 641 (6th Cir 2005) .............................................47
*Young v. United States*, 535 U.S. 43;122 S.Ct. 1036; 152 L.Ed.2d 79 (2002) ..................... 61

## MICHIGAN STATUTES;

MCL 565.29 ................................................................................................ 38
M.C.L. 566.34 ........................................................................................ ....11
MCL 556.38(2) ..........................................................................................9
MCL 600.2919a ................................................................................59, 60, 64
MCL 600.2919(2)(a)....................................................................... 58, 60, 64
MCL 600.2932(1) .......................................................................................59

## MICHIGAN CASES:

*Alpha Capital Mgt, Inc. v. Rentenbach,* 287 Mich.App. 589, 792 N.W.2d 344 (2010)..........34
*Benarek v. Wayne County Bd. Of Inst.,* 165 Mich App 346, 419 NW2d 21 (1987)............. 35
*Bonner v. Chicago Title Ins. Co.,* 194 Mich App 462; 487 NW2d 807 (1992)................... 16
*Cagney v Wattles,* 121 Mich 469; 80 NW 245 (1899).................................................17

*ESTATE OF KALISEK  v. Durfee*, 322 Mich. App. 142, 910 NW 2d 717 (2017)................ 34
*Farm Bureau Mut. Ins. Co. Mich. v. Nikkel*, 460 Mich. 558; 596 N.W.2d 915 (1999).......... .35
*Fleischer v Buccilli*, 13 Mich App 135; 163 NW2d 637 (1968).................................... 17
*George v. Sandor M. Gelman PC.*, 201 Mich App 474; 506 NW2d 583 (1993)....................8
*Henderson v. State Farm Fire & Casualty Co.*, 460 Mich. 348; 596 N.W.2d 190 (1999)...... 34
*Horvath v Nat'l Mortgage Co*, 238 Mich 354; 213 NW 202 (1927) .............................. 38
*Island Lake Arbors Condo. Ass'n v. Meisner & Assoc., P.C.*, 301 Mich.App. 384;
837 N.W.2d 439 (2013)............................................................................34, 35
*Kysor Ind. Corp. v. DM Liquidating Co.*, 11 Mich App 438; 161 NW2d 452 (1968)........... 9
*Lee v Kellogg*, 108 Mich 535; 66 NW 380 (1896)..................................................... 39
*Maiullo  v. Genematas*, 16 Mich App 231;167 NW2d 849 (1969)................................. 35
*Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161;848 N.W.2d 95 (2014)................. 34
*Penrose v McCullough*, 308 Mich App 145; 862 NW2d 674 (2014).............................. 39
*Pinconning State Bank v Henry*, 258 Mich 44; 241 NW 913 (1932) .............................39
*Regan v. Carrigan*, 194 Mich App 35; 486 NW2d 57 (1992).......................................9
*Richards v Tibaldi*, 272 Mich App 522; 726 NW2d 770 (2006)...................................39
*Smith v. Smith*, 278 Mich.App. 198; 748 N.W.2d 258 (2008).....................................35
*von Meding v. Strahl*, 319 Mich. 598; 30 N.W.2d 363 (1948)......................................39
*Warren v. McLouth Steel Corp.*, 111 Mich App 496 (1981); 314 NW 2d 666 (1981)............16

## SECONDARY AUTHORITIES

*Black's Law Dictionary* 425 (7th ed.1999)............................................................. 30
*Black's Law Dictionary* (11th ed. 2019)................................................................. 26
*1 Cameron, Michigan Real Property Law* (3rd ed), § 11.20 ........................................ 39
*10 Collier on Bankruptcy* ¶ 9029.01[1], 9029-2 (rev. 15th ed.2006.).............................. 29
*11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* §
2862 (2d ed. 1995) ..........................................................................................7
*3 L. King, Collier on Bankruptcy* P 327.03[2][b] (15th rev. ed.2009).............................. 27
*3 Collier on Bankruptcy* ¶ 328.01 (Richard Levin & Henry J. Sommer eds., 16th ed.)...........36
*3 Collier on Bankruptcy* ¶ 328.01 (16th Ed. 2009) ............................................... 40, 41
*McCormick, Damages*, § 55, p 246...................................................................... 17

## STATEMENT OF JURISDICTION

A. **Bankruptcy Court**: The Bankruptcy and related adversary proceedings

are within the Bankruptcy Court's jurisdiction pursuant to *28 USC*

*1334*, and *28 USC 157(b)(1)(except the proceeding(s) withdrawn,*

*and, over which the Bankruptcy Court lacked Article III power, as*

*argued below]*.

B. **District Court**: The Orders appealed from:

### BANK CASE NO. 12-32264

DE 391  01/06/2023 Order Partially Granting Trustee's Motion Fixing
Approved Fees For Special Counsel and Claimant's 11 U.S.C. § 725
Motion to Pay Allowed Secured Lien;

including the following previously interlocutory orders upon which
the above final orders are based,

DE 346  01/28/2022  Order Authorizing First and Final Fee
Application for Attorneys for Trustee, Samuel D. Sweet, PLC, for
Services Rendered November 17, 2014 through October 30, 2019,

DE 325 01/28/2020 Order Regarding Opinion of First and Final Fee
Application of Attorney for Trustee, Samuel D. Sweet,

DE 296 11/06/2019 Order Denying Amended Motion to
Modify/Alter/Amend Opinion/Order on Application for Pre-Approved
Attorney Fees of Special Counsel Pursuant to 11 U.S.C.§ 328(a),

DE 285 09/23/2019 Opinion Regarding Application for Payment of
Pre-Approved Attorney Fees of Special Counsel to Trustee Pursuant
to 11 U.S.C. 328(a):

## CASE NO. 12-03348 ADV. PROCEEDING

DE *452* 02/27/2023  Order Denying Amended Claimant's FRCP 60(b)(4) Motion to Vacate,

including the following previously interlocutory orders upon which the above final orders are based,

DE 422 11/13/2017  Amended Order Re: Defendant Michelle Pichler's "Motion To Set Aside Default Judgment Declaring Title To Real Property For Fraud On The Court And To Dismiss Adversary Complaint With Prejudice And Award Costs And Attorney Fees"

## CASE NO. 20-03012 ADV. PROCEEDING

DE 98 02/27/2023   Order Denying Notice of Unresolved Issues and Improper Closing of Case,

## CASE NO. 19-03018 ADV. PROCEEDING

DE 131 02/27/2023 Order Denying FRCP 59(e) Motion to Modify/Alter/Amend Opinion Regarding Plaintiff's Motion for Summary Judgment;

including the following previously interlocutory orders upon which the above final orders are based,

DE 119  12/28/2022  Order Overruling The Notice Of Unresolved And Outstanding Issues Filed By Michael Tindall,

DE 118  12/28/2022  Order Allowing Plaintiff's Amended Affirmative Defenses,

DE 117  12/28/2022  Order Denying Motion Of Michael Tindall To Strike Amended Affirmative Defenses,

DE 116 12/28/2022  Order Granting Plaintiff's Motion For Summary Judgment

are final orders subject to appeal to the District Court under 28 USC 158(d) (1).

## STATEMENT OF ISSUES PRESENTED

1. Whether, as a matter of law, ED Mich LBR 2014-1(c) authorizing the appointment of an ATTORNEY FOR TRUSTEE, by **"deemed order"**, without formal entry of an order required under FRBP 5003(a), 9021 and 9029 is valid.

**APPELLANT ANS: NO APPELLEE ANS: YES  BANK CT. ANS: YES**

2. Whether, as a matter of law, 11 USC 328 gives a bankruptcy court "discretion" to review pre-approved contractual contingent attorney fees to special counsel, under 11 USC 330, where:

   a. No **"subsequent development"** to the retention is identified/proved; and/or

   b. No proof that any such **"subsequent development"** was **"incapable of being anticipated at the time the engagement was approved"** is made/established.

**APPELLANT ANS: NO APPELLEE ANS: YES  BANK CT: ANS: YES**

3. Whether, as a matter of law, a bankruptcy court can order a distribution of sale proceeds, secured by a state law lien, in a manner that does not follow the basic system of priority established by the Bankruptcy Code.

**APPELLANT ANS: NO  APPELLEE ANS: YES  BANK CT ANS: YES**

4. Whether, as a matter of law, DE 422, entered October 13, 2017, is "VOID" as entered by a court without jurisdiction; and/or "structurally defective" for entry, in violation of an unrepresented litigant's due process rights.

**APPELLANT ANS: YES APPELLEE ANS: NO  BANK CT ANS: NO**

5. Whether, as a matter of law, the "reasonable time" requirement in FRCP 60(c) [made applicable to bankruptcy by Fed. R. Bank 7016]

3

applies to "VOID" orders that are entered by a court without jurisdiction; and/or "structurally defective" due to violation of an unrepresented litigant's due process rights.

**APPELLANT ANS: NO APPELLEE: NO ANS BANK CT ANS: YES**

6. Whether, as a matter of law, FRCP 16(a), (c) and (f) [made applicable to bankruptcy by Fed. R. Bank. 7016] and FRCP 37(b) [made applicable to bankruptcy by Fed. R. Bank. 7037]:

   (a) abrogate an unrepresented litigant's due process rights; and/or,

   (b) may be applied to penalize an unrepresented litigant whose due process rights have been violated; and/or,

   (c) may be applied to justify entry of an order the entering court has no jurisdiction to enter.

**APPELLANT ANS: NO APPELLEE: NO ANS BANK CT ANS: YES**

7. Whether, as a matter of law, the lower court erred by granting Summary Judgment to Appellee, on grounds of the affirmative defense "qualified immunity" or "derivative immunity", where the affirmative defense was waived three (3) years before [in Case No. 19-03018, DE 30] on April 9, 2019.

**APPELLANT ANS.: YES APPELLEE: NO ANS BANK CT ANS: NO**

8. Whether, as a matter of law, the Bankruptcy Court erred by permitting Appellee to rely, and, relying itself, on an affirmative defense of "immunity", as grounds for Summary Judgment, that:

   (a) DID NOT exist on the date the Summary Judgment motion was filed [Case No. 19-03018, DE 88, 9/20/22], having previously been waived April 9, 2019 [Case No. 19-03018, DE 30];

(b) DID NOT exist on the date Appellant's response to the Summary Judgment motion was filed [Case No. 19-03018, DE 89, 10/12/22];

(c) was NOT filed until October 21, 2022 [Case No. 19-03018, DE 93]; and,

(d) was filed, as an amendment to Case No. 19-03018, DE 30, without first **seeking** and **obtaining** leave to do so, as required by FRCP 15(a) (2).

**APPELLANT ANS: YES APPELLEE: NO ANS  BANK CT ANS: NO**

9. Whether, as a matter of law, the Bankruptcy Court erred by raising the affirmative defense of "immunity" sua sponte, and, directing Appellee to file a summary judgment motion asserting it, on September 30, 2020 [Case No. 20-03012, DE 44, P 4, n 2], and, again, on March 17, 2021 [Case No. 20-03012, DE 79, P 2], after Appellee waived that affirmative defense, under FRCP 8(c) on March 16, 2020 [Case No. 20-03012, DE 25,26]:

    a. where Appellee failed to seek leave to amend his defenses, under FRCP 15(a)(2);

**APPELLANT ANS: YES  APPELLEE: NO ANS BANK CT ANS: NO**

10. Whether, the Bankruptcy Court erred, as a matter of law, by entering Summary Judgment, rather than submitting Findings of Fact and Conclusions of Law, on a **"statutory core"** matter over which the lower court – nonetheless – lacked Article III power to enter a final judgment in Case Nos. 19-03018 and 20-03012.

**APPELLANT ANS: YES APPELLEE: NO ANS  BANK CT ANS: NO**

11. Whether the lower court erred, as a matter of law, by denying Appellant's FRCP 59(e) motion to Alter/Amend the Summary Judgment.

**APPELLANT ANS: YES APPELLEE ANS: NO BANK CT ANS: NO**

## STANDARD OF REVIEW

The issues raised in this appeal are issues of law reviewed *de novo.*
*Deutsche Bank Nat. Trust Co. v. Tucker,* 621 F.3d 460 (6th Cir. 2010). The
reviewing [district] court decides each legal issue independently, *Menninger
v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P.
6th Cir. 2007); as if the issues had not been considered before. *In re Mktg. &
Creative Solutions, Inc.*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006); *Peerless
Ins. Co. v. Miller (In re Miller),* 228 B.R. 399, 400 (6th Cir. BAP 1999).

The proper interpretation of Federal Bankruptcy Rules is a question of
law, reviewed *de novo. In re Laurain,* 113 F.3d 595, 597 (6th Cir.1997). The
validity of a local bankruptcy rule is a question of law reviewed *de novo. In
re Hill,* 811 F.2d 484, 485-86 (9th Cir.1987).

Whether Code Sections 328 or 330 apply to an award of attorney fees
is a question of law subject to de novo review. *In re Airspect Air, Inc.*, 385
F. 3d 915, 920 (6th Cir 2004); M.J. *Waterman & Assocs.,* 227 F.3d 604, 607
(6th Cir. 2000); *Airspect,* 385 F.3d at 920 (quoting *In re Tex. Secs., Inc.,* 218
F.3d 443, 445 (5th Cir. 2000)); *In re Fashion Shop of Kentucky, Inc.,* 350 F.
App'x 24, 27 (6th Cir. 2009).

A decision to grant summary judgment is a question of law. *Martin v.
Ohio Turnpike Comm'n,* 968 F.2d 606, 609 (6th Cir.1992).  A district court

reviews a bankruptcy court's conclusions of law *de novo, In re Bagsby*, 40

F. 4th 740, 745 (6th Cir 2022); *In re Behlke,* 358 F.3d 429, 433 (6th Cir.

2004)).

Review of a decision to grant/deny a FRCP 60(b) (4) motion is

reviewed de novo. No deferential standard of review applies. *Antoine v.*

*Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir.1995).* [1]A void judgment or

order is no judgment at all. Jordon v. Gilligan, 500 F. 2d 701, 704 (6th Cir

1974), *cert. denied, 421 U.S. 991 (1975); In re Ruehle, 412 F. 3d 679 (6th*

*Cir 2005).*

## STATEMENT OF UNDISPUTED RECORD FACTS
### (General – specific undisputed record facts are recited under each argument)

This voluntary bankruptcy was filed May 24, 2012, by

CHRISTOPHER D. WYMAN (hereinafter "Debtor").[2] Michael Mason

(hereinafter "Mason") was appointed the duly qualified and acting Chapter 7

Trustee May 24, 2012.[3] Barbara Duggan ("Duggan"), a secured state court

---

[1] *See also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2862 (2d ed. 1995) **("There is no question of discretion on the part of the court when a motion is under Rule 60(b) (4). As many circuits have recognized, the absence of discretion under Rule 60(b) (4) necessitates de novo review")**.

[2] DE 1, Case No. 12-32264. Wyman's ex-wife, DIANA KAYE GENTRY ("Gentry"), was already an existing debtor, in bankruptcy case 09-36472, then pending in the same bankruptcy court.

[3] DE 8, Case No. 12-32264.

lien creditor with a perfected Judgment Lien, Claim No.1, appeared on May 24, 2012.[4]

On July 16, 2012, Mason engaged Appellant, as **special counsel,** under Section 328(a) of the Code.[5] Mason's **general counsel** [Ronald Glusac] prepared and filed: (a) the Application for Approval of Claimant's employment; and, (b) the subsequently entered bankruptcy court Order approving Appellant's employment and contingency fee "**on the terms and conditions contained in the Trustee's Application**".[6] Appellant's attorney lien immediately attached to the fraudulently transferred real property commonly known as 1011 Jones Rd., Howell MI. ("Residence"), all personal property/construction equipment ("Equipment"), and, all proceeds of their sale.[7] Appellant's lien was perfected August 23, 2018; and, transferred to proceeds of SWEET's bankruptcy sale.[8]

---

[4] DE 9, Case No 12-32264.

[5] Case No. 12-32264, DE 63, APPLICATION, No. 3, P 1 of 5. "Said law firm is willing to represent the bankruptcy estate with same to be compensated, **pursuant to 11U.S.C.328 (a),** as follows: The law firm will be reimbursed for its costs from any recovery and will be allowed a fee of **one third (1/3) of any recovery** after deducting all costs incurred, pre and post filing."

[6] Case No. 12-32264, DE 67, P1 of 1; DE 349, P 13 [6/14 and 7/3, 2012], P14 [7/12 and 7/16, 2012], P15 [7/12/2012].

[7] *Lundstead v. JRV Holdings LLC, 225 F.Supp 3d 622, 626-7 (ED MI 2016)* **(contingent fee attorney lien created upon execution of retention agreement);** *George v. Sandor M. Gelman PC., 201 Mich App 474, 478;*

Mason and Duggan became Co-Plaintiffs (collectively "Plaintiffs") in numerous adversary proceedings, in both bankruptcies [Debtor's and Gentry's] to: (a) recover fraudulent transfers, between the two debtors – and- to third parties, for the Debtor's bankruptcy estate [Mason/Trustee's avoidance rights]; (b) recover money damages, including Duggan's post judgment attorney fees [Duggan/Creditor's damage rights][9]; and, (3) object to discharge(s) of Debtor and Gentry. These cases included:

### IN RE: CHRISTOPHER D. WYMAN BANK NO. 12-32264

DE 104   09/17/2012      **Adversary Case   12-03341**

DE 107   09/20/2012      **Adversary Case   12-03347**

DE 108   09/20/2012      **Adversary Case   12-03348.**

DE 129   01/29/2014      **Adversary Case   14-03017**
(combined w/12-03347)

### IN RE: DIANA KAYE GENTRY, BANK NO. 09-36472

98       09/17/2012      **Adversary Case   12-03340**

---

*506 NW2d 583 (1993); Kysor Ind. Corp. v. DM Liquidating Co., 11 Mich App 438, 446; 161 NW2d 452 (1968).*
[8] Case No. 12-32264, DE 212.
[9] Case No. 12-03348, DE 410, P2 of 3, and ns 1-7 "*MCL 566.38(2)* **authorizes a direct money Judgment to a creditor against a fraudulent transferee;** *Regan v. Carrigan, 194 Mich App 35 (1992)* (Creditor may **recover directly against a fraudulent grantee, whether or not the grantee knowingly participated in the fraudulent transaction)".**

On March 13, 2013, the Bankruptcy Court issued DE 66, Case No.

12-03348, completely eliminating any claimed interest of Michelle Pichler

("Pichler") in Debtor's Residence.[10]

> **"The Debtor signed a Quit Claim Deed transferring the Jones Road Property to Ms. Pichler in October, 2009" DE 66, P2**

> **"While the Court acknowledges that Ms. Pichler claims that there was a land contract, the titleholder to the Jones Road Property was the Debtor, not Ms. Pichler." DE 66, P4**

> **... but the Quit Claim Deed was not recorded until April 24, 2012... The Quit Claim Deed was recorded within the 90 day period prior to the Debtor's bankruptcy petition DE 66, P4**

Pichler paid no consideration for her claimed interest.[11]

Debtor listed substantial Equipment on his Petition, as owned by

Edward Linck (his uncle "Linck"), but in Debtor's possession.[12] On June 24

and 25, 2014, in Case No. 12-03348, a "bogus mortgage" held by Linck

against the Residence; and, the Equipment - titled to Linck, but fraudulently

transferred by Debtor - was recovered for the bankrupt estate. This recovery

---

[10] Titled to Debtor. Pichler had executed a land contract to purchase the Residence, but had made no payments, paid no taxes, paid no maintenance, and, did not reside with Debtor at the Residence. Debtor allegedly executed a Quit Claim Deed conveying the Residence to Pichler in October, 2009, but did not record the deed until April 24, 2012, shortly before filing bankruptcy.

[11] Case No. 12-32264, DE 108-5, P 2 of 3.

[12] Case No. 12-32264, DE 1, PP32-33, No. 14. Through a series of complicated transactions, this equipment was transferred from Debtor to Gentry, Gentry to FNB in Howell, back to Gentry, then -- finally - to Linck.

took the form of a settlement with Linck, on the record, including

instruments of conveyance [Bill of Sale (Equipment)] and Quit Claim Deed

(Link's mortgage interest)] specifically approved by the Bankruptcy Court;[13]

and, a JUDGMENT.[14] Mason's/ (APPELLEE'S) general counsel's billing

records[15] confirm this recovery of real and personal property for the

bankrupt estate occurred **BEFORE** SWEET became successor Trustee.[16]

The only claims remaining in Case No 12-03348, after June 25, 2014, were

Duggan's "**noncore**" damage claims in Counts II and V of the Complaint.

See, ns 9, 41, and 42.

On August 4, 2014, Plaintiffs moved in District Court to withdraw the

reference on the remaining "**noncore**" [Counts II and V] damage claims in

Case No. 12-03348.[17] The motion was granted October 16, 2014.[18] Pichler

---

[13] Case No. 19-03018, DE 89, PP 21-30 of 116.

[14] Case No. 12-03348, DE 207, P1 of 1; Case No. 19-03018, DE 89, P32 of 116.

[15] Case No. 12-32264, DE 349, PP 16-18, Nov. 2013 through June 30, 2014

[16] This recovery was also confirmed by the District Court. Case No. 12-03348, DE 303, P2 of 9: **"On Jun 25, 2014, the Bankruptcy Court entered a Consent Judgment against Defendant Linck in favor of the Trustee. (Bankr. DE 206, 207)"**

[17] Case No. 12-03348, DE 251.

[18] Case No. 12-03348, DE 303, PP 6-7 **"The remaining non-core issues are set forth in Count II of the Complaint for Fraudulent Transfer in violation of 11 U.S.C. § 544(b) and M.C.L. § 566.34 and Count V for consequential damages as to Count II. Based on the Bankruptcy Court's order, it appears that these two related claims are non-core proceedings which will be withdrawn by the Court. The Court grants the Trustee's**

later alleged **"fraud on the court"**, challenging a 2014 Default Judgment entered against her on **"core"** claims [Counts I and IV].[19] The District Court ruled Pichler's allegations irrelevant[20] to the removed **"noncore"** damage claims in Counts II and V:

> **"The instant action, a withdrawal of the reference as to Counts II and V only, is not a vehicle to raise issues relating to the entry of the default judgment on Counts I and IV. The only claims before the Court are the two noncore related issues in Counts II and V of the Complaint."** DC Case No. 14-13047, DE 13, PP 3-4

Appellee (hereinafter SWEET) succeeded Mason, as Trustee, on August 26, 2014.[21]  SWEET assumed all Mason's contractual obligations to Appellant, and, succeeded to all Mason's litigation positions, as Co-Plaintiff with Duggan. From August 2014 to September 2017, SWEET continued the various cases, with Appellant as **special counsel**, and Duggan, as his Co-

---

**Motion to Withdraw the Reference. The Court directs the Bankruptcy Court to issue its Report and Recommendation within 30 days from the entry of this Order."**
[19] Pichler's 2014 allegations of **"fraud on the court"**, as to Counts I and IV, were false. Moreover, the allegations were irrelevant, even as to the **"core"** Counts I and IV. The 2014 Default Judgment, on Counts I and IV, addressed her claimed interest in the Residence. That claimed interest had been voided; and, the Residence was **recovered,** by Mason, two(2) years earlier - in 2012. See, ns 10-11 above.
[20] *Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2174 (2014)* ("When a court identifies a claim as a *Stern* claim, **it has necessarily "held invalid" the "application" of § 157(b) — *i.e.*, the "core" label and its attendant procedures** — to the litigant's claim....)
[21] Case No. 12-32264, DE 150

Plaintiff. SWEET has NEVER appeared in these cases as an attorney. Case No. 12-32264, DE 364.

On November 17, 2014, the Bankruptcy Court made a finding[22] that Debtor fraudulently transferred $109,000.00 cash to Pichler, before filing bankruptcy; but never provided an Amended Report and Recommendation, as ordered by the District Court.[23] The District Court "**administratively closed**" the removed case August 14, 2017, **UNTIL** the required report was filed, to be **REOPENED** at that time.[24]

On February 10, 2015, SWEET testified, in Case No 12-03347, that Mason recovered the Equipment; and,[25] SWEET needed to appraise the Equipment.[26] On February 26, 2015, the Bankruptcy Court ordered SWEET to determine "**the value of each item described in the attachments to the**

---

[22] Case No. 12-03348, DE 308, 11/17/14, P12,

[23] Case No. 12-03348, DE 395, P2 of 2: "**To date, no Amended Report and Recommendation has been filed by the Bankruptcy Court. The Court stays and administratively closes this case until the Bankruptcy Court files an Amended Report and Recommendation.**"

[24] Case No. 12-03348, DE 395, P2 of 2: "**IT IS ORDERED that this matter is STAYED pending the Bankruptcy Court's filing of an Amended Report and Recommendation. This action is designated as ADMINISTRATIVELY CLOSED. Once the Bankruptcy Court files an Amended Report and Recommendation, the action will be reopened at that time.**"

[25] Case No 19-03018, DE 89, PP 59 LL 16-18, LL 22-23; P 60, LL1-3; P 62, LL 1-4; LL 7-13; P63, LL 17-21; P64, LL 7-10; P68, LL 18-21, L25; P69, LL 1-3; LL 10-13; P70; LL 2-8; P71, LL 22; P72, LL 2.

[26] Case No 19-03018, DE 89, PP –67, LL 7-17; P 68, L5; P74-LL24-25; P75, LL 1-6; P76, LL 4-11.

Bill of Sale" by March 10, 2015. [27] SWEET did not comply with that Order;

and, never appraised the Residence or the Equipment.

On September 20, 2017, Appellant became the subject of a panel

disbarment order from a panel of the Michigan Attorney Discipline Board

"ADB", in a matter unrelated to this bankruptcy case. See, Exhibit 1A and

B. On September 26, 2017, the Bankruptcy Court scheduled a "**status**

**conference**" in Case No. 12-03348 for October 11, 2017.[28] No notice of

"hearing", or, other "dispositional consideration" of the merits was given.[29]

Duggan could not be notified of the October 11, 2017 "**status**

**conference**."[30] The Bankruptcy Court conducted the "**status conference**" in

Duggan's absence. The Bankruptcy Court issued a show cause Order to

---

[27] DE 93, Case No. 12-03447: Case No. 19-03348, DE 89, PP 90-91.
[28] Case No. 12-03348, DE 398
[29] Evidentiary hearings had long since [7 months] been scheduled and re-scheduled to determine outstanding factual issues related to Pichler's allegations of "**fraud on the court**".

> "**04/27/2017  379**  (1 pg)  Notice of Evidentiary Hearing. (RE: related document(s)296 Motion to Vacate/Set Aside filed by Defendant Michelle Pichler, 353 Generic Motion filed by Plaintiff Michael A. Mason, Plaintiff Barbara Duggan) Hearing to be held on 6/12/2017 at 09:30 AM Courtroom, Flint, 226 West Second St. for 296 and for 353;
> **06/06/2017 Minute Entry**. Hearing adjourned to a date to be determined. (RE:  related document(s)296 Motion to Vacate/Set Aside filed by Defendant  Michelle Pichler, 353 Generic Motion filed by Plaintiff Michael A. Mason, Plaintiff Barbara Duggan).

[30] Case No. 12-03348, DE 400

Duggan[31] to file a pleading, by October 27, 2017, and, to appear personally on October 31, 2017. Duggan complied with both.[32]

On October 16, 2017, Pichler submitted DE 405, to dismiss the case, with prejudice, despite withdrawal of reference by the District Court.[33] Duggan objected.[34] Appellant informed the Bankruptcy Court that a **state discipline agency** disbarment did NOT also disbar an attorney from practice before federal district and bankruptcy courts.[35] Within four (4) hours, someone obtained a District Court Order disbarring Appellant from federal practice,[36] without notice to Appellant, hearing, or, opportunity to respond.[37] SWEET delivered that Order to Appellant immediately before the scheduled show cause hearing against Duggan on October 31, 2017; and, informed

---

[31] Case No. 12-03348, DE 403
[32] Case No. 12-03348, DE 410
[33] Case No. 12-03348, DE 405
[34] Case No. 12-03348, DE 409, 414
[35] Case No. 12-03348, DE 414, PP2-3 of 7.
[36] DC Case No. 17-51481, DE 1, 10/30/17,
[37] *Theard v. US, 354 US 278, 282 (1957)*(**specifically invalidating local rule of ED La substantially identical to ED MI LR 83.22(g) on due process grounds for lack of notice and hearing**); *In re Ruffalo, 390 US 544, 550, 553, and n2 (1968)*(**reversing disbarment from Sixth Circuit under court rule failing to accord notice and hearing substantially identical to ED MI LR 83.22(g)**); *In re Cook, 551 F.3d 542, 549-50, 552, 554-5 (6th Cir 2009)*(**federal courts may "initiate" federal disbarment proceedings based on disbarment by a state court, but must independently determine – through show cause proceedings- whether member of federal bar may practice in federal court**); *In re Squire, 617 F.3d 461 (6th Cir 2010)* (**reciprocal discipline in federal court requires notice and hearing by "show cause"**).

Appellant the Bankruptcy Court had barred him from attendance at the hearing.[38] Duggan was given 60 days to find new counsel.[39]

On November 1, 2017, **"trial"** was scheduled, in bankruptcy court for March 13, 2018; not the **"evidentiary hearings"** previously adjourned.[40] See, n 29. Yet, all that remained **for the District Court** to do on withdrawn **"noncore"** Counts II and V was: (a) enter a money judgment for damages of $109,000.00 against Pichler for Duggan;[41] and, (b) determine the amount of Duggan's post [state court] judgment attorney fees.[42] Nothing remained for **"trial"** in either court.

---

[38] Case No. 12-32264, DE 293, P1 of 36, n1.

[39] Case No. 12-03348 "10/31/2017 Minute Entry. Hearing Adjourned. Ms. **Duggan has 60 days to find new counsel**. (related document(s): 403 Order to Show Cause) Show Cause hearing to be held on 01/23/2018 at 02:00 PM at Courtroom, Flint, 226 West Second St."

[40] Case No. 12-03348, DE 416. Perhaps, the bankruptcy court or its clerk confused **"trial"** [on the withdrawn **"noncore"** Counts II and V] with an **"evidentiary hearing"** limited to Pichler's allegation of "fraud on the court" as to the prior entered Judgment on **"core"** Counts I and IV.

[41] Case No. 12-03348, DE 410, P2: "**I also hold a claim against Pichler, as a fraudulent transferee, insider and nominee of WYMAN, for fraud damages caused by the transfer of approximately $109,000.00 in cash/income from WYMAN to Pichler through a bank account at TCF Bank held in the name of CD WYMAN CONTRACTORS throughout the period 2007 through 2012.**"

[42] See, n9 supra; A fraudulent transfer is fraud. *Husky Int. Elec. Inc. v. Ritz, 578 US 356; 136 S. Ct. 1581 (2016);* Michigan's exception to the general rule forbidding awards of attorney fees allows recovery of attorney fees, **as damages,** when incurred to litigate in various courts because of the wrongful acts of another. *Warren v. McLouth Steel Corp., 111 Mich App 496 (1981); 314 NW 2d 666 (1981); Bonner v. Chicago Title Ins. Co., 194 Mich App*

The Bankruptcy Court entered DE 418 November 3, 2017,[43]

dismissing the withdrawn counts, with prejudice, by-passing the District

Court entirely. The Bankruptcy Court entered DE 422 [an amended variation

of DE 418] November 13, 2017. Both were entered over Duggan's

unresolved Objections, See, n 34; and, while Duggan still had 48 days

remaining to obtain new counsel.

Sweet then entered into a "real estate" sale contract and moved to sell

the Residence and Equipment to litigation opponent and fraudulent

transferee Gentry.[44]  The sale price was $65,000.00 **for both**, far less than a

prior cash offer ($82,000.00) obtained by Mason, **for the realty alone,** four

(4) years before [June 2014] from an arms-length buyer.[45] SWEET's

contract transferred the Equipment for no consideration. SWEET did not

disclose he:

  (a)    failed to comply with the bankruptcy court's March 10,
         2015 Equipment valuation order;

  (b)    failed to value or market the Equipment;

  (c)    failed to list, value or market the Residence;

---

462; 487 NW2d 807 (1992); *Fleischer v Buccilli, 13 Mich App 135, 139;*
*163 NW2d 637, 639 (1968), Cagney v Wattles, 121 Mich 469, 473, 475; 80*
*NW 245 (1899),  McCormick, Damages, § 55, p 246.*
[43] Case No. 12-03348, DE 418, 422
[44] Case No 19-03018, DE 89, PP 33-49 of 116.
[45] Case No 19-03018, DE 89, PP 92-100 of 116; PP 109-116.

(d)     failed to comply with the Department of Justice ("DOJ"), Handbook for Chapter 7 Trustees, [internal pages 8-17, 8-18, 8-19, 8-20, 8-28, No. 7], requiring that he value and document the valuation of real and personal property sold; and,

(e)     failed to include the DOJ's required contents in his Notice of Sale.[46]

The Bankruptcy Court granted the motion on July 5, 2018.[47] Gentry breached the contract by failing/refusing to close.

SWEET filed an AMENDED [2nd] MOTION TO SELL the Residence and Equipment - again to Gentry - on identical terms to the first transaction on December 11, 2018.[48]  On December 17, 2018, Duggan appeared, through new counsel Ellie Bejjani ("Bejjani"),  in Case No. 12-32264 ONLY. Bejjani did NOT appear in any of the other existing matters.[49]  Appellant appeared - pro per - in Case No. 12-32264, December 18, 2018.[50]

From December 2018 through January 2021, SWEET attempted to negate both  secured liens, by:

(a) a **very belated** OBJECTION to Duggan's  approved secured Judgment Lien;[51]

---

[46] Case No 19-03018, DE 88, PP 1, 3; DE 89, PP 2-6, 10-13,101-108.
[47] Case No. 12-32264, DE 178
[48] Case No. 12-32264, DE 183
[49] Case No. 12-32264, DE 183
[50] Case No. 12-32264, DE 184
[51] Case No. 12-32264, DE 198, 202, 204. **Claim 1 filed** November 25, 2014 and **approved** by Mason, 11 USC 502(a). **Objection** by Sweet, January 24, 2019.

(b) a COMPLAINT by SWEET against Duggan to negate her lien, initiating Adv. Pro. 19-03018;[52]

(c) a motion to surcharge the proceeds of secured collateral subject to Duggan's secured lien, **DESPITE** SWEET having paid **NO** funds to surcharge;[53] and,

(d) a COMPLAINT by SWEET against Duggan and Appellant to negate both secured liens, and, Duggan's post judgment fees/damages, initiating Adv. Pro. 20-03012.[54]

The Bankruptcy Court approved SWEET's AMENDED MOTION TO SELL on March 13, 2019,[55] transferring both liens to proceeds of the sale. The sale closed May 31, 2019.[56]

Duggan assigned 50% of all her interest(s), claims and causes of action in this bankruptcy and all related cases to Appellant February 25,2019.[57] Duggan assigned the balance/remainder of her interest(s), claims and causes of action to Appellant January 16, 2020.[58] These included the $109,000.00 damage claim against Pichler, see P 14 and n22, supra; the Michigan law post Judgment attorney fee/damage claim for $47,333.19, See P18, n42, Exhibits 2A and 2B; and, all damage claims for breach of fiduciary duty, conversion and waste against SWEET.

---

[52] Case No. 12-32264, DE 217
[53] Case No. 12-32264, DE 220
[54] Case No. 12-32264, DE 322
[55] Case No. 12-32264, DE 212
[56] Case No. 12-32264, DE 268
[57] Case No. 12-32264, DE 201
[58] Case No. 12-32264, DE 318

On September 12, 2022, SWEET filed his **"Motion to Fix Approved Fees of Appellant pursuant to 11 USC 328(a)"**, asking Appellant be paid nothing for recovering the Residence and Equipment in 2014.[59] Appellant responded that attorney or trustee fees claimed by SWEET were priority administrative expenses, subordinate to Appellant's perfected secured lien. SWEET could not receive anything from the encumbered proceeds of sale, [60] as only $30,444.50 in encumbered cash proceeds of sale remained in the bankruptcy estate.[61]

## ADV. PROCEEDING: 19-03018

SWEET initiated this adversary case March 18, 2019.[62] Duggan appeared and filed her Answer the same day.[63] SWEET moved for Summary Judgment March 20, 2019.[64] SWEET withdrew the Summary Judgment motion March 21, 2019.[65] SWEET then filed an untimely Motion to Dismiss **his own Adversary Proceeding** March 21, 2019, despite Duggan's Answer having already been filed.[66] The Bankruptcy Court granted the Motion, October 20, 2020,[67] with no

---

[59] Case No. 12-32264, DE 348, 351, 391
[60] Case No. 12-32264, DE 355 **CLAIMANT'S 11 USC 725 MOTION TO PAY SECURED ALLOWED LIEN**, 357, 359, 364, 391
[61] Case No. 12-32264, DE 426, P 8 of 9.
[62] Case No. 19-03018, DE 1, 9
[63] Case No. 19-03018, DE 3,4
[64] Case No. 19-03018, DE 6
[65] Case No. 19-03018, DE 7
[66] FRCP 41(a)(1) "Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal **before the opposing party**

discussion of "**terms the court considers proper**", justifying dismissal following an Answer.

Appellant appeared March 22, 2019.[68] A Joint Answer, Affirmative Defenses and Counter Complaint was filed March 27, 2019 against SWEET for breach of fiduciary duty, statutory real estate waste, and, statutory conversion, all Michigan law statutory and common law claims.[69] Sweet Answered the Counter Complaint April 9, 2019.[70] Despite the pleading title, SWEET did not plead any Affirmative Defenses.

SWEET moved for Summary Judgment May 23, 2019.[71] Duggan and Appellant moved to withdraw the reference. [72] Withdrawal was denied.[73] On September 7, 2022, the Bankruptcy Court ordered SWEET to file supplemental pleadings addressing **all** outstanding issues.[74] SWEET filed a new Summary Judgment motion September 20, 2020.[75] SWEET did not address the remaining

---

**serves ... an answer**"; (a)(2). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper.**"

[67] Case No. 19-03018, DE 8, 60
[68] Case No. 19-03018, DE 10
[69] Case No. 19-03018, DE 15, 23, 24, 26
[70] Case No. 19-03018, DE 30
[71] Case No. 19-03018, DE 46, 62
[72] Case No. 19-03018, DE 73
[73] Case No. 19-03018, DE 80
[74] Case No. 19-03018, DE 87
[75] Case No. 19-03018, DE 88, 89

jurisdictional issue.[76] Appellant responded to SWEET's new Summary Judgment motion October 12, 2022.[77] Nineteen (19) days AFTER Appellant Responded, SWEET filed an Amended Affirmative Defense October 31, 2022, without seeking or obtaining "**leave to amend**".[78] Appellant moved to Strike the Affirmative Defense November 8, 2022.[79]

On December 28, 2022, at 11:32-33 the Bankruptcy Court granted SWEET's Summary Judgment motion[80], reciting and relying on an Affirmative Defense that did NOT exist at 11:32-33.[81] Subsequently, at 11:34, the Bankruptcy Court denied Appellant's Motion to Strike SWEET's Affirmative Defense.[82] At 11:36, the Bankruptcy Court allowed SWEET's Affirmative Defense, without the required motion or prior leave FRCP 15(a) requires.[83] The Bankruptcy Court then

---

[76] Case No. 19-03018, DE 95, 107, 108

[77] Case No. 19-03018, DE 89

[78] Case No. 19-03018, DE 93

[79] Case No. 19-03018, DE 99, 104, 105, 112

[80] Case No. 19-03018, DE 116

[81] FRCP 15(a)(2);"...a party may amend its pleading **only** with ...the court's leave"; FRCP 7(b)(1) "A request for a court order **must be made by motion**. The motion must: (A) **be in writing** ...; (B) **state with particularity the grounds** for seeking the order; and (C) **state the relief sought**."

[82] Case No. 19-03018, DE 117

[83] Case No. 19-03018, DE 118; FRCP 15(a)(2);"...a party may amend its pleading **only** with ...the court's leave"; FRCP 7(b)(1) "

overruled Appellant's Notice of Unresolved and Outstanding Issues [Jurisdiction].[84]

## ADV. PROCEEDING: 20-03012:

SWEET initiated this adversary case January 28, 2020.[85] Appellant filed his Joint Answer, Affirmative Defenses and Counter Complaint February 25, 2020; again, for breach of fiduciary duty, statutory real estate waste, and, statutory conversion.[86] SWEET filed his Answer March 16, 2020.[87] Again, SWEET did not plead any Affirmative Defenses. SWEET moved for Summary Judgment on his Complaint October 12, 2020;[88] and, for Summary Judgment on the Counter Complaint October 13, 2020.[89] Appellant moved for Summary Judgment on Sweet's Amended Complaint October 15, 2020;[90] and, for Summary Judgment on Claimant's Counter Complaint on October 26, 2020.[91] The Bankruptcy Court granted Summary Judgment for SWEET and against Appellant, as to both the Amended Complaint and the Counter Complaint, March 17, 2021.[92] Appellant

---

[84] Case No. 19-03018, DE 119
[85] Case No. 20-03012, DE 1, 10.
[86] Case No. 20-03012, DE 3, 15.
[87] Case No. 20-03012, DE 25,26.
[88] Case No. 20-03012, DE 46
[89] Case No. 20-03012, DE 50
[90] Case No. 20-03012, DE 55
[91] Case No. 20-03012, DE 62
[92] Case No. 20-03012, DE 78,79, 80, 81, 82.

moved to Alter/Amend the March 17, 2021 orders.[93] Appellant's motion was

denied September 20, 2021.[94]

## ARGUMENT

1. **ED Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a), 9021 and 9029, by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order as required under Federal Rule 5003(a), 9021 and 9029. [ISSUE 1]**

## SPECIFIC ISSUE-RELATED FACTS:

On June 18, 2019, Appellant filed his APPLICATION FOR PAYMENT OF

PRE-APPROVED ATTORNEY FEES PURSUANT TO 11 USC 328(a), for

recovering the Residence and Equipment in 2014.[95] SWEET objected to the

APPLICATION,[96] and, followed with his own Application for "attorney fees"

claiming to have acted as his own attorney.[97] There is no dispute that: (a) SWEET

filed no **Application** to employ himself as "attorney", under FRBP 2014; (b)

SWEET obtained no written Order authorizing his employment as "attorney",

under Code Section 327 and FRBP 2014; (c) no written order has ever been

---

[93] Case No. 20-03012, DE 85, 87, 88, 89.
[94] Case No. 20-03012, DE 91
[95] Case No. 12-32264, DE 270
[96] Case No. 12-32264, DE 271, 272, 279.
[97] Case No. 12-32264, DE 292, 293, 325, 346. According to SWEET, he allegedly recovered the Residence from Pichler, by settlement, in 2017, ignoring Case No 12-02248, DE 66, entirely. SWEET has never explained when or how he allegedly recovered the Equipment.

entered on the docket of this bankruptcy case, under FRCP 9021 and FRBP

5003(a); and, (d) SWEET has never "appeared", as "attorney" in any related case

listed on PP 9.[98] SWEET relies solely on a **"deemed order"**, under ED MI LBR

2014-1(c), as authority to employ and pay himself attorney fees.

> "Tindall makes much of the employment of counsel for the Trustee in
> that counsel for the Trustee was employed pursuant to Local
> Bankruptcy Rule for the Eastern District of Michigan 2014-1 (c). In
> this situation a Chapter 7 Trustee may be employed as counsel for
> himself and simply file a verified statement or affidavit as identified
> in FRBP 2014(a)." Case No. 12-32264 DE 377, P 1 of 3.

## ARGUMENT

An award of professional fees is impermissible unless the professional's

employment was authorized under 11 U.S.C. § 327. *Lamie v. United States*

*Trustee,* 540 U.S. 526, 529, 124 S.Ct. 1023, 1027, 157 L.Ed.2d 1024 (2004);

*In re Williams,* 357 BR 434, 441 (BAP 6th Cir 2007). The Sixth Circuit has

discussed the employment and compensation of professionals in several

cases including *In re Middleton Arms Ltd. Partnership, 934 F.2d 723 (6th*

*Cir.1991); In re Eagle-Picher Industries, Inc., 999 F.2d 969 (6th Cir.1993),*

*and In re Federated Department Stores, Inc., 44 F.3d 1310 (6th Cir.1995).*

A bankruptcy court has no discretion to award compensation to a

professional whose employment does not comply with § 327(a). *In re BBQ*

*Resources, Inc.,* 237 BR 639, 642 (BC ED Ken 1999).

---

[98] Case No. 12-32264, DE 364

Approving employment of a professional is governed by Fed. R. Bankr.P.2014. A trustee must (a) file an **application** requesting Court approval of the employment; and, (b) **obtain** Court approval, in the form of an "order". An "order" is **"direction of a court or judge made or entered in writing,"** *Order,* Black's Law Dictionary (11th ed. 2019). *Bell v. Thompson, 545 U.S. 794, 805 (2005)* ("... a court speaks through its judgments and orders."); *United States v. Coccia, 598 F.3d 293, 296 (6th Cir. 2010)* ("**A court speaks through its <u>written</u> orders** ...."); *ACLU of Ohio Foundation, Inc. v. Ashbrook, 375 F. 3d 484(6th Cir 2004) (same); Atlantic Richfield Co. v. Monarch Leasing Co., 84 F. 3d 204, 208 (6th Cir 1996); Goldman v. Comm'r, 388 F.2d 476, 478 (6th Cir. 1967).* There is no such thing as a **"deemed order"**.

A written order must be **entered** on the docket of the case. *See* Fed. R. Bankr.P. 9021 ("A ... order is effective **when entered** as provided in Rule 5003."); Fed. R. Bank P. 5003(a); *United States v. Woods, 885 F.2d 352, 353 (6th Cir.1989) (per curiam)*(**a federal court judgment is "rendered" ... when it is <u>set forth in writing on a separate document and entered on the civil docke</u>t**...); *Reid v. White Motor Corp., 886 F. 2d 1462, 1465 (6th Cir 1989)* (**all orders <u>shall be entered by the clerk</u> of courts on the civil docket ...**); *Cloyd v. Richardson, 510 F.2d 485 (6th Cir.1975) (per curiam)*

(strict compliance with the requirements for <u>entry of orders</u> on the civil docket is mandatory); *In re Integrity Supply, Inc.*, 417 BR 514, 518-19 (BC SD Ohio 2009)(**The services for which compensation is requested should be performed pursuant to appropriate authority under the Code and <u>in accordance with an order of the court</u>**.); 3 L. King, *Collier on Bankruptcy* P 327.03[2][b], at 327-18 (15th rev. ed.2009). Even signing a written order does **not** constitute `**entry**'. **Entry** occurs only when it is noted on the docket and thereby becomes public. *Reid, supra, at 1465; In re Henry Bros. P'ship; United States*, 214 B.R. 192, 195 (8th Cir. BAP (Mo.) (1997).

### A. Applicable statutes and Rules:

Congress adopted the Bankruptcy Code and delegated the authority to make procedural rules to the Supreme Court. 28 U.S.C. §2071 § 2075.

The Supreme Court enacted Federal Rules of Bankruptcy Procedure 2014, 5003, 9021 and 9029. These federal rules provide, in pertinent part, as follows:

> **"Rule 2014. Employment of Professional Persons**
>
> (a) APPLICATION FOR AND ORDER OF EMPLOYMENT. **An order approving the employment of attorneys** ... pursuant to § 327 ... of the Code **shall be made <u>only on application</u>** of the trustee .... **The application <u>shall be filed</u>** and ... a copy of the application **shall be transmitted** by the applicant to the United States trustee. **The application <u>shall state</u>** the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed

arrangement for compensation, ... **The application shall be accompanied by a verified statement** of the person to be employed ..."

"Rule 5003. Records Kept By the Clerk

The clerk **shall** keep a docket in each case under the Code **and shall enter thereon each judgment, order, and activity in that case... The entry of a judgment or order in a docket shall show the date the entry is made.**"

**"Rule 9021. Entry of Judgment**

"A judgment **or order** is effective **when entered** under Rule 5003."

**"Rule 9029. Local Bankruptcy Rules; Procedure When There is No Controlling Law**

(a) Local Bankruptcy Rules.

> (1) Each district court acting by a majority of its district judges **may make and amend rules governing practice and procedure** in all cases and proceedings within the district court's bankruptcy jurisdiction **which are consistent with—but not duplicative of—Acts of Congress and these rules** ... A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R.Civ.P., **to make and amend rules of practice and procedure which are consistent with—but not duplicative of—Acts of Congress and these rules...**"

The Eastern District of Michigan Bankruptcy Court then enacted Local Rules 2014-1(c) and 9029-1. These local rules provide, in pertinent part:

> **"ED LBR 2014-1(c) provides: "(c) Appointing Chapter 7 Trustee As Attorney.** Unless the trustee is also a creditor in the case, whenever a chapter 7 panel trustee seeks to be appointed as trustee's attorney, **an order appointing that person as**

**attorney will be deemed to have been entered without the
formal entry of an order,** effective **upon the filing of the
verified statement** required by the last sentence in
F.R.Bankr.P. 2014(a)."

"**ED LBR Rule 9029-1 Rules of Procedure "(a) Rules of
General Applicability.** The rules of procedure in cases and
proceedings in this court will be as prescribed by **the laws of
the United States, the rules promulgated by the Supreme
Court of the United States ...**"

### B. Local Bankruptcy Rule 2014-1(c) is invalid, as a matter of law.

Under Fed. R. Bank Pro. 9029, the power to enact local rules is
strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1], 9029-2 (rev. 15th
ed.2006.) Rule 9029 requires **a local bankruptcy rule must**: (1) be
consistent with Acts of Congress **and** Federal Rules of Bankruptcy
Procedure. If these limits are not observed, a local bankruptcy rule must be
held invalid. *In re Bersher Invs.,* 95 B.R. 126, 129 (9th Cir. BAP 1988). A
local rule cannot conflict with the federal rules. *Pradier v. Elespuru,* 641
F.2d 808, 810 (9th Cir.1981); *In re Healthcentral.com,* 504 F.3d 775, 784
(9th Cir.2007).

ED LBR 2014-1(c) violates Federal Rule 9029 by directly
contradicting/violating Federal Rules 2014(a), 5003(a), and, 9021. The
Local Rule dispenses with the mandatory requirement of an **Application,**
required by Federal Rule 2014; and, the mandatory service of the
Application on the U.S. Trustee. The Federal Rule requires a **verified**

**statement** in addition to – not as a substitute for - the Application. *In re McKenzie*, 449 BR 306, 318 (BC ED Tenn. 2011); *In re Aultman Enters.*, 264 B.R. 485, 490 (E.D.Tenn.2001) (quoting *In re McDaniels,* 86 B.R. 128, 129 (Bankr.S.D.Ohio 1988)

Local Rule 2014-1(c) dispenses with the mandatory written order entered on the docket, required by Federal Rules 5003 and 9021, by "inventing" the vehicle of a **"deemed order"**. A thing that is *deemed* to be something else does not *become* that something else. **"Deem"** means: "To treat (something) as if (1) it were really something else, or (2) it has qualities that it doesn't have." *Black's Law Dictionary* 425 (7th ed.1999)); *Chao v. Russell P. Le Frois Builder, Inc., 291 F. 3d 219,229 (2nd Cir 2002).* Federal Rule 5003 requires every order in a case be entered on the docket of the case [requiring it be written]. Under Federal Rule 9021 no order exists **until** it is entered under Rule 5003.

## CONCLUSION:

Any procedure established by Local Rule 2014-1(c) must **fully comply with the laws of the United States** [Code and Supreme Court decisions] **and the Federal Rules of Bankruptcy.** FRBP 9029; LBR 9029. Local Rule 2014-1(c) clearly does not. SWEET did not comply with the mandatory Federal Rules. SWEET has never been appointed "attorney",

under *11 USC 327* and *Fed R. Bank 2014*. SWEET may not be paid attorney

fees or expenses under 11 USC 330.

## RELIEF REQUESTED:

Enter this Court's Order(s):

1. DECLARING ED MI LBR 2014-1(c) "VOID";

2. DECLARING that SWEET may not be paid compensation or
   expenses, under 11 USC 327 and 330, as "attorney";

3. REVERSE Case No. 12-32264, DEs. 391,346, 325, 296 and 285;

4. GRANT Appellant's APPLICATION, Case No. 12-32264, DE
   270; and, order SWEET immediately pay Appellant $34,100.00, in
   immediately available funds.

5. GRANT such further and additional relief as this Court deems just.

2. **A written and entered order expressly retaining "special counsel'
   for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of
   "special counsel", as a matter of law. Such an order is NOT, as a
   matter of law, subject to further discretion of the Bankruptcy
   Court, under 11 USC 330, post entry. Further modification of a
   Section 328 order requires, as a matter of law, that the person
   objecting/seeking modification [post approval] prove, by
   preponderance of the evidence: (a) that a "subsequent
   development" [post approval] occurred; and, (b) the "subsequent
   development" was "not capable of being anticipated" at the time
   the original retention of special counsel was approved, in
   accordance with 11 USC 328(a). [ISSUE 2]**

## SPECIFIC ISSUE-RELATED FACTS:

Appellant filed his APPLICATION FOR PAYMENT OF PRE-

APPROVED ATTORNEY FEES PURSUANT TO 11 USC 328(a). Case No.

12-32264, DE 270. After testifying, under oath, that that the Residence and

Equipment had been recovered by Mason, see P 13 supra; and, after failing to

comply with the Bankruptcy Court's appraisal order, PP 13-14 supra; SWEET

changed his position. Ignoring Case No. 12-03348, DE 66 entirely, SWEET

claimed he, not Mason, recovered the Residence from Pichler through a

"settlement" of Case No. 12-03348 in 2017. SWEET never explained how he

recovered the Equipment. SWEET also never explained HOW he could "settle"

withdrawn Counts II and V, without approval of the District Court. FRCP 41(b).

Since SWEET transferred the Equipment to Gentry for no value, SWEET claimed

no contingency fee should be paid Appellant for recovering the Equipment.

SWEET objected to Appellant's Application, stating:

"6. Applicant's fee application specifically provides that certain fees
requestse [sic] in this case are "preapproved". Unfortunately the actual
Order for Employment specifically provides that they are subject to
court approval and the court may allow an amount **based upon facts
not known at the time or facts which accrued post application**. As
a result, this Court is allowed to award any amount that seems
appropriate based upon the work and results achieved by the
applicant.

**\*\*\*\*\*\*\*\*\***

10. As a result of the foregoing the Trustee is requesting that this
Honorable Court **deny all fees** to Mr. Tindall at this time." DE 279

In addition to citing the wrong legal standard under Section 328[99], SWEET

identified NO "**subsequent development**"; and, presented NO evidence of "**not**

**capable of being anticipated**".

Citing *In re McIrney, 528 BR 684 (2014)* a Section 330 case - not a

Section 328 case - the Bankruptcy Court **reduced** Claimant's Section 328

pre-approved fee by one third (1/3) of the value of the Equipment that Sweet

"**gave away**" for nothing. DE 285. The Court stated:

> "*In re McInerney,* a case cited by Mr. Tindall at oral argument
> is instructive….
> **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
> If needed, the Court would also invoke the language in Section
> 328, the Application, the Declaration, and the Employment
> Order and find that **the development that later occurred** was
> such that use of value, as opposed to the actual sale price,
> compels the Court to use the actual sale price as the appropriate
> starting amount to calculate the contingent fee.
> **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
> Mr. Tindall's Application can be granted in part because he is
> entitled to some compensation, but no more than $21,869.33,
> **less whatever amount is attributable to the Trustee's efforts
> to complete the sale of assets and subordination of claims.**

SWEET maintained exclusive dominion and control over the

encumbered sale proceeds. Despite multiple requests to pay/satisfy the lien,

SWEET refused to pay. On September 12, 2022, SWEET filed his "**Motion to**

**Fix Approved Fees of Appellant pursuant to 11 USC 328(a)**", again requesting

---

[99] 11 USC 328(a). "**…if such terms and conditions prove to have been
improvident in light of developments not capable of being anticipated** at
the time of the fixing of such terms and conditions."

that Appellant be paid nothing for recovering the Residence and Equipment. Case No. 12-32264, DE 348, 351, 391. On October 13, 2022, Appellant filed CLAIMANT'S 11 USC 725 MOTION TO PAY SECURED ALLOWED LIEN, Case No. 12-32264, DE 355, 357, 359, 364, and 391.

## ARGUMENT

### A. Fee contracts generally.

The respective rights of parties to a written attorney fee agreement are determined by state law. Lien rights in property are also defined by state law. *Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979)*; *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.), 16 F.3d 1443, 1450 (6th Cir. 1994)*; *Rogan v. Bank One, N.A. (In re Cook), 457 F.3d 561, 566 (6th Cir. 2006)*. A fee agreement is subject to the law of contracts. *Island Lake Arbors Condo. Ass'n v. Meisner & Assoc., P.C., 301 Mich.App. 384, 392-393, 837 N.W.2d 439 (2013)*; *ESTATE OF KALISEK BY KALISEK v. Durfee, 322 Mich. App. 142, 910 NW 2d 717 (2017); Alpha Capital Mgt, Inc. v. Rentenbach, 287 Mich.App. 589, 611-612, 792 N.W.2d 344 (2010)*.

Interpretation of a Michigan contract is reviewed de novo, as a question of law. *Miller-Davis Co. v. Ahrens Const., Inc., 495 Mich. 161, 172, 848 N.W.2d 95 (2014)*. Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement. *Henderson v. State Farm Fire & Casualty Co., 460 Mich. 348,*

*354, 596 N.W.2d 190 (1999)*. A contract is ambiguous only if its terms are unclear or are reasonably susceptible to more than one meaning. *Island Lake, supra; Farm Bureau Mut. Ins. Co. Mich. v. Nikkel, 460 Mich. 558, 566, 596 N.W.2d 915 (1999)*; *Smith v. Smith, 278 Mich.App. 198, 200, 748 N.W.2d 258 (2008)*. Any ambiguity in a contingent fee contract **must** be construed against its drafter, particularly where the contract was drafted by an attorney. *Island Lake, supra; Henslee, Monek & Henslee v. D.M. Cent. Transp., Inc., 870 F.Supp 764, 769 (E.D. Mich. 1994)*. Here, SWEET is the drafter, having succeeded to Mason.

Appellant's pre-approved fee agreement set the fee as: "… **one third (1/3) of any recovery**." DE 63, P2 of 5. "**Any recovery**" is clearly unambiguous. It includes recovery by Appellant, SWEET or anyone else. "**Any amount recovered**" includes "anything of value affirmatively and actually recovered", *Maiullo v. Genematas, 16 Mich App 231, 234;167 NW2d 849 (1969)*; *Henslee, Monek & Henslee at 770 (ED MI 1994)*; including recovery or relinquishment of a property interest. Value recovered is determined **as of the date of recovery**, not the future date of sale. *Benarek v. Wayne County Bd. Of Inst., 165 Mich App 346, 355, 419 NW2d 21 (1987)*.

Appellant's fee contract must, as a matter of law, be enforced as written. The fee contract is unambiguous and must, as a matter of law, be construed against SWEET in favor of Appellant. The **"amount recovered"** is the amount set forth by Appellant's Application. The contingent fee due is $34,100.00, not the improperly reduced amount of $28,869.33. This amount may not be reduced by SWEET'S costs to sell or subordinate claims, as suggested by the Bankruptcy Court in Case No. 12-32264, DE 285, P10. *In re Lowery*, at 141-42, infra P 37.

As described in C below, a pre-approved fee contract under Section 328(a) cannot be reduced, for any reason, absent proof of the required statutory conditions. *In re ASARCO, 702 F.2d 250, 258 (5th Cir. 2012);* 3 *Collier on Bankruptcy* ¶ 328.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). 11 USC 326(a) defines the compensation for a Chapter 7 trustee. SWEET's compensation is expressly limited to a percentage of the funds distributed to unsecured creditors. *In re Crutcher Transfer Line, Inc., 20 BR 705 (BC WD Ken 1982); MATTER OF SYLVESTER, 23 F. 4th 543, 547-48 (5th Cir 2022).* A court may not reduce another professional's compensation to pay a Trustee for performing ministerial and administrative duties under 11 USC 704. *In re Mabson Lumber Co., 394 F.2d 23, 24 (2d Cir. 1968); IN RE McCONNELL, 641 BR 261 (DC ND Ga 2022).*

11 USC 328(b) provides:

**"If the court has authorized a trustee to serve as an attorney** or accountant for the estate under [Section 327], **the court may allow compensation for the trustee's services as such attorney** or accountant **only to the extent that the trustee performed services as attorney or accountant for the estate and <u>not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate</u>."**

Section 328(b) reinforces the distinction between "**necessary attorney services**" and services "**generally performed by a trustee without the assistance of an attorney...**". Because a trustee receives a Section 326 commission based on Chapter 7 distributions made, it is important to prevent "double dipping" by a trustee being improperly compensated, as "attorney", for work the trustee is statutorily required to perform by Section 704. *In re Yovtcheva*, 590 BR 307,312 (B.C. ED Penn 2018); *In re King,* 546 B.R. 682, 697 (B.C. S.D. Tex. 2016); *In re Lowery,* 215 B.R. 140, 141-42 (B.C. N.D. Ohio 1997); *In re Garcia, 335 B.R. 717, 725 (9th Cir. B.A.P. 2005)* (attorney prohibited from receiving compensation for performing trustee duties*); In re J.W. Knapp Co., 930 F.2d 386, 388 (4th Cir. 1991*) (courts may not compensate an attorney for services statutorily required of trustee.).

**B. SWEET'S belated claim to have "recovered" the property is frivolous.**

Case No. 12-03348, DE 66, PP 2, 4, conclusively established that

Pichler's claimed interest in the Residence was "recovered", by Appellant/

Mason in 2014. SWEET'S sworn testimony confirmed Appellant/Mason's

recovery of the Equipment. SWEET'S general counsel's billing records also

confirmed Appellant/Mason's recovery of both. See, PP 13-14, supra.

Pichler had nothing to transfer to SWEET, by settlement or otherwise, as a

matter of law.

> MCL **565.34** defines a "**purchaser**" as:

>> "The term "**purchaser,**" as used in this chapter, shall be construed to embrace every person to whom any estate or interest in real estate, shall be conveyed <u>for a valuable consideration</u>, and also every assignee of a mortgage, or lease or other conditional estate."

Pichler paid Debtor no consideration for the fraudulent transfer of the

Residence, See P10, n11 supra. Pichler was not a "purchaser" under

Michigan law. Mason was a statutory, 11 USC 544(a), good faith purchaser

for value. *MCL 565.29* clearly states, in relevant part:

>> "Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, <u>**shall be void** as against any subsequent **purchaser in good faith and for a valuable consideration, of the same real estate** </u> or any portion thereof, whose conveyance shall be first duly recorded..."

Pichler took nothing by/from Debtor's fraudulent transfer to her. *Horvath v*

*Nat'l Mortgage Co,* 238 Mich 354, 360; 213 NW 202 (1927) (Not even an

**innocent** purchaser can acquire priority from a fraudulent transaction); *Lee v Kellogg,* 108 Mich 535; 66 NW 380 (1896) (same).

A conveyance by one with no interest in the property conveys nothing. *Richards v Tibaldi, 272 Mich App 522, 540; 726 NW2d 770 (2006)*; *von Meding v. Strahl, 319 Mich. 598, 608, 30 N.W.2d 363 (1948)*. Because Pichler took no valid interest, she had NOTHING to convey to SWEET. *Pinconning State Bank v Henry,* 258 Mich 44, 49; 241 NW 913 (1932); 1 Cameron, Michigan Real Property Law (3rd Ed), § 11.20, pp 395-396. As a matter of law, SWEET could not acquire anything from Pichler. *Penrose v McCullough, 308 Mich App 145, 152 862 NW2d 674 (2014).*

### C. Pre-approved fee contract under 11 USC 328.

SWEET'S two (2) attempts, Case No. 12-32264, DE 279 and 348, to eliminate Appellant's fee do not identify a **"subsequent development"** occurring post-approval. Neither attempt presented evidence that a "subsequent development" was "**not capable of being anticipated** at the time the fee agreement was approved.

A court **may** award "a professional person employed under section 327... reasonable compensation for **actual, necessary services rendered.**" 11 USC 330(a). Permissible compensation is limited to fees for "actual" and

"necessary" services. *Baker Botts LLP v. ASARCO LLC,* 576 U.S. 121, 131; 135 S.Ct. 2158; 192 L.Ed.2d 208 (2015).

Section 328 permits **prior** court approval of attorney compensation." *In re Airspect Air, Inc., 385 F.3d 915, 920-21 (6th Cir. 2004)* ("[s]ection 328 applies when the bankruptcy court approves **a particular rate or means of payment,** and § 330 applies when the court does not do so." ... "[t]here is no question that **a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328.");** 3 Collier on Bankruptcy ¶ 328.01 (16th Ed.) ("Section 328 provides a specific mechanism for professional persons to obtain prior court approval of the terms of their compensation"); *Airspect, at 920-21,* quoting In *re Barron, 325 F.3d 690, 693 (5th Cir. 2003). 11 USC 330* and *Fed R. Bank 2016* make any Section 330 compensation award **"subject to"** section 328. The power to later amend those approved terms is severely constrained." *In re Smart World Techs., LLC, 552 F.3d 228, 232 (2d Cir. 2009).*

Section 328 and 330 fee inquiries are mutually exclusive. *Airspect at 920-21; In re Smart World Technologies, LLC,* at 233; *Fann Contracting, Inc. v. Garman Turner Gordon LLP, 593 B.R. 625, 631 (D. Nev. 2018); In re*

*National Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997); Weintraub v. Chicago Title Co. Priority Publishing and Posting, 9 Fed. Appx. 643, 644 (9th Cir. 2001),* citing *In re B.U.M. Int'l, Inc., 229 F.3d 824, 829 (9th Cir. 2000).* A movant seeking to revise the pre-approved terms governing a professional's compensation faces a high hurdle. *In re Smart World Technologies, LLC at* 234-35; *In re Coho Energy Inc.,* 395 F.3d 198, 205 (5th Cir. 2004).

SWEET bore the burden of proof under section 328(a). *In re Yablon,* 136 B.R. 88, 91 (Bankr. S.D.N.Y. 1992). SWEET was required to prove, by preponderance of the evidence, some **subsequent development** occurred that was **incapable of being anticipated at the time the engagement was approved.** *In re Barron,* at *693 (5th Cir. 2003)* ("the intervening circumstances must have been *incapable* of anticipation, not merely unanticipated."); *In re Smart World Technologies,* at 234-35. SWEET failed to do so.

To revise a pre-approved compensation agreement, a Bankruptcy Court must **explain with specificity** why the subsequent developments were "incapable of being foreseen." *In re Barron, at 693;* see *also* 3 Collier on Bankruptcy § 328.01 (16th ed. 2009) ("A failure by the bankruptcy court to make a record establishing that the approval was improvident and *setting out*

*with specificity (not conclusory statements)* **the development** that **could not have been anticipated** at the time of approval will be insufficient to comply with the requirements of section 328.") The Bankruptcy Court did not do so with DE 279 or 348.

## CONCLUSION:

Appellant's Section 328 pre-approved fee contract may not be modified. Appellant is owed $34,100.00, as claimed and pre-approved.

## RELIEF REQUESTED:

Enter this Court's Order(s):

1. REVERSE Case No. 12-32264, DEs 391, 346, 325, and 285.

2. GRANT Appellant's APPLICATION, Case No. 12-32264, DE 270; and, order SWEET immediate pay Appellant $34, 100.00 in immediately available funds, which may not be modified or reduced for any reason.

3. DECLARE as a matter of law, the Residence and Equipment were recovered by Appellant/Mason in 2014, not by SWEET in 2017;

4. DECLARE, as a matter of law, SWEET'S compensation – if any – must be limited to the commission stated in 11 USC 326(a); and, may not be increased, for any reason, pursuant to 11 USC 328(b);

5. GRANT any further and additional relief this Court deems just.

**3. As a matter of law, proceeds of the sale of bankruptcy estate assets encumbered by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3]**

## SPECIFIC ISSUE-RELATED FACTS:

Appellant, a secured creditor, holds a perfected lien. Duggan, a Judgment Lien creditor, held a perfected Judgment Lien. Both liens attached to the Residence. Appellant's lien also attached to the Equipment. Both were transferred to the proceeds of SWEET'S private sale. See, PP 19, ns 55 and 56. SWEET sold the property May 31, 2019.

Both liens should have been paid, in full, at the time of sale, May 31, 2019.[100] SWEET did not do this. SWEET paid a partial payment to Duggan of her original Judgment, but refused to pay damages/attorney fees she incurred- post judgment- as required by Michigan law. See, P16, n 42. SWEET paid Appellant nothing. At this writing, SWEET holds encumbered sale proceeds of $30,444.50. See, P20, n 61.[101]

## ARGUMENT:

In *Czyzewski v. Jevic Holding Corp., 580 US 451, 137 S. Ct. 973, 979, 197 L. Ed. 2d 398 ( 2017)*, the US Supreme Court stated:

---

[100] Standard commercial practice - in realty sales - to convey "clear title".
[101] Appellant now holds Duggan's claim to the unpaid portion of her lien, See, P19, ns 57 and 58; EXHIBITS 2A AND 2B.

> **"The Code also sets forth a basic system of priority, which ordinarily determines the order in which the bankruptcy court will distribute assets of the estate. Secured creditors are highest on the priority list, for they must receive the proceeds of the collateral that secures their debts.** 11 U.S.C. § 725 Special classes of creditors, such as those who hold certain claims for taxes or wages, come next in a listed order. §§ 507, 726(a) (1). Then come low-priority creditors, including general unsecured creditors. § 726(a) (2).
>
> **The Code makes clear that distributions of assets in Chapter 7 liquidation must follow this prescribed order.** §§ 725, 726."

This basic priority applies where there are no unencumbered funds to pay administrative claims [priority or non-priority]. Secured collateral may not be used to pay administrative expenses. *Hartford Und. Ins. Co. v. Union Planters Bank NA,* 530 US 1 (2000); *In re Ferncrest Partners Ltd.,* 66 F.3d 778, 782-3 (6th Cir 1995); *In re Foremost Mfg. Co.*, 137 F.3d 919, 923-4 (6th Cir 1998); See, also *United States v. Ron Pair Enterprises, 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).* This basic priority applies to state law attorney liens. *In re Two Gales, Inc., 454 BR 427, 433-436 (BAP 6th Cir 2011).*

## CONCLUSION:

SWEET and his general counsel, Mr. Glusac, are unsecured priority administrative claimants. Any fee or expense awarded to either [as trustee or attorney] is not a perfected secured lien. Whether SWEET can be paid

"attorney fees"; or, SWEET is limited to a percentage **"trustee fee"**, under

Section 326; or, SWEET'S **"trustee fee"** can be augmented by **"attorney**

**fee work"**, under Section 328(b); SWEET and his general counsel may not,

as a matter of law, be paid until Appellant has been paid in full.

## **RELIEF REQUESTED:**

Enter this Court's Order(s):

1. REVERSE Case No. 12-32264, DE 391.

2. GRANT Appellant's MOTION TO PAY SECURED LIEN, DE
   355.

3. DECLARE Appellant/Duggan's secured lien(s) take priority over
   any amounts claimed by unsecured administrative claimants,
   including SWEET and his general counsel Glusac, as a matter of
   law under 11 USC 725;

4. ORDER Appellant/Duggan's secured lien(s) be immediately paid,
   in full, with statutory interest from May 31, 2019 to the date of
   payment, in immediately available funds.

5. AWARD such further and additional relief as this Court deems
   just.

**4. Case No. 12-03348, DE 418 and 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) they are "structurally defective" as entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6]**

## SPECIFIC ISSUE-RELATED FACTS:

Appellant, for Plaintiffs, filed a five (5) Count Complaint [Case No. 12-03348] against Pichler and others to recover fraudulently transferred property [Mason] and for damages [Duggan] on September 20 2012. See, P9; P16, n41. Counts I, III and IV were resolved. On October 16, 2014, the District Court withdrew the reference on the remaining **"noncore"** [Counts II and V] damage claims. See, PP 11-12 and n 18. Pichler's allegations of **"fraud on the court"**, challenging the earlier Judgment on **core** claims in Counts I and IV, were ruled irrelevant to Counts II and V withdrawn to District Court. See, P 12 and ns 19, 20.

On November 17, 2014, the Bankruptcy Court made a finding that Debtor fraudulently transferred $109,000.00 cash to Pichler, before filing bankruptcy. See, P 11 and n22. The Bankruptcy Court never provided the Amended Report and Recommendation ordered by the District Court. The District Court **"administratively closed"** the removed case August 14, 2017, **UNTIL** the amended report was filed, to be **REOPENED** at that time. See, PP 13, ns 23 and 24.

On October 16, 2017, Pichler presented a proposed Order to dismiss

the case, with prejudice in bankruptcy court. DE 405. Duggan objected. See,

P 15, n34. On October 31, 2017, the Bankruptcy Court entered its Order

giving Duggan 60 days to find new counsel. P 15-16, ns 37, 38. Pichler's

counsel submitted a new proposed order of dismissal, DE 418, three (3) days

later. The Bankruptcy Court entered both DE 418 and 422 [an amended

variation of DE 418] dismissing the entire case over Duggan's unresolved

Objections. See, P15, n 34. Duggan still had 48 days remaining to obtain

new counsel.

## ARGUMENT:

### A. The Bankruptcy Court lacked jurisdiction
### to Dismiss Case No. 12-03348.

Administrative closures are a tool of docket management. In effect,

they amount to an "**essentially ad hoc[] way in which courts remove cases**

**from their active files without making any final adjudication.**" The

closing "**has no effect other than to remove a case from the [district]**

**court's active docket and permit the transfer of records associated with**

**the case to an appropriate storage repository.**" An administrative closure

is not tantamount to a formal dismissal of a case. *Rodriguez v. Hirshberg*

*Acceptance Corp.*, 62 F. 4th 270, 274 (6th Cir 2023). The District Court, in

Case 12-03348, confirmed this, stating its closure only STAYED the case

until the Amended Report and Recommendation was filed. See, P13, ns 23, 24. The Bankruptcy Court, therefore, had no jurisdiction to dismiss the case.

The Bankruptcy Court, like the trial court in *Rodriguez,* explained its dismissal of a case it had NO jurisdiction to dispose of, by relying on **"general statutory rules"**, DE 451. The Rodriguez panel expressly rejected this approach as an **"abuse of discretion"**. *Rodriguez,* at 276-77. Assuming jurisdiction, a proper dismissal should have applied FRCP 41(b) and the four (4) part test for assessing whether to dismiss a case with prejudice. *Rodriguez*, at 277-78; *Wu v. TW Wang, Inc.*, 420 F.3d 641, 643 (6th Cir 2005); *Knoll v. Am. Tel & Tel Co.,* 176 F.3d 359, 363 (6th Cir 1999). The Bankruptcy Court below did not do this.

A bankruptcy court has no judicial power to enter an order that exceeds the statutory and/or equitable boundaries of the applicable statute or rule. Any such order is void. *Law v. Siegel,* 571 US U.S. 415, 134 S.Ct. 1188, 1194-5, 188 L.Ed.2d 146 (2014); *In re Baker,* 791 F. 3d 677 (6th Cir 2015). An order that exceeds the judicial power of the entering court is an abuse of discretion. *IN RE UNIVERSITY OF MICHIGAN,* 936 F. 3d 460, 462-463 (6th Cir 2019); *Jordon v. Gilligan,* 500 F. 2d 701 (6th Circuit 1974) (a void judgment is no judgment at all and is without legal effect.);

48

*United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).*

The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis,* 398 F.3d 735, 739 (6th Cir.2005); *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506 (2006). Parties cannot confer subject-matter jurisdiction, by agreement, where it does not otherwise exist. *Sweeton v. Brown,* 27 F.3d 1162, 1168-69 (6th Cir.1994).

### B.  **DE 418 and 422 (amending DE 418) are structurally defective, as entered in violation of Barbara Duggan's due process rights**

An order obtained by violating a party's substantial due process rights is absolutely **"VOID"**. *In re Ruehle, 412 F. 3d 679, 685 (6th Cir 2005); Hughes v. Cabanas del Caribe Hotel, 744 F. Supp. 788,795 (ED Mi 1990).* A fundamental requirement of due process in any proceeding is notice reasonably calculated, under all the circumstances, to afford interested parties an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it **must afford a reasonable time for those interested to make their appearance**. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *UAW v. General Motors Corp.,* 497 F.

3d 615 (6th Cir 2007); *Days Inn Worldwide, Inc. v. Patel, 445 F.3d 899 (6th Cir 2006)* (*entry of judgment 2 days after service of motion); Ruehle*, supra.

DE 418 and DE 422 [amending 418] were presented to the Bankruptcy Court **AFTER** Duggan was given 60 days to locate new counsel; and, 3 days and 13 days - respectively – into that 60 day period. Duggan's Objection to DE 405 was never considered or acted upon. Duggan had every right to rely on the October 31, 2017 Order to prevent any action to prejudice her rights, until the 60 day period expired; and, to the application of FRCP 41(b) in any attempt to do so. *Cowley v. Prudential Sec., Inc.,* No. 21-1635, 2022 WL 2160671, at *2 (6th Cir. June 15, 2022). DEs 418 and 422 are VOID, even if jurisdiction otherwise existed.

### C. Denial of Appellant's FRCP 60(b)(4) to vacate DE 422 was a per se abuse of discretion

Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, or, violated Duggan's due process rights, the judgment is void. It was a per se abuse of discretion to deny Appellant's motion to vacate. *In re G.A.D., Inc.,* 340 F.3d 331, 335-336 (6th Cir.2003); *Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir.1995); Hughes,* supra.

### CONCLUSION:

Case No. 12-03348, DE 418 and 422, were VOID for every reason a judicial order could be VOID. The Bankruptcy Court lacked jurisdiction

over the only remaining Counts [II and V] in the case. The Bankruptcy Court violated Duggan's substantial due process rights by dismissing her significant damage claims during the sixty (60) day period that court granted her, to obtain new counsel. Last, the Bankruptcy Court failed to apply FRCP 41(b) and its four part test for dismissal with prejudice.

## **RELIEF REQUESTED:**

Enter this Court's Order(s):

1. REVERSE Case No. 12-03348, DEs 418, 422 and 452.

2. GRANT Judgment for Duggan/Appellant against Pichler in the amount of $109,000.00, under Counts II and V of her Complaint in Case No. 12-03348;

3. GRANT Judgment for Duggan/Appellant against Pichler, in the amount of $47,333.19,[102] under Counts II and V, for her Michigan post-Judgment attorney fee damages litigating fraudulent transfers to Pichler;

4. GRANT such further and additional relief as this Court deems just.

---

[102] See, APPELLANT AFFIDAVIT, Exhibit 2A, P2.

**5. A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three (3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11]**

## SPECIFIC ISSUE-RELATED FACTS:

Case No. 20-03012 "jumped ahead" of Case No. 19-03018 [in disposition] due to a pending motion to withdraw reference in 19-03018. There is no dispute that, in BOTH cases, SWEET did NOT plead the Affirmative Defense of **"Qualified/Derivative Immunity"** (hereinafter Immunity") to the Michigan statutory claims of breach of fiduciary duty, waste to realty, and, statutory conversion asserted against him. There is no dispute that, in BOTH cases, SWEET did NOT file a FRCP 15(a) motion to assert any Affirmative Defense, and, did NOT obtain leave to do so.

In Case No. 19-03018, SWEET waited until Appellant responded to his Summary Judgment motions, read the Response, then proceeded to unilaterally file a belated Affirmative Defense. In Case No. 20-03012, SWEET did not bother to file a belated Affirmative Defense. The Bankruptcy Court *sua sponte* raised the Affirmative Defense for him;

**AFTER** SWEET waived the defense. SWEET simply followed the Bankruptcy Court's direction and filed a Summary Judgment motion based on the waived defense.

## ARGUMENT:

FRCP 8(c) identifies a non-exhaustive list of affirmative defenses that **must be pleaded** in response to a complaint. *Jones v. Bock, 549 U.S. 199, 212 (2007)*. Immunity is one of them. *Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)*; *Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)*. FRCP 8(c), and all the Federal Rules of Civil Procedure are as binding as any statute duly enacted by Congress. Federal courts have no more discretion to disregard the Rule[s] than they do to disregard constitutional or statutory provisions. *Chambers v. NASCO, Inc., 501 U.S. 32, 66 (1991) (Kennedy, J., dissenting) (alteration in original) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988))*. The burden of **pleading** and **proving** Immunity rests with the defendant. *Crawford-El v. Britton*, 523 U.S. 574, 595, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Gomez*, supra at 640; *Burns v. Reed, 500 U.S. 478, 486;111 S.Ct. 1934, 1939;114 L.Ed.2d 547 (1991); King v. McCree*, 573 F. App'x 430, 437 (6th Cir. 2014) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)); *Alexander v. Alexander, 706 F.2d 751, 754 (6th Cir.1983); Balderaz*

*v. Porter*, 578 F.Supp. 1491, (S.D.Ohio 1983). **AFTER** properly pleading it, a trustee "**proves**" the Immunity defense, by a preponderance of evidence showing: (1) full and frank disclosure to creditors and the court; and, (2) no prevarication or act in bad faith. *In Re McKenzie, 716 F.3d 404,414 (6th Cir 2013)*; *King,* at 437; *Mosser v. Darrow,* 341 US 267, 274; 71 S.Ct. at 683; 95 L. Ed. 927 (1951). SWEET admitted he could not meet this burden of proof in either case. See, P17 - 18, ns 44-46.

Every defense to a claim for relief must be asserted in the responsive pleading. FRCP 12(b). "Firm application of the Federal Rules of Civil Procedure is fully warranted" in cases in which qualified immunity is raised as an affirmative defense. *Goad v. Mitchell,* 297 F.3d 497, 504-05 (6th Cir.2002); *Crawford-El v. Britton,* at 597. Unless affirmatively pleaded, the Immunity defense is waived. *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996); *Kennedy v. City of Cleveland,* 797 F.2d 297 (6th Cir.1986). Failure to raise the Immunity defense results in forfeiture. *Summe v. Kenton Cnty. Clerk's Off.,* 604 F.3d 257, 269 (6th Cir. 2010); *English v. Dyke,* 23 F.3d 1086, 1090 (6th Cir. 1994). A defendant who fails to show "that it even made a good faith effort to comply with the standard procedure for raising affirmative defenses" has waived its defense. *U.S. Fire Ins. Co. v. City of Warren,* 87 Fed.Appx. 485, 491 (6th Cir.2003). SWEET waived the

Immunity defense, in both cases, by not pleading it. *Wood v. Milyard,* 566

US 463; 132 S. Ct 1826, 1832; 182 L. Ed. 2d 733 (2012). *Massaro v. United*

*States,* 538 US 500, 504; 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

In Case No. 20-03012, Immunity was raised, *sua sponte*, by the

Bankruptcy Court. DE 44, P2, n2, and, it directed SWEET to file a summary

judgment motion. The Bankruptcy Court acknowledged this, in DE 79, P2:

> "The Court noted in Footnote 2 at the end of the above paragraph:
> The Court notes that while Defendant Tindall may have stated a
> plausible claim under Rule 12(b) (6), **the Plaintiff Trustee's actions**
> **in executing the various orders of this Court including the March**
> **13, 2019 Order Granting the sale of property, transferring the**
> **subject judgment lien to the proceeds of that sale, would provide**
> **the Trustee with "derived judicial immunity," which would**
> **provide an arguable basis for summary judgment for the Plaintiff**
> **Trustee as to the Counterclaim.** *See LeBlanc v. Salem (Mailman*
> *Steam Carpet Cleaning Corp.),* 196 F.3d 8-9 (1st Cir. 1999). "

Since Immunity is a waivable defense, it is error for a court to raise the issue

*sua sponte. Arizona v. California, 530 US 392, 413-13 (2000); Henderson*

*ex rel. Henderson v. Shinseki,* 562 US 428, *131 S. Ct. 1197, 1202*, 179 L.

Ed. 2d 159 *(2011).* Otherwise, the waiver aspect of Rule 8(c) would have

little meaning. *Summe, at* 269-70 (6th Cir. 2010); *Haskell v. Washington*

*Township,* 864 F.2d 1266, 1273 (6th Cir. 1988); *McGraw v. Matthaei,* 388

F. Supp. 84, 88-89 DC ED MI 1972). SWEET waived Immunity in Case No.

20-03012.

In Case No. 19-03018, SWEET unilaterally filed an Amended

Affirmative Defense, three (3) years after forfeiture, without a Rule 15(a)

motion, or, leave granted. P 22, n78, supra. SWEET did exactly what the

SIXTH Circuit prohibits; using a Response to amend, or, seek amendment of

his pleadings. *Bates v. Green Farms Condominium Association, 958 F. 3d*

*470, 483-84 (6th Cir 2020) (*Plaintiffs **cannot, by contrast, amend their**

**complaint in an opposition brief …***). Robbins v. New Cingular Wireless*

*PCS, LLC,* 854 F.3d 315, 322 (6th Cir. 2017); *Kuyat v. BioMimetic*

*Therapeutics, Inc.,* 747 F.3d 435, 444 (6th Cir. 2014); *Narducci v. Moore,*

572 F.3d 313 (7th Cir.2009) (failure to raise qualified immunity before the

reply brief waived that defense in summary judgment proceedings);

*Crawford-El v. Britton,* at *595.*

FRCP 15(a) clearly requires "**leave" of the court** to file an amended

pleading: "... **a party may amend … only by leave of court…".** Fed R.

Bank. Pro. 9014(a) requires relief "**be requested by motion",** and, requires

reasonable notice and opportunity for hearing to the opposing party. ED MI

LBR 9014-1 requires "**a party seeking relief must file a motion."** *Waskul*

*v. Washtenaw County Community Mental Health, 979 F. 3d 426 (6th Cir*

*2020); Bates, supra.* Allowing amendment after summary judgment motions

begin is especially problematic. *Glazer v. Chase Home Fin. LLC,* 704 F.3d

453, 458-59 (6th Cir. 2013) ("[A]llowing amendment under these

circumstances would encourage delay and bad faith ..."), *abrogated on*

*other grounds by Obduskey v. McCarthy & Holthus LLP, 586 U.S. ___, 139*

*S. Ct. 1029, 203 L.Ed.2d 390 (2019).*

On December 28, 2022, at 11:32-33 the Bankruptcy Court granted

SWEET's Summary Judgment motion, reciting and relying on Immunity, an

Affirmative Defense **that did NOT exist** at 11:32-33. The Bankruptcy Court did

not refuse to strike Immunity, as an Affirmative Defense, until 11:34. It did not

allow Immunity, as an Affirmative Defense, until 11:36. See, P22, ns 80, 82, 83.

**UNTIL** a **written** order is **entered** on the docket, in compliance with Rule

5003, no such order exists. Fed. R. Bank Pro. 9021. Therefore, no basis for

Summary Judgment existed when Summary Judgment was granted in Case

No. 19-03018.

## CONCLUSION:

SWEET'S attempts to "revive" a waived Immunity Affirmative

Defense [Case No. 19-03018 by amendment] and [Case No. 20-03012, by

motion sua sponte directed by the Bankruptcy Court] were, as a matter of

law, ineffective. The Bankruptcy Court Order, DE 116, purporting to grant

Summary Judgment based on a defense that did not exist [whether due to

waiver by SWEET, or, premature entry under FRBP 9021] was, as a matter

of law, equally ineffective. Under either scenario, SWEET freely admitted misrepresentations and nondisclosures that clearly defeated even a properly preserved Immunity defense. P17-18, ns 44-46. Summary Judgment for Sweet should have been denied in both cases. Summary Judgment for Appellant/Duggan should have been granted in both cases.

## RELIEF REQUESTED:

Enter this Court's Order(s):

1. REVERSE Case No. 19-03018, DEs. 131, 118, 117 and 116;

2. REVERSE Case No. 20-03012, DEs 78,79, 80, 81 and 83.

3. GRANT Case No. 20-03012, DEs 55 and 62.

4. GRANT Judgment for Appellant/Duggan against SWEET and his bond/bonding company, jointly and severally, for statutory waste to the Residence in the amount of $262,452.00 [$327,452 - $65,000],[103] times two (2x) for a total of $524,904 for statutory waste, pursuant to MCL 600.2919(2)(a);

5. GRANT Judgment for Appellant/Duggan against SWEET and his bond/bonding company, jointly and severally, for intentional fraud and breach of fiduciary duty in the amount of $156,333.19

---

[103] Case No. 19-03018, DE 89, PP 114-15.

[$109,000.00 + $47,333.19] by fiduciary defalcation. *In re*

*Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir 1985).

6. GRANT Judgment for Appellant/Duggan against SWEET and his

bond/bonding company, jointly and severally, in the amount of

$468,999.57 [$156,333.19 x 3] for statutory treble (3x) damages,

pursuant to MCL 600.2919(a);

7. GRANT such further and additional relief as this Court deems just.

**6. The Bankruptcy Court lacked Article III power, as a matter of
law, to grant Summary Judgment in Case Nos. 19-03018 and 20-
03012 [ISSUE 10]**

## SPECIFIC ISSUE-RELATED FACTS:

Case Nos. 19-03018 and 20-03012 asserted nearly identical counterclaims,

under Michigan law, against SWEET for his **intentional acts** damaging the

bankruptcy estate[104] and Duggan, its secured creditor.[105] These claims included:

---

[104] *28 U.S.C. § 959(b)* states: "(b) Except as provided in section 1166 of title
11, a **trustee, receiver or manager appointed in any cause pending in
any court of the United States**, including a debtor in possession, **shall
manage** and operate the property in his possession as such trustee,
receiver or manager **according to the requirements of the valid laws of
the State in which such property is situated**, in the same manner that
the owner or possessor thereof would be bound to do if in possession
thereof."

[105] *MCL 600.2932(1)* states, in pertinent part: "(1) **Any person**, whether he
is in possession of the land in question or not, **who claims any right in**, title
to, ... **interest in**, or right to possession of land, **may bring an action** ....
against any other person who claims or might claim any interest inconsistent

(a)   **intentionally** fraudulent and incompetent actions constituting "waste" to the Residence, a Michigan statutory claim under MCL 600.2919(2)(a), for double damages;

(b)   Michigan common law claim for **intentional** "fraud" and "breach of fiduciary duty; *In re Cannon,* 277 F.3d 838, 846 (6th Cir. 2002) (although not an issue raised on appeal, the Sixth Circuit nevertheless categorized a claim for breach of fiduciary duty as a **"non-core"** claim); and,

(c)   a Michigan statutory claim for treble damages, under MCL 600.2919a, for intentional conversion.  See, P21, n69 supra; P 23, n 86, supra.

The Bankruptcy Court, in both cases, held these counter claims were **"statutory core"** matters, under 28 USC 157, giving it jurisdiction to determine and enter a final judgment. As a matter of law, the Bankruptcy Court lacked CONSTITUTIONAL POWER, under Article III, to enter a judgment in either case, whether statutory **"core"** or **"noncore"**.

## ARGUMENT:

There is no "federal" cause of action for intentional fraud, conversion, or breach of fiduciary duty by a bankruptcy trustee. *In re Wall Tube & Metal Products, 831 F.2d 118 (6th Cir. 1987); In re Brown, 851 F. 3d 619 (6th Cir 2017). 11 USC 704* lists specific fiduciary duties imposed on a bankruptcy trustee. Section 704 is NOT exclusive, but is supplemented by common law.

with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not."

*In re Big Rivers Elec. Corp., 355 F. 3d 415, 432-33 (6th Cir 2004)*(An examiner's duties in a bankruptcy proceeding, then, flow from the Code, the Federal Rules of Bankruptcy Procedure and the common law, including the once-distinct principles of equity.); *Young v. United States, 535 U.S. 43, 53, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002)* ("[T]he Bankruptcy Code *incorporates* traditional equitable principles."); *Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 355 (1985)(same).* Section 704 also does NOT impose liability for breach of a trustee's fiduciary duties. *In re Hutchinson, 5 F. 3d 750, 752 (4th Cir 1993) (*"Although the Bankruptcy Code imposes specific duties on bankruptcy trustees, (*citations omitted*), the Code does not explicitly make trustees liable for breach of those duties. The source of trustee liability lies in the Supreme Court's decision in *Mosser v. Darrow); Mosser v. Darrow, 341 U.S. 267, 271, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951)* ("Equity tolerates in bankruptcy trustees no interest adverse to the trust.").

As set forth in significant detail in *Waldman v. Stone, 698 F.3d 910, 916-18 (6th Cir 2012)* (citing substantially and relying on *Stern v. Marshall, 564 US 462 (2011)*), the SIXTH CIRCUIT clearly distinguished between **"statutory core authority"** under 28 USC 157, and, **"constitutional power"**, under Article III. They are two completely separate issues.

"Congress has granted bankruptcy judges differing authority depending on whether a claim in bankruptcy is "core" or not. 28 U.S.C. § 157" …And this objection — that the bankruptcy court acted beyond its **statutory authority** under § 157 — can be forfeited." at 916-7

**✶✶✶✶✶✶✶✶✶✶✶✶✶✶**

"Waldman's more serious argument is that the bankruptcy court lacked **constitutional authority** to enter judgment on Stone's claims… And **Waldman contends that the bankruptcy court exercised Article III "judicial Power" when it entered final judgment here.** Thus, Waldman concludes, the judgment against him was entered in violation of the Constitution…. Waldman's objection thus implicates not only his personal rights, but also the structural principle advanced by Article III. And that principle is not Waldman's to waive. "at 918[106]

**✶✶✶✶✶✶✶✶✶✶✶✶✶✶**

"The adjudication of so-called private rights — historically described as "**the liability of one individual to another under the law as defined**" — is part of the judicial Power reserved to Article III courts under the Constitution. *Stern, 131 S.Ct. at 2612*. Bankruptcy courts therefore **cannot** enter final judgments as to claims involving liability between individuals, unless the claim falls within the so-called "public rights" exception to Article III. *Id.* at 2610." AT 918

*Waldman* clearly held that when a claim **arises only under state-law**, and, is not "necessarily resolved in the claims allowance process [,]" 131 S.Ct. at 2618; then the bankruptcy court is constitutionally prohibited from entering final judgment. *Stern* at 2614. *Waldman* at 919. Waldman "divided"

"**statutory core**" claims between "**disallowance**" claims, and, "**affirmative**"

---

[106] *Spierer v. Federated Dep't. Stores, Inc. (In re Federated Dep't. Stores, Inc.), 328 F.3d 829, 833 (6th Cir. 2003)* ("**That the Spierers failed to suggest while in bankruptcy court that the stay was imposed in violation of Article III is irrelevant**").

claims seeking money damages.[107] The Bankruptcy Court had no

constitutional power to enter a final judgment on **"affirmative"** claims. It

was required to submit findings of fact and conclusions of law to the District

Court.

## CONCLUSION:

The Counter Complaints in Case Nos. 19-03018 and 20-03012 clearly

presented **"affirmative"** claims arising under Michigan law that could/would not

be resolved in the "claims allowance" process. Whether **"statutory core"** or not,

the Bankruptcy Court below lacked constitutional power, under Article III, to

enter a final judgment in either case. The Judgments entered in both cases below

are void.

## RELIEF REQUESTED:

Enter this Court's Order(s):

1. REVERSE Case No. 19-03018, DE 119;

2. REVERSE Case No. 20-03012, DE 98.

3. GRANT Case No. 20-03012, DEs 55 and 62.

---

[107] "In contrast, **Stone's affirmative claims <u>sought money damages arising from the fraud</u>** that Waldman perpetrated on Stone. Like Vickie's counterclaim in *Stern,* **those <u>claims</u> arose exclusively under state law and <u>existed without regard to any bankruptcy proceeding.</u>** *See* 131 S.Ct. at 2618 (**"Vickie's claim ... is in no way derived from or dependent upon bankruptcy law"**). And the affirmative claims were not a part of Stone's effort to restructure his relations with his creditors in bankruptcy; rather, **<u>they only sought money damages...</u>**"*Waldman at 921.*

4. GRANT Judgment for Appellant/Duggan against SWEET and his bond/bonding company, jointly and severally, for statutory waste to the Residence in the amount of $262,452.00 [$327,452 - $65,000],[108] times two (2x) for a total of $524,904 for statutory waste, pursuant to MCL 600.2919(2)(a);

5. GRANT Judgment for Appellant/Duggan against SWEET and his bond/bonding company, jointly and severally, for intentional fraud and breach of fiduciary duty in the amount of $156,333.19 [$109,000.00 + $47,333.19] by fiduciary defalcation. *In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir 1985).

6. GRANT Judgment for Appellant/Duggan against SWEET and his bond/bonding company, jointly and severally, in the amount of $468,999.57 [$156,333.19 x 3] for statutory treble (3x) damages, pursuant to MCL 600.2919(a);

7. GRANT such further and additional relief as this Court deems just.

Dated: 7 / 5 /23

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

## CERTIFICATION:

I hereby certify that the foregoing brief complies with the type-volume limitation provided in *Fed Rul. Bank. Pro. 8015(a)(7)(B)(i)* and contains 12,499 words of Time New Roman (14 point) proportional type prepared with Microsoft Word for Windows 7 Professional Edition.

---

[108] Case No. 19-03018, DE 89, PP 114-15.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DISTRICT COURT NO. 23-10171**
Honorable David A. Lawson

IN RE:
**CHRISTOPHER D. WYMAN**
*Debtor(s),*

**BANK CASE NO. 12-32264**
**CHAPTER 7**
**HON: D. S. OPPERMAN**

_____ \

**MICHAEL E. TINDALL**,
                    Appellant,
v.

**SAMUEL D. SWEET,**
                    Appellee.

_____ \

## CERTIFICATE OF SERVICE
### (Modified for PEDUP)
Appellant, in pro per, hereby certifies that

## APPELLANT'S BRIEF ON APPEAL WITH EXHIBITS
### *Revised per DE 26*

was submitted for filing through the PEDUP program on July ⟨5⟩, 2023

and will be served on Appellee Trustee Sweet by the Clerk's filing through

the Court's ECF System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated:7/5/2023

1

MEMBERS
**LOUANN VAN DER WIELE**
*CHAIRPERSON*
**REV. MICHAEL MURRAY**
*VICE-CHAIRPERSON*
**DULCE M. FULLER**
*SECRETARY*
**JAMES A. FINK**
**JOHN W. INHULSEN**
**JONATHAN E. LAUDERBACH**
**BARBARA WILLIAMS FORNEY**
**KAREN D. O'DONOGHUE**
**MICHAEL B. RIZIK, JR.**

**MARK A. ARMITAGE**
*EXECUTIVE DIRECTOR*

**WENDY A. NEELEY**
*DEPUTY DIRECTOR*

**KAREN M. DALEY**
*ASSOCIATE COUNSEL*

**SHERRY L. MIFSUD**
*OFFICE ADMINISTRATOR*

**ALLYSON M. PLOURDE**
*CASE MANAGER*

**OWEN R. MONTGOMERY**
*CASE MANAGER*

**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD



211 WEST FORT STREET, SUITE 1410
DETROIT, MICHIGAN 48226-3236
PHONE: 313-963-5553  |  FAX: 313-963-5571

www.adbmich.org

September 21, 2017

TO:   Michael E. Tindall, 6312 Seven Corners Ctr, Ste. 374, Falls Church, VA 22044-2409
          18530 Mack Ave., Ste. 430, Grosse Pointe Farms, MI 48236
      Kimberly L. Uhuru, 535 Griswold St., Ste. 1700, Detroit, MI 48226

RE:   *Grievance Administrator v Michael E. Tindall*
      Case No. 14-36-GA

Enclosed for your records is the notice of discipline, pending appeal, which was issued by our office today.

Very truly yours,

Owen R. Montgomery
Case Manager

Enclosure

MEMBERS
**LOUANN VAN DER WIELE**
*CHAIRPERSON*
**REV. MICHAEL MURRAY**
*VICE-CHAIRPERSON*
**DULCE M. FULLER**
*SECRETARY*
**JAMES A. FINK**
**JOHN W. INHULSEN**
**JONATHAN E. LAUDERBACH**
**BARBARA WILLIAMS FORNEY**
**KAREN D. O'DONOGHUE**
**MICHAEL B. RIZIK, JR.**

**MARK A. ARMITAGE**
*EXECUTIVE DIRECTOR*
—
**WENDY A. NEELEY**
*DEPUTY DIRECTOR*
—
**KAREN M. DALEY**
*ASSOCIATE COUNSEL*
—
**SHERRY L. MIFSUD**
*OFFICE ADMINISTRATOR*
—
**ALLYSON M. PLOURDE**
*CASE MANAGER*
—
**OWEN R. MONTGOMERY**
*CASE MANAGER*
—
**JULIE M. LOISELLE**
*RECEPTIONIST/SECRETARY*

# STATE OF MICHIGAN
# ATTORNEY DISCIPLINE BOARD



211 WEST FORT STREET, SUITE 1410
DETROIT, MICHIGAN 48226-3236
PHONE: 313-963-5553  I  FAX: 313-963-5571

www.adbmich.org

## NOTICE OF DISBARMENT
### (Pending Review)

Case No. 14-36-GA

**Notice Issued: September 21, 2017**

Michael E. Tindall, P 29090, Falls Church, Virginia, by the Attorney Discipline Board Tri-County Hearing Panel #104.

Disbarred, Effective September 20, 2017

Based on the evidence presented by the parties at the hearings held in this matter, the hearing panel found that respondent committed the professional misconduct alleged in the formal complaint by bringing frivolous proceedings and asserting frivolous issues, in violation of MRPC 3.1. The panel also found that respondent engaged in conduct that involved dishonesty, fraud or misrepresentation, where such conduct reflected adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of MRPC 8.4(b); engaged in conduct that was in violation of the Michigan Rules of Professional Conduct, in violation of MRPC 8.4(a) and MCR 9.104(4); engaged in conduct that was prejudicial to the administration of justice, in violation of MRPC 8.4(c) and MCR 9.104(1); engaged in conduct that exposed the legal profession or the courts to obloquy, contempt, censure, or reproach, in violation of MCR 9.104(2); and engaged in conduct that was contrary to justice, in violation of MCR 9.104(3).

The panel ordered that respondent be disbarred from the practice of law. Respondent filed a timely petition for review and this matter has been scheduled for hearing before the Attorney Discipline Board. Respondent also filed a request for a stay of discipline which was denied by the Board on September 21, 2017.

Mark A. Armitage
Executive Director

STATE OF MICHIGAN

# Attorney Discipline Board

FILED
ATTORNEY DISCIPLINE BOARD

2018 JUN 13  PM 3: 24

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

      Petitioner/Appellee,

v                                         Case No.  14-36-GA

MICHAEL E. TINDALL, P 29090,

      Respondent/Appellant.

_____/

## ORDER AFFIRMING HEARING PANEL ORDER OF DISBARMENT

Issued by the Attorney Discipline Board
211 W. Fort St., Ste. 1410, Detroit, MI

      On August 29, 2017, Tri-County Hearing Panel #104 of the Attorney Discipline Board entered an Order of Disbarment in this matter.  On September 18, 2017, respondent filed a petition for review and petition for stay of discipline.  On September 21, 2017, the Attorney Discipline Board issued an order denying respondent's request for a stay of discipline.

      The Attorney Discipline Board has conducted review proceedings in accordance with MCR 9.118, including review of the record before the hearing panel and consideration of the briefs and arguments presented to the Board at a review hearing conducted on December 13, 2017.

      **NOW THEREFORE**, for the reasons set forth in the accompanying opinion,

      **IT IS ORDERED** that the hearing panel Order of Disbarment issued on August 29, 2017, is **AFFIRMED**.

      **IT IS FURTHER ORDERED** that respondent shall, on or before July 12, 2018, pay costs incurred by the Attorney Discipline Board for the transcript of review proceedings conducted on December 13, 2017, in the amount of **$137.50**.  This amount is in addition to the costs previously assessed in the hearing panel order of August 29, 2017, together with interest pursuant to MCR 9.128.  Total costs assessed and owed are **$4,804.94**.  Check or money order shall be made payable to the Attorney Discipline System, and submitted to the Attorney Discipline Board [211 West Fort St., Suite 1410, Detroit, MI 48226] for proper crediting.  (See attached instruction sheet).

ATTORNEY DISCIPLINE BOARD

      By:              _____

Dated: June 13, 2018            Louann Van Der Wiele, Chairperson

Board members Louann Van Der Wiele, Rev. Michael Murray, Barbara Williams Forney, James A. Fink, John W. Inhulsen, Jonathan E. Lauderbach, Karen O'Donoghue, Michael B. Rizik, Jr., and Linda Hotchkiss, MD concur in this decision.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

———————————————\

CASE NO. 12-32264
CHAPTER 7

## AFFIDAVIT

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34), and a party in interest holding a secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter collectively "allowed secured claim"), being first dully sworn deposes and says:

1. I acted as attorney for MS BARBARA DUGGAN from approximately March 2012 through October 13, 2017.

2. I make this Affidavit from personal knowledge and from the business records of TINDALL LAW and can personally testify to the facts contained herein if called upon to do so.

3. Throughout the period April 1, 2012 to October 13, 2017, MS. BARBARA DUGGAN incurred attorney fees and out of pocket costs to enforce/collect her Amended Judgment against Christopher Wyman from Wyman, and, various fraudulent transferees including Diana Gentry, Edward Linck, Michelle Pichler and others.

4. The fees and costs incurred by MS. DUGGAN during this period were paid by her, as follows:

1

| DATE | FEES | COSTS |
|------|------|-------|
| 4/1/12 | 2500.00 | |
| 4/11/12 | | 72.99 |
| 4/27/12 | | 89.00 |
| 4/30/12 | | 1086.10 |
| 4/30/12 | | 504.85 |
| 5/1/12 | | 360.00 |
| 5/4/12 | | 131.00 |
| 5/16/12 | 670.00 | |
| 1/30/13 | 3212.50 | |
| 6/30/14 | 15,000.00 | |
| 1/16/15 | | 1,500.00 |
| 9/21/15 | 300.00 | |
| 4/25/16 | 5,687.50 | |
| 6/01/19 | 15.500.00 | |
| TOTAL | 42,870.00 | 4,463.19 |
| GRAND TOTAL | | $47,333.19 |

# FURTHER DEPONENT SAITH NOT.

PURSUANT TO 28 USC 1746(2), I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS 16th DAY OF JANUARY 2020.

_/S/_SIGNED ORIGINAL ON FILE_
MICHAEL E. TINDALL

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

Case No. 12-32264
Chapter: 7

Debtor.

Hon. D. S. OPPERMAN

_____/

# ALLOWED SECURED CREDITOR BARBARA DUGGAN'S

## ACKNOWLEDGEMENT OF PARTIAL ASSIGNMENT/TRANSFER OF ALLOWED SECURED CLAIM, CLAIM NO. 1 FILED NOVEMBER 25, 2014

Now Comes Allowed Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC, and hereby acknowledges the partial Assignment/transfer of allowed secured claim, No. 1, dated November 25, 2014, as set forth in DE 201, to MICHAEL E. TINDALL.

Respectfully Submitted,

**BEJJANI LAW PLLC**

/s/ Elie Bejjani

DATED: February 26, 2019

Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

## GENERAL ASSIGNMENT

AGREEMENT entered into by and between BARBARA DUGGAN, hereinafter referred to as "Assignor" and MICHAEL E. TINDALL, hereinafter referred to as "Assignee," on this __23__ day of February 2019.

FOR GOOD AND VALUABLE CONSIDERATION RECEIVED, including but not limited to services provided in connection with obtaining and collecting a certain AMENDED JUDGMENT described below, Assignor hereby unconditionally and irrevocably assigns, grants, and transfers FIFTY PERCENT (50%) of all right, title, and, interest, including all causes/choses in action, in, to and under the following to Assignee, in accordance with Fed. R. Bank P. 3001(e)(2):

> That certain AMENDED JUDGMENT dated April 24, 2012 and associated allowed secured PROOF OF CLAIM, and, any JUDGMENT based thereon or arising therefrom dated November 25, 2014, not to exceed $15,300.00 plus statutory interest and any fees or costs awarded, recorded August 23, 2018 with the Livingston County Register of Deeds , Livingston County MI at 2018R-022732;

> All claims now existing or hereafter arising in Case No. 12-32264 now pending before the US Bankruptcy Court, Eastern District Michigan, arising out of or related to the above described secured PROOF OF CLAIM.

The Assignor hereby warrants and represents that the Assignor has reviewed this ASSIGNMENT with and fully consulted with independent counsel before executing this agreement; possesses full right and authority to enter into this Agreement and to transfer the aforementioned rights, title, interest and obligation; and, that Assignor makes this Assignment with a full and complete understanding of this agreement.

This assignment shall be binding upon and inure to the benefit Assignor and Assignee, and to their successors, assigns, and personal representatives.

Signed this __23__ day of February, 2019.

_Barbara Duggan_
**Assignor's Printed Name**

_Barbara Duggan_
**Assignor's Signature**

## ACKNOWLEDGEMENT

The undersigned, counsel of record for BARBRA DUGGAN, Assignor hereunder, acknowledges that I have fully discussed and explained this ASSIGNMENT with and to my client, and, that she executes the same as her free act and deed.

_Elie Bejjani (P74626)_
**Counsel's Printed Name**

_____
**Counsel's Signature**

Date: _February 25, 2019_

## ACCEPTANCE OF ASSIGNMENT

_Michael E. Tindall_
**Assignee's Printed Name**

_____
**Assignee's Signature**

Date: _3/25/19_

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - FLINT

IN RE:

### CHRISTOPHER D. WYMAN,

Debtor.

_____/

Case No. 12-32264
Chapter: 7
Hon. D. S. OPPERMAN

## ALLOWED SECURED CREDITOR BARBARA DUGGAN'S
## ACKNOWLEDGEMENT OF ASSIGNMENT/TRANSFER REMAINDER OF ALLOWED
## SECURED CLAIM, CLAIM NO. 1 FILED NOVEMBER 25, 2014
## AND
## TERMINATION OF APPEARANCE

Now Comes Allowed Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC, and hereby acknowledges the Assignment/transfer of the remainder of allowed secured claim, No. 1, dated November 25, 2014, as set forth in DE 318, to MICHAEL E. TINDALL as of January 16, 2020.

Having assigned all interest(s) in these proceedings, as set forth in DE 318, counsel's APPEARANCE in this matter is hereby terminated.

Respectfully Submitted,

**BEJJANI LAW PLLC**

/s/ *Elie Bejjani*

Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: January 16, 2020

## GENERAL ASSIGNMENT

AGREEMENT entered into by and between BARBARA DUGGAN, hereinafter referred to as "Assignor" and MICHAEL E. TINDALL, hereinafter referred to as "Assignee," on this __16__ day of January, 2020..

FOR GOOD AND VALUABLE CONSIDERATION RECEIVED, including but not limited to services provided in connection with obtaining and collecting a certain AMENDED JUDGMENT described below, Assignor hereby unconditionally and irrevocably assigns, grants, and transfers all her remaining interest, being the remaining FIFTY PERCENT (50%) of all right, title, and, interest, including all causes/choses in action, in, to and under the following to Assignee, in accordance with Fed. R. Bank P. 3001(e)(2):

That certain AMENDED JUDGMENT dated April 24, 2012 and associated allowed secured PROOF OF CLAIM, and, any JUDGMENT based thereon or arising therefrom dated November 25, 2014, not to exceed plus statutory interest and any fees or costs awarded, recorded August 23, 2018 with the Livingston County Register of Deeds , Livingston County MI at 2018R-022732;

All claims now existing or hereafter arising in Case No. 12-32264 now pending before the US Bankruptcy Court, Eastern District Michigan, arising out of or related to the above described secured PROOF OF CLAIM, including but not limited to:

(a) Claim for post-petition attorney fees incurred, as originally asserted in DE 305 in the amount of $32,240.34;

(b) Counter Claim for damages for waste and statutory and common law conversion, including double/triple damages, attorney fees and consequential damages, originally asserted in Adv. No. 19-03018, DE 15;

(c) Any and all claims/counterclaims arising therefrom, including but not limited to, BREACH OF FIDUCIARY DUTY against Trustee Sweet;

(d) All right title and interest in Case No 19-11756, Easter District of Michigan, including all rights to trial by jury;

(e) All claims for sanctions, whether by statute or court rule, arising from or out of any of these proceedings.

The Assignor hereby warrants and represents that the Assignor has reviewed this ASSIGNMENT with and fully consulted with independent counsel before executing this agreement; possesses full right and authority to enter into this Agreement and to transfer the aforementioned rights, title, interest and obligation; and, that Assignor makes this Assignment with a full and complete understanding of this agreement.

This assignment shall be binding upon and inure to the benefit Assignor and Assignee, and to their successors, assigns, and personal representatives.

Signed this ___ day of January, 2020.

X ___Barbara Duggan___
**Assignor's Printed Name**

x ___Barbara Dree___
**Assignor's Signature**

## ACKNOWLEDGEMENT

The undersigned, counsel of record for BARBRA DUGGAN, Assignor hereunder, acknowledges that I have fully discussed and explained this ASSIGNMENT with and to my client, and, that she executes the same as her free act and deed.

Elie Bejjani (P74626)
Counsel's Printed Name

Counsel's Signature

Date: 1/16/2020

## ACCEPTANCE OF ASSIGNMENT

Michael K. Tindall
Assignee's Printed Name

Assignee's Signature

Date: 1/16/20