**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
      **CHRISTOPHER D. WYMAN**
                *Debtor(s),*

                                    **ADV.  NO: 20-03012**

———————————————————\
**SAMUEL D. SWEET, Individually and as Trustee,**
        **Plaintiff, Counter Defendant**

                                    **CASE NO. 12-32264**
                                    **CHAPTER 7**

v.

**MICHAEL E. TINDALL, Individually and as 100% Assignee of**
**Barbara Duggan**

        **Defendant, Counter Plaintiff.**
————————————————————\

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**ELIE BEJJANI ESQ**., being first dully sworn deposes and says:

1. I acted as attorney for MS BARBARA DUGGAN with respect to her lien interest in the realty commonly known as 1011 Jones Rd., Howell MI from approximately January, 2018 through January, 2020. I formally appeared in this and related matters in this Court, as counsel of record to MS BARBARA DUGGAN, on December 17, 2018.

2. At no time, from and after December 17, 2018 to and through the current date have I ever been authorized by MS BARBARA DUGGAN, orally or in writing, to contract, agree, commit, relinquish, transfer, convey or do any other act, action or thing

regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

3. At no time, from and after December 17, 2018 to and through the current date have I ever, orally or in writing, contracted, agreed, committed, relinquished, transferred, conveyed or done any other act, action or thing regarding her lien interest as secured creditor in the real property commonly known as 1011 Jones Rd., Howell MI.

4. On July 14, 2018, I formally notified TRUSTEE SAM SWEET, Select Title Agency, Christopher Wyman and Gentry Sales that the principal and interest ONLY due to MS. BARBARA DUGGAN on her lien claim was $31, 227.84. See, Exhibits B and D to attached Exhibit 1. This is/was consistent with 11 USC 502(a) which defines the amount of an outstanding claim as the amount due on the date of the filing of the Petition.

5. On July 14, 2018, MS. DUGGAN'S right to post petition attorney fees, under 11 USC 506, was in active dispute and this Court had not yet determined that her claim was "over secured" as required under that section.

6. On December 18, 2018, I put TRUSTEE SWEET on actual notice that MS BARBARA DUGGAN's secured claim included post-petition attorney fees IN ADDITION TO the [then] amount due for principal and interest of $31,728.79. See Exhibit1

7. On March 13, 2019, this Court ordered all liens, including MS. DUGGAN'S Judgment Lien for principal, interest and post-petition attorney fees transferred to the proceeds of the sale of the realty. Case No 12-32264, DE 212.

2

8.  On May 29, 2019, Trustee Sweet sold the Jones Rd. property for $65,000.00. Trustee Sweet paid $32,288.91, as principal and interest toward allowed secured claim No.1.Trustee Sweet failed to pay the balance of the allowed secured from secured proceeds, under *11 USC 506(b),* on May 29, 2019 due to his outstanding surcharge dispute.

9.  On May 29, 2019, TRUSTEE SWEET should have known he was paying principal and interest only; that the claim for post-petition attorney fees remained in dispute under 11 USC 506, that the Court had not yet determined that the property was "over secured"; and, that MS DUGGAN'S remaining claim for post –petition attorney fees remained secured by the remaining proceeds from the sale of the realty.

10. On October 9, 2019, at 5:29PM, I responded to an email demand by TRUSTEE SWEET for privileged attorney/client information regarding disbursement of the proceeds of the May 29, 2019 payment. I told SWEET that he had "**satisfied the approved secured claim**" because he had paid the amount required by 11 USC 502(a), with interest. I told him that the "**statutory lien was discharged**" because the lien had been transferred to proceeds by DE 212 and the required determination under 11 USC 506 had not yet been made by this Court.

11. On January 9, 2020 this Court determined the Realty was "over secured", under *11 USC 506(b).* Case No 12-32264, DE 316.

12. I make this Affidavit from personal knowledge and can personally testify to the facts contained herein if called upon to do so.

3

**FURTHER DEPONENT SAITH NOT**.


PURSUANT TO 28 USC 1746(2), I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT THIS 1st DAY OF OCTOBER
2020.

　　　　　　　　　　　　　_/S/_SIGNED ORIGINAL ON FILE_
　　　　　　　　　　　　　ELIE BEJJANI, ESQ.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    **CHRISTOPHER D. WYMAN,**         **Case No. 12-32264**
                                   **Chapter: 7**
    **Debtor.**                   **Hon. D. S. OPPERMAN**
_____/

### SECURED CREDITOR'S MOTION AND BRIEF TO CONDITION SALE OF REAL PROPERTY ON FULL PAYMENT OF ALLOWED SECURED JUDGMENT LIEN UNDER 11 USC 363(E) AND FED R. BANK. 4001(A)(1).

NOW COMES Secured Creditor, Barbara Duggan ("Duggan"), by and through her attorney, Bejjani Law PLLC,  and brings this Motion, as to Trustee Samuel D. Sweet ("Trustee Sweet") and his agent, Select Title Company of Brighton, MI, and hereby states the following:

1. Duggan is the holder of an allowed secured Judgment Lien secured against the real property located at 1011 Jones Road, Howell, Michigan 48855, (the "Property"), perfected with the Livingston County Register of Deeds on May 3, 2012, recorded at Liber 2012R-15343, et seq. *See* **Exhibit A**.

2. Pursuant to notice by this Court dated November 18, 2014, DE 155, Duggan duly filed her proof of secured claim, as ordered by this Court, on November 25, 2014, Claim No. 1. *See* **Exhibit B**.

3. No objections were filed to Duggan's Proof of Claim, and the claim was allowed bu this Court, under 11 USC §502(a).

4. There is now due and owing to Duggan the sum of $31,728.79, plus costs and attorney fees incurred by Duggan to obtain the requested order and collect the proceeds of her secured lien. 11 U.S.C. § 506 (a). MCL 600.2807(3). **Exhibit C**.

5. On June 7, 2018, Trustee Sweet filed his Motion to Sell the subject property subject to existing liens, under 11 USC 363(b), and to settle various Adversary Proceedings asserting various statutory and common law damage claims for fraud. DE 176. Duggan's allowed secured lien was not addressed in or by the motion, was not the subject of any of the various adversary proceedings, and, exists independently from those adversary proceedings.

6. On July 5, 2018, this Court entered its Order GRANTING Trustee Sweet's motion and authorized him to sell the subject real property. DE 123. That order was a final appealable order.

7. No reconsideration or appeal of this Court's Order was taken, and, that Order is now res judicata as to the Trustee.

8. Pursuant to MCL 600.2819, Duggan's allowed secured lien against the subject real property remains valid and must be paid in full from first proceeds of the anticipated sale. MCL 600.2801(a)(i); 600.2801(c); 600.2819.

9. Trustee Sweet has retained Select Title Company of Brighton MI as his agent for issuance of title and the closing of this sale.

10. Duggan has placed Trustee Sweet and Select Title Company on actual notice of the existence of the secured claim and the amount due at closing to discharge the lien. **Exhibit D**.

11. Trustee Sweet has now filed DE 182 to "amend" the previously resolved motion so as to sell the subject real property "free and clear" of Duggan's approved secured lien, **without payment to Duggan from first proceeds of the sale**.

12. In accordance with 11 U.S.C §502(a), such relief not permitted as Trustee Sweet did not request, and this Court did not and could not authorize the sale "free and clear" of a lien allowed by this very court in 2014 before the motion or the order were filed.

13. Concurrence with this motion has been sought from Trustee Sweet on multiple occasions since July 11, 2018 in compliance with E.D. Mich. LBR 9014-1(h) but has been denied.

WHEREFORE, Duggan respectfully requests this Honorable Court issue its Order conditioning the sale of the subject property and directing Trustee Sweet and his agent, Select Title Company of Brighton MI, to pay the full amount of Duggan's approved secured lien together with Duggan's costs and attorney fees incurred in bringing this motion to Duggan's counsel, as directed in **Exhibit C**.

Respectfully Submitted,

**BEJJANI LAW PLLC**
*/s/ Elie Bejjani*
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: December 18, 2018

**EXHIBIT A**

STATE OF MICHIGAN

IN THE 53RD DISTRICT COURT

BARBARA DUGGAN

        Plaintiff

v.

CHRIS WYMAN d//b/a CD WYMAN

        Defendant.

_____\

TINDALL LAW
BY: MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS, MI 48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET

_____\

CASE NO. 09-4485-GC
HON. SUZANNE GEDDIS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the
foregoing document was served upon counsel
of record herein at their respective addresses
on the record on _____, 200___

____ US MAIL ____ E-FILE/MAIL _____
____ FAX ____ DELIVERY

_____

**AMENDED JUDGMENT**

At a session of said Court held in the City of Howell
County of Livingston, State of Michigan on April 24, 2012

PRESENT: Hon.     SUZANNE GEDDIS P-35307

DISTRICT COURT JUDGE

    This matter having come before this Court on Plaintiff's MOTION TO AMEND

JUDGMENT under MCR 2.612(A)(1); and, it appearing that, due to oversight, Judgment

following Defendants' DEFAULT in this matter was entered only as to Count I of the

Complaint, rather than as to Counts I and II as prayed in the Complaint; and the Court

being otherwise fully advised in the premises:

    **IT IS ORDERED** that Plaintiff's MOTION TO AMEND JUDGMENT be and it

hereby is GRANTED.

**T**

**TINDALL LAW**
ATTORNEYS AND COUNSELLORS

1

**IT IS FURTHER ORDERED** that the original Judgment entered in this matter is amended, nunc pro tunc, to enter Judgment as to both Counts I and II in the amount of $23,584.12, as prayed in the original Complaint, plus statutory interest from the date of the Complaint and costs as permitted by law.

_____
DISTRICT COURT JUDGE

**2012R-015343**
**RECORDED ON**
**05/03/2012 08:44:21 AM**
**SALLY REYNOLDS**
**REGISTER OF DEEDS**
**LIVINGSTON COUNTY, MI  48843**
**RECORDING: 40.00**
**REMON: 4.00**
**PAGES: 11**

STATE OF MICHIGAN

IN THE 53RD DISTRICT COURT

BARBARA DUGGAN

                   Plaintiff

v.                                  CASE  NO. 09-4485-GC

                                  HON. SUZANNE GEDDIS

CHRIS WYMAN d//b/a CD WYMAN

                   Defendant.

_____\

TINDALL LAW
BY:  MICHAEL E. TINDALL (P29090)
P.O. BOX 46564
MT. CLEMENS,  MI  48046
(313) 638-7613
FAX: 815-572-5858
MET@COMCAST.NET
_____\

## NOTICE OF CLAIM OF INTEREST

      Please take notice that Plaintiff/Judgment Creditor claims an interest in the real

property commonly known as 1011 East Jones Rd., Township of Cohoctah, County of

Livingston, State of Michigan, Tax Id No. 02-24-300-007, more fully described in

attached Exhibit 1, by virtue of a Judgment entered in the 53rd District Court,  nunc pro

tunc to January 5, 2010, a copy of which is attached hereto as Exhibit 2.

      While the record owner of the property herein described is shown to be

MICHELLE  PICHLER,  she is merely the fraudulent transferee of Defendant

CHRISTOPHER D. WYMAN a/k/a CHRIS WYMAN, a/k/a CD WYMAN, often doing

**T   TINDALL LAW**
     **ATTORNEYS AND COUNSELLORS**
                                 1

business as CD WYMAN INC, under MCL 566.34,  who is, in fact, the true owner of the

property. Further, the alleged Mortgage Lien represented by that certain mortgage dated

October 17, 2009 at Liber 2010R, Page 002922 to one EDWARD LINK, 1829

HANOVER RD., ANN ARBOR MI 48103, the uncle of CHRISTOPHER D. WYMAN,

attached as Exhibit 3, is also fraudulent under MCL 566.34.

      Post Judgment proceedings are currently pending in the above matter before the

53rd District Court to nullify and invalidate the fraudulent transfers described above and

to subject the subject real property to execution and receivership to satisfy Plaintiff's

Judgment.

Respectfully Submitted,
**TINDALL & COMPANY  P.C.**

BY: *Michael E. Tindall / JSt*
    MICHAEL E. TINDALL  P29090
    For the Firm
    **P.O. BOX 46564**
    **MOUNT CLEMENS,  MI  48046**
    **(313) 638-7613**
    **(815) 572-5858 (FAX)**
    **Direct Email: met@comcast.net**

Dated: 5/2/12
**DRAFTED BY:**
**TINDALL & COMPANY  P.C.**
Attorneys for Plaintiff Judgment Creditor
BY: MICHAEL E. TINDALL  P29090
For the Firm
**P.O. BOX 46564**
**MOUNT CLEMENS,  MI  48046**
**(313) 638-7613**
**(815) 572-5858 (FAX)**
**Direct Email: met@comcast.net**

**T** **TINDALL LAW**
**ATTORNEYS AND COUNSELLORS**

2

**EXHIBIT B**

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>CHRISTOPHER D. WYMAN | Case Number:<br><br>12-32264 | |
|---|---|---|

*NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
BARBRA DUGGAN

Name and address where notices should be sent:
BARBARA DUGGAN, C/O MICHAEL E. TINDALL ESQ.
P.O. BOX 46564
MOUNT CLEMENS, MI 48046

Telephone number: (248) 250-8819    email: MET@COMCAST.NET

**COURT USE ONLY**

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):



Telephone number:        email:

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $            27,389.24

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  JUDGMENT-PERFECTED BY JUDGMENT LIEN
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br><br>4 4 8 5 | **3a. Debtor may have scheduled account as:**<br>23584.12<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate ❐Motor Vehicle ❐Other
Describe:

**Value of Property: $** 300,000.00

**Annual Interest Rate_____%** ❐Fixed  or  ☑Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$            28,398.53

**Basis for perfection:** JUDGMENT LIEN

**Amount of Secured Claim:**    $      28,398.53

**Amount Unsecured:**    $          0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)            2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A).  If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:   JUDGMENT ATTACHED. PERFECTED LIEN DOCUMENTS DELIVERED TO TRUSTEE

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   MICHAEL E. TINDALL ESQ
Title:   ATTORNEY AT LAW
Company:   TINDALL LAW, COUNSEL FOR CREDITOR
Address and telephone number (if different from notice address above):    (Signature)    (Date) 11/25/14

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.)  A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## *Barbara Duggan v. Chris Wyman d/b/a CD Wyman* Case No. 09-4485-GC

| Date | Description | Interest Period | Days | Int Rate | Int Amount | Balance |
|------|-------------|-----------------|------|----------|------------|---------|
| | | | | | | |
| 11/25/2014 | Perfected Lien Balance | | | | | $28,398.53 |
| | | 11/25/2014-12/31/2014 | 36 | 2.622% | $73.44 | $28,471.97 |
| | | 01/01/2015-06/30/2015 | 181 | 2.678% | $378.11 | $28,850.08 |
| | | 07/01/2015-12-31-2015 | 184 | 2.468% | $358.94 | $29,209.01 |
| | | 01/01/2016-06/30/2016 | 182 | 2.571% | $374.45 | $29,583.47 |
| | | 07/01/2016-12-31-2016 | 184 | 2.337% | $348.52 | $29,931.99 |
| | | 01/01/2017-06/30/2017 | 181 | 2.426% | $360.09 | $30,292.08 |
| | | 07/01/2017-12-31-2017 | 184 | 2.902% | $443.15 | $30,735.23 |
| | | 01/01/2018-06/30/2018 | 181 | 2.984% | $454.80 | $31,190.03 |
| 12/17/2018 | | 07/01/2018-07/12/2018 | 171 | 3.687% | $538.76 | $31,728.79 |
| | | | | | | |
| | | | | | | |
| | Total | | | | $3,330.26 | $31,728.79 |
| | | | | | | |
| | | | | | | |



# BEJJANI LAW PLLC
ELIE BEJJANI, ATTORNEY AT LAW

**(313) 757.0036**
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
Fax (313) 447.2430
elie@bejjanilaw.com

JULY 11, 2018

Samuel D Sweet
Samuel D Sweet PLC
PO Box 757
Ortonville, MI 48462

**Re:     Sale of 1011 E Jones Road, Howell, Michigan 48855-9298**

Dear Mr. Sweet,

Please be advised that Barbara Duggan ("**Duggan**") has retained our firm to pursue the collection of a secured judgment lien against Debtor Christopher D. Wyman ("**Wyman**") through the sale of 1011 Jones Road, Howell, Michigan 48855, Tax Id No. 470224300007 (the "**Property**").

Duggan holds a secured interest in the Property by virtue of a Judgment entered in the 53rd District Court, Case No. 09-4485-GC, *Barbara Duggan v. Chris Wyman d/b/a CD Wyman*, entered on April 24, 2012, nunc pro tunc to January 5, 2010, which is attached as **Exhibit 1**. The Judgment, along with the Notice of Claim of Interest, was recorded with the Livingston County Register of Deeds on May 3, 2012, which is attached as **Exhibit 2**. Lastly, the Judgment was timely filed and remains valid, as a Proof of Claim in Wyman's pending Chapter 7 Bankruptcy proceeding, Case No. 12-32264. **Exhibit 3,** Proof of Claim.

Duggan's lien holds priority over any other claims of interest on the Property, pursuant to 11 U.S.C. § 507 (a), and is entitled to first proceeds from the undergoing sale. The lien is also perfected and secured by the Property. The current balance of the Judgment is **$31,227.84**, which includes statutory interest to date. *See* **Exhibit** 4, Judgment Balance Computation.

You are hereby notified of our client's outstanding interest in the Property and demand payment of $31,227.84 from the proceeds of the sale at closing. We request that you provide the date, time, and location of the closing, in which we will attend. We anticipate a check be issued at closing, made out to Bejjani Law PLLC Lawyers' Trust Account, in the amount of $31,227.84 to fully satisfy Wyman's debt owed to Duggan. We anticipate full cooperation from all parties regarding this matter. If to the contrary, then all parties will suffer great consequences.

---

1

Our client has endured several years of litigation regarding this dispute and will continue until all debts are paid in full without compromise. Our firm will promptly file and record a Satisfaction of Judgment upon receipt of the entire payment.

Thank you for your anticipated cooperation in this regard. Please contact our office with any concerns regarding this matter.


Sincerely,



Elie Bejjani, Esq.
BEJJANI LAW PLLC

Enclosures (4)

cc:      Select Title Agency
         Christopher D. Wyman
         Gentry Sales Inc.

## Sale of 1011 E Jones Road, Howell, Michigan 48855-9298

1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>                                              Wed, Jul 11, 2018 at 8:14 PM
To: trusteesweet@hotmail.com, ssweet@trusteesweet.us, jwill@trusteesweet.us, ss125@trustesolutions.net

Mr. Sweet,

Please see the attached correspondence.

Thank you.

Sincerely,


Elie Bejjani


## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com

UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. This email is covered by the Electronic
Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the
attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message
is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the
original message without making a copy. SETTLEMENT COMMUNICATIONS. This email may contain an offer to compromise or contain a negotiation to
compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

 **Sweet.pdf**
2807K

## Sale of 1011 E Jones Road, Howell, Michigan 48855-9298
1 message

**Elie Bejjani, Esq.** <elie@bejjanilaw.com>
To: Close@selecttitleagency.com

Wed, Jul 11, 2018 at 8:14 PM

Please see the attached correspondence.

Thank you.


Sincerely,


Elie Bejjani


## Attorney Elie Bejjani

Bejjani Law PLLC
6 Parklane Blvd., Suite 600
Dearborn, Michigan 48126
Telephone: (313) 757-0036
Fax: (313) 447-2430
Email: elie@bejjanilaw.com

**UNAUTHORIZED USE, FORWARDING, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.** This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this email message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone (313) 757-0036 or e-mail and destroy the original message without making a copy. **SETTLEMENT COMMUNICATIONS.** This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408 and FRE 408.

📄 **Select Title Company.pdf**
2807K

**POSTAL SERVICE**™

Date: July 17, 2018

Elie Bejjani:

The following is in response to your July 17, 2018 request for delivery information on your Certified Mail™ item number 70163010000065423248.  The delivery record shows that this item was delivered on July 16, 2018 at 12:27 pm in 6870 GRAND RIVER RD BRIGHTON, MI 48114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service



# USPS Tracking®

**FAQs** ❯ (http://faq.usps.com/?articleId=220900)

Track Another Package **+**

**Tracking Number:** 70163010000065423231

Remove ✕

**On Time**

**Expected Delivery on**

## SATURDAY

# 14 JULY 2018 ⓘ

by

**8:00pm** ⓘ

## Available for Pickup

July 14, 2018 at 8:41 am
Available for Pickup
ORTONVILLE, MI 48462

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Return Receipt Electronic** ⌃

  ✅ **Confirmation**

You requested this information prior to the delivery of your item. When your Proof of Delivery record is complete, it will be provided.

Your confirmation will be sent to the following:

elie@bejjanilaw.com

---

**Tracking History** ⌃

**July 14, 2018, 8:41 am**
Available for Pickup
ORTONVILLE, MI 48462
<mark>Your item arrived at the ORTONVILLE, MI 48462 post office at 8:41 am on July 14, 2018 and is ready for pickup.</mark>

---

**July 14, 2018, 8:16 am**
Arrived at Unit
ORTONVILLE, MI 48462

---

**July 13, 2018, 10:39 am**
Departed USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

---

**July 12, 2018, 11:50 pm**
Arrived at USPS Regional Facility
PONTIAC MI DISTRIBUTION CENTER

---

**July 12, 2018, 4:01 pm**
USPS in possession of item
DEARBORN HEIGHTS, MI 48127

---

**Product Information**   ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**