## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

DIS. CT. NO. 23-10171

**CHRISTOPHER WYMAN**

HON: DAVID A. LAWSON

*Debtor(s),*

BANK. NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

————————————————\

**MICHAEL E. TINDALL, Individually and
As Assignee of 100% of the interest of
BARBRA A. DUGGAN,**

**APPELLANT**

**SAMUEL A. SWEET, TRUSTEE,**

**APPELLEE**

————————————————\

**MICHAEL E. TINDALL, Pro Se**
18530 Mack Ave., Ste. 430
**Detroit, MI 48236**
(248) 250-8819
Direct Email: <u>met@comcast.net</u>

————————————————\

## <u>APPELLANTS' REPLY BRIEF ON APPEAL</u>

i

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................iv

**ARGUMENT** ...............................................................................1

**INTRODUCTION** .......................................................................1

**REPLY** ......................................................................................4

1. **Ed Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a), 9021, and 9029 by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order[ISSUE 1].... 5**

2. **A written and entered order expressly retaining "special counsel' for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of "special counsel", as a matter of law. Such an order is NOT, as a matter of law, subject to further discretion of the bankruptcy court, under 11 USC 330, post entry. Further modification of a Section 328 order requires, as a matter of law, that the person objecting/seeking modification [post approval] prove, by preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, in accordance with 11 USC 328(a). [ISSUE 2] ....................................................................7**

3. **Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code, as a matter of law, before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3] ....................................................................10**

4. **Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally**

defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6] ..........................................11

5. A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three (3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11] ................................................................................11

6. The Bankruptcy Court lacked Article III power, as a matter of law, to grant Summary Judgment in Case Nos 19-03018 and 20-03012 [ISSUE 10] ...................................................................12

CONCLUSION ........................................................................ 13

# TABLE OF AUTHORITIES

## FEDERAL COURT RULES

Fed. Rul. Bank. 8014(b) ……………………………………………………..1,2
Fed. Rul. Bank. 8015 …………………………………………………….…..1,2
FRCP 8(c) ……………………………………………………………………..12
FRCP 12(b) …………………………………………………………………....12
FRCP 15(a) ……………………………………………………………....……12

## FEDERAL CASES:

*Barrett v. Detroit Heading, LLC,* 311 Fed. Appx. 779, 796 (6th Cir. 2009)...3
*Frank v. US,* 78 F. 3d 815 (2nd Cir 1996) …………………………………..1
*In re Boddy,* 950 F. 2d 334 6th Cir 1991) ………………………………..….8
*In re Computer Systems, 446 BR 837, 843 (BC ND Ohio 2011)* …………… 8
*In re Darnell, 834 F. 2d 1263, 1265 (6th Cir 1987)*……………………….…. 8
*In re Federated Dept. Stores, Inc.,* 44 F. 3d 1310, 1317 (6th Cir 1995) …….8
*In re Harlow Properties, Inc.,* 56 BR 794, 796 (BAP 9th Cir 1985)…….…. 6
*In re Ruehle,* 307 BR 28, 36-37 (BAP 6th Cir 2004) ……………………… 6
*In re Ruehle,* 412 F. 3d 679, 684 (6th Cir 2005) …………………………….6
*In re Two Springs Me. Club, 424 BR 808, 815 (BC ND Ohio 2010)* ……….. 8
*Matter of CD Elec. Co., Inc, 146 BR 786, 791 (BC ND Ind. 1992)*………… 7
*McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir 1987) ………………...3
*Rizen Group, Inc. v. Jackson Masonry, LLC,* 589 US ___, 140 S. Ct. 582
(2020)………………………………………………………………………….6
*United States v. Anderson,* 584 F. 2d 849 (6th Cir 1978)…………………...1
*United States v. Calvetti,* 836 F.3d 654, 664 (6th Cir. 2016)……………….3
*US v. Farrow,* 198 F. 3d 179 (6th Cir 1999) ………………………………...1
*United States v. Honeycutt,* 816 F.3d 362, 370 (6th Cir. 2016) …………….3
*United States v. Mahaffey,* 983 F.3d 238, 240 n.2 (6th Cir. 2020)…………..2
*United States v. Phibbs,* 999 F.2d 1053, 1080 n. 12 (6th Cir.1993), cert. denied,
510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994)…………………....3
*United Student Aid Funds, Inc. v. Espinosa,* 559 US 260, 130 S.Ct. 1367, 1377;
176 L.Ed. 2d 158 (2010) ………………………………………………….... 6
*Williamson v. Recovery Ltd. P'ship,* 731 F.3d 608, 621 (6th Cir. 2013)……. 3

## ARGUMENT

## INTRODUCTION:

Appellee filed DE 29 (hereinafter "SWEET BRIEF", or "SB") in this appeal on July 31, 2023. The SWEET BRIEF does not comply with Fed. Rul. Bank. 8014 or 8015; is largely unintelligible; and, should be stricken in its entirety. Even if noncompliance with the rules is overlooked,[1] the SWEET BRIEF has waived/forfeited numerous issues by: (a) failing to identify or argue them; or, (b) providing only perfunctory argument without legal or factual foundation.

A. Noncompliance with Bankruptcy Rules:

Fed. Rul. Bank. 8014(b) provides:

> '(b) APPELLEE'S BRIEF. The appellee's brief **must conform to the requirements of subdivision (a) (1)–(8) and (10),** except that none of

---

[1] *United States v. Anderson*, 584 F. 2d 849 (6th Cir 1978) (it is extremely rare for this Court to consider issues not properly raised and argued before it); *Frank v. US*, 78 F. 3d 815 (2nd Cir 1996) (a litigant's failure to comply with Rule 28 does not automatically preclude us from considering an issue... we may overlook a litigant's failure properly to present an issue on appeal in unusual circumstances, one being where manifest injustice would otherwise result.); *US v. Farrow*, 198 F. 3d 179 (6th Cir 1999) (same).

the following need appear **unless the appellee is dissatisfied with the appellant's statement:**

**(1) the jurisdictional statement;**

**(2)** the statement of the issues and **the applicable standard of appellate review; and**

**(3)** the statement of the case."

In each of Arguments 1-5, as discussed below, the SB purports to dispute this Court's appellate jurisdiction over the respective orders described, without compliance with the above rule.

Fed. Rul. Bank 8015 provides, in relevant part:

"(4) *Paper Size, Line Spacing, and Margins*. …. **The text must be double-spaced…**"

"(5) *Typeface*. Either a proportionally spaced or monospaced face may be used.

**(A) … A proportionally spaced face must be 14-point or larger."**

The SWEET BRIEF is 1.5 spaced in 12 point type.

B. Waiver/forfeiture.

Failure to set forth an issue(s) in a statement of issues, and/or, to advance argument regarding an issue(s) forfeits the litigant's argument/position from appellate consideration. *United States v. Mahaffey*, 983 F.3d 238, 240 n.2 (6th Cir. 2020) (explaining that an appellant "forfeited [the court's] consideration of [an] issue because he did not include it in his statement of issues"); *United States v.*

*Calvetti,* 836 F.3d 654, 664 (6th Cir. 2016) (issue not included in the table of contents or in the "issues presented" section of appellate brief is forfeited);*United States v. Honeycutt,* 816 F.3d 362, 370 (6th Cir. 2016) (argument not listed in statement of issues can be deemed waived); *Barrett v. Detroit Heading, LLC,* 311 Fed. Appx. 779, 796 (6th Cir. 2009) (argument not listed in the statement of issues presented).

   C.  Perfunctory Argument:

   [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited. *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir 1987); *Williamson v. Recovery Ltd. P'ship,* 731 F.3d 608, 621 (6th Cir. 2013).  It is not sufficient for a party to  mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Hayter Oil Co.,* 51 F.3d 1265, 1269 (6th Cir.1995); *United States v. Phibbs,* 999 F.2d 1053, 1080 n. 12 (6th Cir.1993), cert. denied, 510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994).

REPLY:

    A.    Factual Concessions/Forfeitures:

The SWEET BRIEF begins: "**The facts of the case are not disputed and**

[are] **a matter of record.**" SB, P1, PageID 1811. The SB then continues, for 11

pages, ignoring or disputing facts and/or record matters it claims are undisputed.

These include, by illustration - not by limitation, the following.

1. Duggan held a perfected Judgment Lien. AB[2] pp7-8, PageID 1719-1720.

2. Appellant held an Attorney Lien that attached June 16, 2012 and was perfected August 23, 2018. AB P8, PageID 1720; Case No. 12-32264, DE 270, PP 12, 13, 14. Yet, according to SB, P6, PageID 1816 "**Any claims of lien by the Appellant, specifically, must come through the claim of Barbara Duggan. Mr. Tindall would have no separate claim of lien outside of the Duggan claim.**"

3. Pichler's interest in Debtor's residence was eliminated and recovered March 13, 2013, by Mason/Appellant. AB, P10, PageID 1722. The SB continues to ignore Case No. 12-03348, DE 66 entirely.

4. The equipment was recovered June 24, 2014, by Mason/Appellant. AB, P10, PageID 1722. Again, SB ignores Case No. 12-02248, DE 207 entirely.

5. Case No. 12-03348, Counts II and V, withdrawn by the District Court, were "damage claims". AB P11, PageID 1723 and n18; P9, PageID 1721, n9. According to SB, P7, PageID 1817, "**it is obvious that the action [12-03348] is simply an action to avoid a transfer from Debtor to Michelle Pichler.**"

---

[2] APPELLANT'S APPEAL BRIEF, DE 27, 7/5/23 (hereinafter "AB").

6. Duggan's claim for "post judgment attorney fees" was a "damage claim" – not a fee award- withdrawn to District Court. AB, P16, PageID 1728, n42.

7. Debtor fraudulently transferred $109,000.00 cash to Pichler. AB, P13, PageID 1725; P16, PageID 1728, n41.

8. SWEET testified, under oath, Mason recovered the Equipment. AB, P13, PageID 1725.

9. SWEET did not comply with the appraisal order of February 10, 2015 and did not appraise the Residence or Equipment. AB, P14, PageID 1726.

10. SWEET failed to comply with the mandatory DOJ Handbook for Chapter 7 Trustees. AB, PP 17-18, PageID 1729-30.

11. SWEET held all sale proceeds, as a fiduciary, subject to the separate liens of Duggan and Appellant. AB, P19, PageID 1731 and n55. Any claim by SWEET for fees, as attorney or Trustee, were moot, as there were not enough funds to pay the liens. AB, P20, PageID 1732 and ns 59-61. SWEET committed statutory conversion, under Michigan law, by refusing to pay the liens. AB, P33, PageID 1475.

This is, by no means, an exhaustive list. SB follows the –now – well known technique of simply ignoring established facts and record matters that illustrate his contentions are false. He has either admitted these facts and record matters as "undisputed", or, forfeited any issue by omitting contrary argument.

B. Specific Issues/Arguments:

1. **Ed Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a) by permitting appointment of an ATTORNEY FOR TRUSTEE by**

**"deemed order", without the entry of a written order as required under Rule 5003(a). [ISSUE 1]**

Citing *Rizen Group, Inc. v. Jackson Masonry, LLC*, 589 US ___, 140 S. Ct. 582 (2020), SB recites the appeal period for the order awarding him "attorney fees", Case No. 12-32264, DE 325, 1/28/2020 has expired. *Rizen*, however, did not involve an order awarding "attorney fees". *Rizen* addressed the finality of an order denying relief from the automatic stay.

A "void" order is open to both direct and collateral attack. *In re Harlow Properties, Inc.*, 56 BR 794, 796 (BAP 9th Cir 1985). There are no time limits on vacating an order that is void. *In re Ruehle*, 307 BR 28, 36-37 (BAP 6th Cir 2004); *In re Ruehle*, 412 F. 3d 679, 684 (6th Cir 2005) (The bankruptcy court rejected this argument, holding that the discharge had been obtained in violation of the creditor's substantial due process rights and was therefore not merely illegal, but void....We fully agree both with the result and with the Panel's assessment of the bankruptcy court's opinion.); *United Student Aid Funds, Inc. v. Espinosa*, 559 US 260, 130 S.Ct. 1367, 1377; 176 L.Ed. 2d 158 (2010) (A void judgment is a legal nullity... it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final). It should come as no surprise that both *Ruehl* and *Espinoza* were cited and discussed in AB. SB simply ignored both. This jurisdictional attack is nonsense.

2. **A written and entered order expressly retaining "special counsel' for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of "special counsel", as a matter of law. Such an order is NOT, as a matter of law, subject to further discretion of the bankruptcy court, under 11 USC 330, post entry. Further modification of a Section 328 order requires, as a matter of law, that the person objecting/seeking modification [post approval] prove, by preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, in accordance with 11 USC 328(a). [ISSUE 2]**

The SB, again, challenges this Court's appellate jurisdiction stating "**A final order relative to the fees of Michael Tindall has not been entered.**" Conveniently omitted from the SB argument is any mention of SWEET'S own MOTION TO FIX APPROVED FEES OF APPELLANT PURSUANT TO 11 USC 328(a), requesting that Appellant be paid nothing. AB, P20, PageID 1732, n59. Also conveniently omitted is any mention of Appellant/CLAIMANT'S 11 USC 725 MOTION TO PAY SECURED ALLOWED LIEN. AB, P20, PageID 1732, ns 60, 61. SWEET'S motion was GRANTED and Appellant's denied by Case No. 12-32264, DE 391, despite obvious "mootness". Id, n61; *Matter of CD Elec. Co., Inc, 146 BR 786, 791 (BC ND Ind. 1992)*(Where no unencumbered assets remain to pay priority administrative expenses [professional fees], after the proceeds of secured collateral are used to satisfy the secured lien holder, the issue of payment to the priority administrative claimant is moot.)

Although the "title" of DE 391 states **Partially Granting** the body of the opinion and order clearly reflect the intent to elevate SWEET'S priority administrative expense of "attorney/trustee fees" ahead of Appellant's secured lien. *In re Boddy*, 950 F. 2d 334 6th Cir 1991)(several cases recognize that a bankruptcy court's order of compensation may be considered final "where the order conclusively determine[s] the entire section 330 compensation to be paid" to the attorneys.). This is exactly the result the SIXTH Circuit forbids. *In re Federated Dept. Stores, Inc.*, 44 F. 3d 1310, 1317 (6th Cir 1995) (We believe the district court erred in concluding that a bankruptcy court has discretion to compensate a professional under § 330(a) if such professional's original appointment violated § 327(a). The validity of the retention order should have been decided before granting compensation from the bankruptcy estate.); *In re Darnell, 834 F. 2d 1263, 1265 (6th Cir 1987)(* perfected liens must be satisfied out of the assets those liens encumber **BEFORE** any proceeds of the assets are available to unsecured claimants, including those having priority administrative claims); *In re Two Springs Me. Club, 424 BR 808, 815 (BC ND Ohio 2010)*(secured liens transferred to proceeds of sale attach to those proceeds and must be paid before any of those proceeds may be used to pay unsecured claims.); *In re Computer Systems, 446 BR 837, 843 (BC ND Ohio 2011)*(secured claims must be satisfied out of the asset(s)

they encumber <u>before</u> any proceeds of the asset become available to unsecured claimants, including administrative claims).

The SB argument that the Application and Order retaining Appellant, under 11 USC 328 - rather than 11 USC 330, required Section 330 application and review is simply false.

> "The Application and Order specifically provided that special counsel, **must apply for fees and the bankruptcy court may review same**. The order, in fact, provides that **the bankruptcy court must approve the fees of counsel**." SB, P 5, PageID 1815.

Case No. 12-32264, DE 63, P 2 of 5, No. 3 makes clear Appellant was retained under Section 328(a), not Section 330. Nothing in Nos. 3 or 6 require Appellant to "**apply for fees**", or, that the "**bankruptcy court may review**" those fees. DE 63, P 5 of 5 clearly states "**payment**" will not be made without "**prior Court approval**" of the disbursement. Nothing in the Order requires Section 330 court review or approval of the amount of fees pre-approved under Section 328.

The SB argument that the 2017 disbarment was a "subsequent event" that should/could have been disclosed, and, was not "capable of being anticipated" is equally disingenuous.

> "Mr. Tindall was disbarred during the course of his employment. This accrued post application and **constitutes a subsequent event**. Unfortunately, Mr. Tindall did not advise Mr. Mason of a **pending grievance** which **eventually resulted** in his disbarment on September 20, 2017. Mr. Tindall could not complete his employment in this matter **and in fact collected no monies**. These specifics clearly constitute a subsequent event, and **an event which could not have been known at the time of the**

**filing** unless Mr. Tindall provided this information to Mr. mason or the Bankruptcy court. **Clearly Mr. Tindall did not provide this information and as a result, this information was not ascertainable.** Should the court award Mr. Tindall fees based upon work which had not been completed? Mr. Tindall could have, the day after the order was entered, simply retired, completed no work on this case and requested fees in the amount of 1/3 of any money which would subsequently have been collected. This cannot possibly be the standard of law given Section 328 of the Bankruptcy Code **and in all cases this Court and the bankruptcy court have the ability to review these fees for reasonableness and to determine whether the appropriate work was approved by the applicant."** SB, P 5, PageID 1815.

Appellant was retained in 2012. The Residence was recovered in 2013, and, the Equipment in 2014; four (4) and three (3) years, respectively, **before** the disbarment occurred.[3] SWEET confirmed the Mason/Appellant recovery February 10, 2015 under oath, two (2) years **before** the disbarment. AB, P13, PageID 1725 and n25; AB, p32-33, PageID 1744-45. None of this was set forth **"in the record"**; SWEET's initial Objection to Appellants APPLICATION, Case No. 12-32264, DE 271, 272, 279; or, SWEET'S September 12, 2022 Motion to Fix Approved Fees of Appellant pursuant to 11 USC 328(a), Case No. 12-32264, DE 348, 351, 391. No specific record of the "development", and, "could not have been anticipated" were ever made by the Bankruptcy Court.

3. **Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code, as a matter of law, before any payment of**

---

[3] The Case No. on the SB Exhibit [14-36-GA] clearly reflects the discipline matter was not even initiated until 2014.

**administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3]**

The SB forfeited any opposition to Issue 3 by failing to address the issue with anything more than perfunctory statements, shown above to be false. See, PP 4-5 above, Nos. 2 and 11. The lien was properly perfected under Michigan law, See P4, No. 2 above, and, transferred to proceeds of sale by the Bankruptcy Court. AB, P9, PageID 1721, n 8.

SB's contention that this appeal is untimely is groundless for the same reasons set forth under Issue 1 governing "void" orders.

> **4. Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6]**

SB offers nothing in support of the contention that the Bankruptcy Court retained jurisdiction over the Duggan "damage claims", Counts II and V, after withdrawal of reference in 2014, See, P 4, No. 5. The contention that Pichler could consent to dismissal of an **"action to avoid a transfer"**, SB P7, PageID 1817, even in the wrong court, more than four (4) years AFTER the transferred interest was recovered from her [March 13, 2013] by Case No. 12-03348, DE 66 is simply absurd. See, P4 supra, No. 3. SWEET has forfeited all opposition to this issue.

> **5. A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three**

(3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11]

The SB offers no authority or argument to support the contention that an Affirmative Defense can be raised by "motion" rather than by "pleading", as required by FRCP 8(c) and 12(b). The SB offers no authority or argument to support the contention that a "waived" Affirmative Defense nevertheless puts an opposing litigant on "notice" that the defense may be "revived" sometime in the future. The SB offers no authority or argument that an Affirmative Defense may be "revived", without a FRCP 15(a) motion to amend, and, without "leave" to amend. Finally, the SB offers no authority or argument that the Affirmative Defense of Immunity can be sustained in the absence of "proof", and, where the Trustee has admitted the failure to disclose material relevant facts. See, P5, supra, Nos 9 and 10. SWEET has forfeited all opposition to this issue.

SB's contention that this appeal is untimely is groundless for the same reasons set forth under Issue 1 governing "void" orders.

### 6. The Bankruptcy Court lacked jurisdiction, as a matter of law, to grant Summary Judgment in Case Nos. 19-03018 and 20-03012 [ISSUE 10]

The SB offers no authority or argument or even discussion of *Waldman v. Stone,* or, *Stern v. Marshall.* The SB **appears** to argue that bankruptcy administration is a statutory "core" rather than "noncore" matter, but does not say

so, or, cite to the applicable statute. The SB does not discuss the *Waldman* division

of statutory "core" matters, between "affirmative claims" and "disallowance

claims", or provide any authority to support the contention that a non-Article III

Court has jurisdiction to decide a state statutory affirmative damage claim.

SWEET has forfeited any opposition to this issue.

CONCLUSION:

SWEET'S BRIEF does not comply with applicable Federal Bankruptcy

Rules. The SB admits the facts and record matters recited by Appellant. It forfeits

all opposition to the issues presented by utterly failing to produce any argument or

authority to oppose them. The SB's blatant denial and misrepresentation of

admitted and established facts and record matters is not sufficient or meaningful

opposition to the issues.

Dated: 8 / 14 /23

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819

**Direct Email: met@comcast.net**

## CERTIFICATION:

I hereby certify that the foregoing brief complies with the type-volume limitation provided in *Fed Rul. Bank. Pro. 8015(a)(7)(B)(ii)* and contains 3138 words of Time New Roman (14 point) proportional type prepared with Microsoft Word for Windows 7 Professional Edition.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DISTRICT COURT NO. 23-10171**
Honorable David A. Lawson

IN RE:

**CHRISTOPHER D. WYMAN**
*Debtor(s),*

**BANK CASE NO. 12-32264**
**CHAPTER 7**
**HON: D. S. OPPERMAN**

\

**MICHAEL E. TINDALL,**
Appellant,

v.

**SAMUEL D. SWEET,**
Appellee.

\

## CERTIFICATE OF SERVICE
### (Modified for PEDUP)

Appellant, in pro per, hereby certifies that

## APPELLANT'S REPLY BRIEF ON APPEAL WITH EXHIBITS

was submitted for filing through the PEDUP program on August ___, 2023 and will be served on Appellee Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated:8/__/2023

1