UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISTRICT COURT NO. 23-10171
HON DENISE PAIGE HOOD

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

BANK CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\\

MICHAEL E. TINDALL,
        Appellant,

v.

SAMUEL D. SWEET,
        Appellee.
_____\\

## NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAIGE HOOD BY AFFIDAVIT UNDER 28 USC 144

Please take notice that an AFFIDAVIT OF DISQUALIFICATION OF THE HON. DENISE PAIGE HOOD, UNDER 28 USC 144, for personal bias, attached hereto as Exhibit A, has been filed by Appellant **MICHAEL E. TINDALL**, pursuant to statute that provides:

1. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

1

further therein, but another judge shall be assigned to hear such proceeding." *28 USC 144*

2. Under Section 144, the alleged bias/prejudice must stem from an extrajudicial source. *Liteky v. US*, 510 US 540, 544 (1994); *US v. Grinnell Corp.*, 384 US 563, 583 (1966).

3. An extra judicial source is "**a source outside the judicial proceeding at hand—which would include as extrajudicial sources earlier judicial proceedings conducted by the same judge...**" *Liteky*, at 545-46.

4. "**Recusal is required *whenever* there exists a genuine question concerning a judge's impartiality, and not merely when the question arises from an extrajudicial source. A similar "plain-language" argument could be made, however, with regard to §§ 144 and 455(b)(1): They apply *whenever* bias or prejudice exists, and not merely when it derives from an extrajudicial source.**" *Liteky*, at 552

5. "**The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely)**

2

suffice. Nor is it a *sufficient* condition for "bias or prejudice" recusal, since *some* opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will *not* suffice" *Liteky*, at 554-55.

6. 28 USC 144 is self-executing. Recusal is *mandatory once a sufficient statutory affidavit is filed.* US v. Sikes, 7 F.3d 1331 (7th Cir 1993) at 1339; *Easley v. U of M Bd. Of Regents*, 853 F.2d 1351 (6th Cir 1988) at 1355. "Under § 144 a judge must recuse himself or herself if one of the parties alleges facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party."*United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983): *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir.1990).

7. 28 USC 144 is heavily weighted in favor of recusal. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir 2004). The judge whose partiality is challenged is limited to determining if the Affidavit is timely, and, if the form of the Affidavit is legally sufficient. *Easley*, at 1355-56; *In re City of Detroit*, 828 F.2d 1160,

1164 at n2 (6th Cir 1987) (citing *Berger v. US,* 25 US 22, 32 (1921)).

8. The district court must accept all factual allegations contained in the Affidavit as true. The district court cannot inquire into the truth of the facts alleged. *Oliver v. Michigan State Board of Education,* 508 F.2d 178, 180 (6th Cir.1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975) *US v. Hoffa, 382 F.2d 856 (6th Cir 1967), cert den, 390 US 924 (1968)*; and, may not inquire into or pass on the good faith of the party making the Affidavit. *Morris v. US, 26 F.2d 444 (8th Cir 1928).*

9. Appellant, acting in pro per as counsel of record, hereby certifies that the Affidavit is timely, complies in all respects with the requirements of 28 USC 144, and, is submitted in good faith.

For the reasons more fully set forth in the statutorily proscribed Affidavit, the HON. DENISE PAIGE HOOD is disqualified from acting further in this matter on grounds of personal bias and this appeal must be reassigned.

Respectfully Submitted,

Dated: 9/21/2023

/S/
_____
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net