# DISTRICT COURT CASE NO. 23-10171

# EXHIBIT NO: A

# AFFIDAVIT OF DISQUALIFICATION OF HON. DENISE PAIGE HOOD FOR PERSONAL BIAS PURSUANT TO 28 USC 144

**MICHAEL E. TINDALL**, being first duly sworn, deposes and says:

1. He is the Appellant in this action, in his own right and as the Assignee of all the rights, claims and interest of BARBRA DUGGAN, and, makes this Affidavit from personal knowledge and can testify to the same if called upon to do so.

2. He makes this Affidavit on the basis of personal knowledge and experience obtained from extra-judicial sources wholly separate from and independent of any participation in this or any related matter(s) involving these or similar or related parties, including the following:

    A. Affiant was admitted to the Michigan Bar in 1978.

    B. From 1978 through 2017, Affiant appeared multiple times in multiple matters before the HON. DENISE PAIGE HOOD in Wayne County Circuit Court, and, in U.S. District Court, Eastern District MI.

    C. In 2017, HON. DENISE PAIGE HOOD was Chief Judge of the U.S. District Court, Eastern District MI.

    D. On or about September 21, 2017, Appellant became subject to a "Notice of Disbarment (Pending Review)", an

extrajudicial source, by the Michigan Attorney Discipline Board. At the time, Appellant was attorney of record for BARBARA DUGGAN ("DUGGAN") in multiple cases then pending in the Bankruptcy Court, below; including Cases Nos. 12-32264 and 12-03348.

E. In 2017, under long established and widely known authority in both the SIXTH CIRCUIT and the United States Supreme Court, **a state discipline agency** disbarment did NOT also disbar an attorney from practice before federal district and bankruptcy courts.

    1. *In re Cook, 551 F.3d 542, 549-50, 552, 554-5 (6th Cir 2009)*(**federal courts may "initiate" federal disbarment proceedings based on disbarment by a state court, but must independently determine – through show cause proceedings- whether member of federal bar may practice in federal court**).

    2. *In re Squire, 617 F.3d 461 (6th Cir 2010)* (**reciprocal discipline in federal court requires notice and hearing by "show cause"**).

3. *In re Ruffalo*, 390 US 544, 550, 553, and n2 (1968)(reversing disbarment from Sixth Circuit under court rule failing to accord notice and hearing substantially identical to ED MI LR 83.22(g)).

4. *Theard v. US*, 354 US 278, 282 (1957)(specifically invalidating local rule of ED La substantially identical to ED MI LR 83.22(g) on due process grounds for lack of notice and hearing).

F. Under the above cited authorities, it was generally known and understood that a member of the federal bar had a constitutional due process right to notice of any attempt to disbar him; to issuance of a show cause order; to a hearing on the matter of disbarment and to demonstrate that he should NOT be disbarred in federal court; and, to an independent determination, by the federal court, whether he may continue to practice in federal and Bankruptcy Court.

G. DUGGAN was the subject of a hearing to be conducted by the Bankruptcy Court below on October 31, 2017.

H. On October 30, 2017, at 14:14:50 [2:14PM] Affiant informed the Bankruptcy Court that, as a member of the federal bar remaining in good standing, he intended to appear at the hearing the following day to protect her interests. See, Case No 12-03348, DE 414, pp 2-3 of 7, attached to the NOTICE OF DISQUALIFICATION, as Exhibit B.

I. Immediately after the filing of DE 414, the Bankruptcy Judge contacted HON. DENISE PAIGE HOOD. Acting as Chief Judge of the District Court, HON. DENISE PAIGE HOOD opened Case No. 17-51481, without motion, application or notice to anyone.

J. HON. DENISE PAIGE HOOD then immediately entered an Order of Disbarment, Case No. 17-51481, DE 1, against Affiant, without notice, hearing or opportunity to respond. By the express terms of the Order of Disbarment, the sole basis for entry/disbarment was the extrajudicial source(s) of a NOTICE and ORDER issued by the Michigan Attorney Discipline Board, Case No. 17-51481, DE 1-1 and 1-2.

K. The actions described by HON. DENISE PAIGE HOOD in Case No. 17-51481 on October 30, 2017 were intentional and designed to deprive Affiant of his constitutionally guaranteed rights to notice, hearing and an independent determination under prevailing applicable law.

L. Immediately after the entry of the Order of Disbarment in Case No. 17-51481, that Order was delivered/transmitted, directly or indirectly, to the Appellee/opposing party in this matter SAMUEL SWEET.

M. SWEET hand delivered the Order of Disbarment to Appellant immediately before the scheduled show cause hearing against DUGGAN the following day, on October 31, 2017; and, informed Appellant the Bankruptcy Court had barred him from the courtroom and from attendance at the hearing.

3. This Affidavit is filed six (6) days after this case was re-assigned, for the second time in the course of this appeal, from Judge Lawson to Judge Hood, as reflected in DE 32.

FURTHER DEPONENT SAITH NOT.

PURSUANT TO 28 USC 1746(2) and 32 CFR 516.26 [attached], I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS 26th DAY OF SEPTEMBER, 2023.

_/S/_ SIGNED ORIGINAL ON FILE_
MICHAEL E. TINDALL

## 32 CFR § 516.26 Unsworn declarations under penalty of perjury.

(a) *General.* Under the provisions of 28 U.S.C. 1746, whenever any matter is required or permitted to be established or proven by a sworn statement, oath or affidavit, such matter may also be established or proven by an unsworn written declaration under penalty of perjury. Because such declaration does not require a notary or other official to administer oaths, individuals preparing statements for use in litigation should consider using this format. (See figure C–3, appendix G, of this part).

(b) *When executed within the United States.* Place the following at the end of the witness statement:

I declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. 1746).

Executed on

(Date) (Signature)

(c) *When executed outside the United States.* Place the following at the end of the witness statement:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. (28 U.S.C. 1746).

Executed on

(Date) (Signature)