UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    CHRISTOPHER D. WYMAN,

        Debtor.

_____/

Case No. 23-10171
Hon. Denise Page Hood

    MICHAEL E. TINDALL,

(Bank. Ct. Case No. 12-32264)

        Appellant,

    v.

    SAMUEL D. SWEET, TRUSTEE,

        Appellee.

_____/

**<u>ORDER REGARDING NOTICE BY APPELLANT MICHAEL D. TINDALL
AND
DENYING REQUEST FOR DISQUALIFICATION (ECF No. 33)</u>**

This matter is before the Court on a Notice filed by Michael E. Tindall seeking disqualification of the undersigned from this bankruptcy appeal pursuant to 28 U.S.C. § 144. (ECF No. 33) Tindall cites as a ground for recusal the undersigned's personal bias when the undersigned, as Chief Judge of this District, entered the October 30, 2017 Order of Disbarment in Case No. 17-51481. (ECF No. 33-1, PageID.1885-.1886) He asserts that

1

"the sole basis for entry/disbarment was the extrajudicial source(s) of a NOTICE and ORDER issued by the Michigan Attorney Discipline Board, Case No. 17-51481, DE 1-1 and 1-2." *Id.* at PageID.1185. Tindall claims that the undersigned's actions were "intentional and designed to deprive Affiant of his constitutionally guaranteed rights to notice, hearing and an independent determination under prevailing applicable law." *Id*. at PageID.1186.

The Order of Disbarment was delivered by Appellee Samuel D. Sweet, Trustee, to the Bankruptcy Court before the scheduled show cause hearing in the bankruptcy matter on October 31, 2017. Tindall was then informed that the Bankruptcy Court had barred him from the courtroom and attending the hearing. *Id*.

Section 144 applies by its terms to district judges and requires a party to file an affidavit which states the facts and reasons for the belief that bias or prejudice exists, accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. The alleged bias asserted under § 144 must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Youn v. Track, Inc.*, 324 F.3d 409, 423

(6th Cir. 2003)(citing *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn*, 324 F.3d at 423 (citations omitted).

E.D. Mich. Local Rule 83.22 governs attorney disciplinary proceedings against attorneys admitted to practice in this District which provides in part,

> On receipt of written notice that another jurisdiction imposed discipline against an attorney admitted to practice in this court, the **chief judge will** enter an order imposing the same discipline, effective as of the date that the discipline was effective in the other jurisdiction. If the discipline imposed in the other jurisdiction has been stayed there, the Court may defer discipline until the stay expires. If the order of discipline includes a period of suspension or disbarment, an attorney may be reinstated to this court only by application pursuant to LR 83.22(i)(1).

E.D. Mich. Local Rule 83.22(g)(1)(A)(emphasis added). "An attorney admitted to the bar of this court or who practices in this court as permitted by this rule is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings." E.D. Mich. Local Rule 83.20(j).

The Order of Disbarment, entered by the undersigned in her previous capacity as Chief Judge of this District, states in part,

> The Michigan Attorney Discipline Board has entered an order which revoked the license of Michael E. Tindall to practice law in the State of Michigan effective September 20, 2017.
>
> Accordingly, Michael E. Tindall is (1) permanently removed from the roster of attorneys who have been admitted to practice before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan, and (2) precluded from engaging in the practice of law, directly or indirectly, before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan pursuant to the Local Rules of this Court.

Case No. 17-mc-51481, ECF No. 1. Tindall appealed this Order to the Sixth Circuit Court of Appeals, which was dismissed for want of prosecution on February 6, 2018. *Id*., ECF No. 4.

The Court denies Tindall's request that the undersigned be disqualified from proceeding in this bankruptcy appeal. Tindall, when admitted to practice in this District, was subject to any disciplinary actions by the Michigan Attorney Disciplinary Board under E.D. Mich. Local Rule 83.20(j). As Chief Judge, the undersigned was authorized to enter an order imposing the same discipline, effective as of the date that the discipline was effective in another jurisdiction, in this case, the Michigan Attorney Disciplinary Board, under E.D. Mich. Local Rule 83.22(g)(1)(A).

It is clear from the applicable Local Rules cited above that the undersigned's action in entering the Order of Discipline was based on the duties of and express authority as Chief Judge of this District.  Tindall has failed to show, as required under 28 U.S.C. § 144, any bias or prejudice by the undersigned when the Order of Discipline was entered while the undersigned was acting as Chief Judge for this District.  Tindall had the appropriate notice, by way of the published Local Rules, that he was subject to any disciplinary actions of the Michigan Attorney Disciplinary Board, and that the chief judge must enter an order of discipline based on any actions by that Board.  Tindall's request that the undersigned be disqualified from proceeding in this bankruptcy appeal is denied.

Accordingly,

**IT IS ORDERED** that the relief requested by Appellant Michael E. Tindall set forth in the Notice, Brief and Certification of Disqualification of Honorable Denise Page Hood **(ECF No. 33)** is **DENIED**.

                                         s/Denise Page Hood
                                         DENISE PAGE HOOD
                                         United States District Judge

DATED:   March 25, 2024