UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CHRISTOPHER WYMAN,

     Debtor(s),                                Case No. 23-10171
                                               Hon. Denise Page Hood

_____/

MICHAEL E. TINDALL, Individually and
As assignee of 100% of the interest of
Barbara A. Duggan,
                   APPELLANT,

SAMUEL A. SWEET, TRUSTEE,

                 APPELLEE.

_____/

## ORDER DENYING APPELLANT'S APPEAL [ECF NO. 27]

### I.    INTRODUCTION

Now, before the Court, is Appellant, Michael E. Tindall's, appeal of several bankruptcy court orders and request for monetary relief pursuant to M.C.L. 600.2919(2)(a). [ECF No. 27][1]. Appellee, Samuel D. Sweet, timely filed a response brief on July 31, 2023. [ECF No. 29][2]. Appellant filed a reply on August 14, 2023.

---

[1] The Court notes that Appellant's Appeal Brief continues to violate that Federal Rules of Bankruptcy Procedure and this Court's June 30, 2023, Order by exceeding the designated page limitations. See ECF No 26.

[2] On May 2, 2024, Appellee filed an Amended Brief on Appeal. [ECF No. 36]. Appellee's original brief did not comply with the Court's font and format requirements as enumerated under Local Rules 5.1(a)(2) and (3). Appellee's amended brief is identical in substance to the original brief on file; however, the

[ECF No. 30]. On September 11, 2023, Appellant filed its FRBP 8014(f) Citation of Supplemental Authority related to arguments put forth in Appellee's response brief. [ECF No. 31]. This appeal is fully briefed and ready for disposition. For the reasons stated herein, Appellant's appeal is denied.

## II.    BACKGROUND

This matter arises out of the Bankruptcy case of Christopher D. Wyman, who voluntarily filed for bankruptcy under chapter 7 in May of 2012. Michael Mason was appointed the duly qualified and acting Chapter 7 Bankruptcy Trustee while Appellant obtained a judgment against Wyman on behalf of Barbara Duggan, placing a judgment Lien against the real property located at 1011 Jones Rd., Howell, MI. 12-3348. Thereafter, Appellant was hired by Mason as special counsel and

---

amended brief corrects the font and formatting errors in ECF No. 29. On May 5, 2024, Appellant filed an objection to Appellee's amended brief, arguing that the amended brief is improper and requesting that it be stricken from the record. [ECF No. 37]. While Appellant is correct that Appellee's amended brief is improper, Appellant cites the wrong rules governing Appellee's amended brief. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings and provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. The Court may strike any redundant, immaterial, impertinent, or scandalous matter on its own or by motion by the opposing party within 21 days after being served with the pleading. Rule 12(f). While it is true that Appellee's amended brief was not timely, it is substantively identical to the original brief filed. Therefore, Appellant is not prejudiced by Appellee's amended brief and the Court, in its discretion denies Appellant's motion to strike.

initiated an adversary action to avoid a fraudulent transfer of the property from Wyman to Michelle Pichler in the name of Mason and Duggan as Plaintiffs. During the pendency of the adversary proceeding, Mason retired, and Samuel D. Sweet was appointed the chapter 7 Trustee and Appellant was later disbarred for Fraud and filing frivolous Claims unrelated to this matter.

In February of 2018, Pichler agreed to return the deed to the estate, resolving adversary proceeding 12-3348. In June of 2018, the real property located on Jones Rd. was sold for $65,000 to Diana Gentry with the approval of the Bankruptcy court. DE 212 – 12-32264. Notice was sent to all creditors including Appellant and Duggan who both timely objected. DE 185, 186 – 12-32264. Sale of the property closed on May 29, 2019, and Duggan and Appellant were paid the full amount of their claims together with interest.

Appellee filed an application for fees as attorney for the Trustee. On January 28, 2022, the Bankruptcy court approved Appellees application in the full amount of $21,800 and expenses just under $200. DE 346 – 12-32264. Appellant subsequently filed an application as special counsel for Trustee and requested $34,000.00 in fees. Appellant's application is still pending before the Bankruptcy court; however, the Bankruptcy court has made a partial ruling, finding that Appellant's fees should be reduced by the amount of fees approved for Appellee in completing the tasks that

Appellant was employed to accomplish and any fee amount should be capped at $21,000 or one third of the amounts collected.

Appellant now raises six issues on appeal challenging the rulings, local rules, and jurisdiction of the Bankruptcy court.

### III.  ANALYSIS

28 USC § 158(a) grants district courts jurisdiction to hear appeals from (1) final judgments, orders, and decrees, (2) interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title, and (3) with leave of the court, from other interlocutory orders and decrees. "For purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff*, 227 B.R. 476, 477 (6th Cir. BAP 1998). "Under 28 U.S.C. § 1292(b), a district court may hear an interlocutory appeal if '(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Romanzi*, No. 17-CV-12303, 2017 WL 3484495, at *1 (E.D. Mich. Aug. 15, 2017) quoting In *re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006).

Part VIII of the Federal Rules of Bankruptcy Procedure governs the procedures in a United States district court on appeal from a judgment, order or decree of a bankruptcy court. Fed. R. Bankr. P. 8001. Pursuant to Rule 8002(a)(1) a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed.

### A. Issue No. 1

Appellant first challenges the validity of Ed. Mich. LBR 2014-1(c), arguing that it contradicts Fed. R. Bank Pro. 5003(a), 9021, and 9029 by permitting appointment of an attorney for Trustee by "deemed order" without the entry of a written order. The Court agrees with Appellee that this first challenge relates to Appellee's application for fees. The Bankruptcy court entered its order approving Appellee's fees on January 28, 2022. DE 346. Further, the Bankruptcy Court noted in its opinion denying Appellant's same argument that Appellant could have raised this argument as early as 2014, but failed to do so. *In re Wyman*, No. 12-32264-DOF, 2023 WL 124612, at *3 (Bankr. E.D. Mich. Jan. 6, 2023). Appellant filed this appeal in January of 2023, about one year after the entry of the order approving Appellee's fees and nine years after the issue could have been raised. As such, Appellant has far surpassed the time to appeal the approval of Appellee's fees and the appeal as to this issue is denied.

### B.  Issue No. 2

Next, Appellant challenges the Bankruptcy Court's ability to use its discretion to approve the fees of special counsel retained under 11 U.S.C. 328. 11 U.S.C. 328(a) allows the trustee, with the court's approval, to hire a professional person under reasonable terms and conditions including on a retainer, hourly, or fixed basis, or contingency. The second part of section (a) specifically gives the court discretion to modify the compensation if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms. 11 U.S.C. 328(a). Appellant's disbarment during the pendency of the bankruptcy proceeding can only be described as being incapable of anticipation. At the time, Appellant had been practicing law for decades and authorized to do so at several levels of the judiciary. Therefore, the statute makes clear that Appellant is not entitled to "pre-approved" fees without review by the Bankruptcy court, as he argues. Appellant's appeal, to the extent it challenges the discretion of the Bankruptcy Court's determined fees, is denied.

### C.  Issue No. 3

Appellant's third issue again challenges the payment of administrative fees. Specifically, Appellant asserts that the proceeds of the sale of bankruptcy estate assets must be distributed to the lienholder in full before any payment of

administrative fees may be made. According to DE 78 – 20-03012, the lien of Duggan was paid in full on March 17, 2021, and Appellant does not have a separate claim. However, even if Appellant did have a separate claim, it would have expired long ago pursuant to Rule 8002(a). Appellant's appeal related to this issue is denied.

### D. Issue No. 4

Appellant argues that File Nos. 418 and 422 (amending DE 418) in adversary proceeding 12-03348 are void as a matter of law, because (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally defective" as they were entered in violation of Barbara Duggan's due process rights. File Nos. 418 and 422 represent an order and amended order by the Bankruptcy court setting aside a default judgment entered against Michelle Pichler due to Appellant's own fraud on the court. The initial matter was one to avoid a fraudulent transfer of property to Pichler. However, the Bankruptcy Court found that throughout the proceeding, Appellant filed fraudulent affidavits with the court to secure a default judgment against Pichler in the same proceeding. Therefore, the court vacated the default judgment and set it aside. Federal Rule of Bankruptcy Procedure 7055 states that Rule 55 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 55(c) states "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Therefore, both the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure

support the Bankruptcy Court's entry of DE 418 and 422. Appellant's appeal is denied on this point.

Appellant's argument that the entry of these orders went against Duggan's interest is equally unavailing. Duggan's interest was only compromised when Appellant committed fraud on the court, causing his disbarment. Duggan was afforded the opportunity to hire new counsel, which she did not, and was paid in full for her claim. *See* 20-03012.

### E. Issue No. 5

Appellant claims that the Bankruptcy Court erred in Adversary Proceedings 19-03018 and 20-03012 by granting Appellee's motion for summary judgment in 20-03012 and the Bankruptcy Court's alleged raising of the immunity defense asserted by Appellee in 19-03018. Again, Appellant's appeal is untimely. Appellant seeks relief from a December 28, 2022, order granting Appellee summary judgment yet no appeal was filed until January 23, 2024. A timely appeal should have been filed within fourteen days of the entry of the order pursuant to Rule 8002. Therefore, denial is appropriate.

### F. Issue No. 6

Last, Appellant, again, challenges the jurisdiction of the Bankruptcy Court to grant summary judgment in Case Nos. 19-03018 and 20-03012 because the counter

complaints in both cases presented affirmative claims arising under Michigan law that could not be resolved in the claims allowance process. See *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990) ("In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.") quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S., at 58–59, and n. 14, 109 S.Ct., at 2799–2800, and n. 14. Both proceedings being challenged relate directly to the disposition of the estate and fall within the purview of the Bankruptcy Court. Therefore, Appellant's appeal on this issue must fail.

## IV.   CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Appellant's Appeal [ECF No. 27] is DENIED.

IT IS FURTHER ORDERED that Appellant's Objection to Unauthorized Filing of DE 36 "Amended Appellee's Brief on Appeal," Date May 2, 2024, [ECF NO. 37] is DENIED.

SO ORDERED.

s/Denise Page Hood_____
Denise Page Hood
United States District Judge