UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APPEAL NO. 24-1945

DISTRICT COURT NO. 23-10171
HON. DENISE PAIGE HOOD

IN RE:
    CHRISTOPHER D. WYMAN
    *Debtor(s),*

BANK CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\

MICHAEL E. TINDALL,
    Appellant,
v.

SAMUEL D. SWEET,
    Appellee.

_____\

### KEY: DE - BANKRUPTCY COURT DOCKET ENTRY
### DC DE - DISTRICT COURT DOCKET ENTRY

### APPELLANT'S STATEMENT OF ISSUES
### ON APPEAL TO CIRCUIT COURT OF APPEAL

1. Whether, as a matter of law, ED Mich LBR 2014-1(c) authorizing the appointment of an ATTORNEY FOR TRUSTEE, by "**deemed order**", without formal entry of an order required under FRBP 5003(a), 9021 and 9029 is valid.

**APPELLANT ANS: NO  APPELLEE ANS: YES  BANK CT. ANS: YES
DC ANS: YES**

2. Whether, as a matter of law, 11 USC 328 gives a Bankruptcy Court "discretion" to review pre-approved contractual contingent attorney fees to special counsel, under 11 USC 330, where:

1

  a. No "**subsequent development**" to the retention is identified/proved; and/or

  b. No proof that any such "**subsequent development**" was "**incapable of being anticipated at the time the engagement was approved**" is made/established.

**APPELLANT ANS: NO APPELLEE ANS: YES BANK CT: ANS: YES**
**DC ANS: YES**

3. Whether, as a matter of law, a Bankruptcy Court can order a distribution of sale proceeds, secured by a state law lien transferred, in Bankruptcy Court, to the proceeds of sale, in a manner that does not follow the basic system of priority established by the Bankruptcy Code.

**APPELLANT ANS: NO  APPELLEE ANS: YES  BANK CT ANS: YES**
**DC ANS: YES**

4. Whether, as a matter of law, DE 422, entered October 13, 2017, by the Bankruptcy Court, is "VOID" as entered by a court without jurisdiction; and/or "structurally defective" for entry, in violation of an unrepresented litigant's due process rights.

**APPELLANT ANS: YES APPELLEE ANS: NO  BANK CT ANS: NO**
**DC ANS: NO**

5. Whether, as a matter of law, the "reasonable time" requirement in FRCP 60(c) [made applicable to bankruptcy by Fed. R. Bank 7016] applies to "VOID" orders that are entered by a court without jurisdiction; and/or "structurally defective" due to violation of an unrepresented litigant's due process rights.

**APPELLANT ANS: NO  APPELLEE: NO ANS  BANK CT ANS: YES**
**DC ANS: YES**

6. Whether, as a matter of law, FRCP 16(a), (c) and (f) [made applicable to bankruptcy by Fed. R. Bank. 7016] and FRCP 37(b) [made applicable to bankruptcy by Fed. R. Bank. 7037]:

2

(a) abrogate an unrepresented litigant's due process rights; and/or,

(b) may be applied to penalize an unrepresented litigant whose due process rights have been violated; and/or,

(c) may be applied to justify entry of an order the entering court has no jurisdiction to enter.

**APPELLANT ANS: NO  APPELLEE: NO ANS  BANK CT ANS: YES DC ANS: YES**

7. Whether, as a matter of law, the Bankruptcy Court erred by granting Summary Judgment to Appellee, on grounds of the affirmative defense "qualified immunity" or "derivative immunity", where the affirmative defense was waived three (3) years before [in Case No. 19-03018, DE 30] on April 9, 2019.

**APPELLANT ANS: YES APPELLEE: NO ANS  BANK CT ANS: NO DC ANS: NO**

8. Whether, as a matter of law, the Bankruptcy Court erred by permitting Appellee to rely, and, relying itself, on an affirmative defense of "immunity", as grounds for Summary Judgment, that:

   (a) DID NOT exist on the date the Summary Judgment motion was filed [Case No. 19-03018, DE 88, 9/20/22], having previously been waived April 9, 2019 [Case No. 19-03018, DE 30];

   (b) DID NOT exist on the date Appellant's response to the Summary Judgment motion was filed [Case No. 19-03018, DE 89, 10/12/22];

   (c) was NOT filed until October 21, 2022 [Case No. 19-03018, DE 93]; and,

   (d) was filed, as an amendment to Case No. 19-03018, DE 30, without first **seeking** and **obtaining** leave to do so, as required by FRCP 15(a) (2).

**APPELLANT ANS: YES APPELLEE: NO ANS  BANK CT ANS: NO DC ANS: NO**

3

9. Whether, as a matter of law, the Bankruptcy Court erred by raising the affirmative defense of "immunity" sua sponte, and, directing Appellee to file a summary judgment motion asserting it, on September 30, 2020 [Case No. 20-03012, DE 44, P 4, n 2], and, again, on March 17, 2021 [Case No. 20-03012, DE 79, P 2], after Appellee waived that affirmative defense, under FRCP 8(c) on March 16, 2020 [Case No. 20-03012, DE 25,26]:

   a. where Appellee failed to seek leave to amend his defenses, under FRCP 15(a)(2);

**APPELLANT ANS: YES  APPELLEE: NO ANS BANK CT ANS: NO DC ANS: NO**

10. Whether, the Bankruptcy Court erred, as a matter of law, by entering Summary Judgment, rather than submitting Findings of Fact and Conclusions of Law, on a **"statutory core"** matter over which the Bankruptcy Court – nonetheless – lacked Article III power to enter a final judgment in Case Nos. 19-03018 and 20-03012.

**APPELLANT ANS: YES APPELLEE: NO ANS  BANK CT ANS: NO DC ANS: NO**

11. Whether the Bankruptcy Court erred, as a matter of law, by denying Appellant's FRCP 59(e) motion to Alter/Amend the Summary Judgment.

**APPELLANT ANS: YES APPELLEE ANS: NO BANK CT ANS: NO DC ANS: NO**

12. Whether the District Court erred, as a matter of law, by denying Appellant's 28 USC 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33.

**APPELLANT ANS: YES  APPELLEE NO ANS: DIST CT ANS :NO**

4

Respectfully Submitted,

/S/
_____
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

Dated: 11/8/2024