UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APPEAL NO. 24-1945

DISTRICT COURT NO. 23-10171
HON. DENISE PAIGE HOOD

IN RE:
  CHRISTOPHER D. WYMAN
          *Debtor(s)*,

BANK CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\

MICHAEL E. TINDALL,
          Appellant,
v.

SAMUEL D. SWEET,
          Appellee.
_____\

## APPELLANT'S CERTIFICATE
## REGARDING TRANSCRIPTS ON APPEAL

The issues raised in this appeal are issues of law and, therefore, are to be reviewed *de novo*.[1] Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's or district court's determination.[2] The reviewing court decides the

---

[1] *See Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460 (6th Cir. 2010) (statutory interpretation and application reviewed *de novo*); *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894 (6th Cir. 2004) (application of judicial estoppel reviewed *de novo*); *Jones v. Hill (In re Hill)*, 811 F.2d 484, 485-86 (9th Cir.1987) (The validity of a local court rule is a question of law reviewed *de novo.)*

[2] *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

1

issues as if they had not been heard before.[3] No deference is given to the trial court's or district court's conclusions of law.[4] De novo review allows the reviewing court to examine the interpretation and application of the relevant statutes and rules independent of the determination of the bankruptcy court or the district court. Therefore, Appellant is not ordering any transcripts as none are necessary.

Respectfully Submitted,

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
Direct Email: met@comcast.net

Dated: 10/8/2024

---

[3] *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006).
[4] *Id.; Peerless Ins. Co. v. Miller (In re Miller)*, 228 B.R. 399, 400 (6th Cir. BAP 1999).

2